JAMES M. BRADEN (State Bar No. 102397)
601 Montgomery Street, Suite 315
San Francisco, CA 94111
Telephone: (415) 398-6865
Facsimile: (415) 788-5605
Email: Braden@sf-lawyer.com

Attorney for Plaintiff Ellen Williams

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELLEN WILLIAMS, also known as ELLEN GIRMA, an individual,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF PLEASANTON, CALIFORNIA;<br><br>POLICE DEPARTMENT OF THE CITY OF PLEASANTON, CALIFORNIA;<br><br>AND THE FOLLOWING INDIVIDUALS:<br><br>KATIE EMMET<br>ANTHONY PITTL<br>BARRY BOCCASILE<br>MICHAEL BRADLEY<br>ARIANNA WELCH FRANGIEH<br>ANITA GIRARD<br>MEGAN CLAIRE RAMSEY<br>DIANE DEL ROSARIO ESTRADA<br>EMILY NITRO<br>FRANZ HIMBA;<br><br>and DOEs, 1 through 100, inclusive,<br><br>Defendants | **Case No.:  3:20-cv-08720**<br><br>**COMPLAINT FOR DAMAGES FOR POLICE MISCONDUCT IN MAKING VIOLENT FALSE ARREST AND AGAINST CITIZENS FOR MAKING FALSE POLICE REPORTS THAT LED TO THE VIOLENT ARREST** |

1

Plaintiff, ELLEN WILLIAMS, also known as ELLEN PLAINTIFF, demands a trial by jury on all issues and causes of action and alleges as follows:

## JURISDICTION

1.     This section arises under 42 U.S.C. §1983. Jurisdiction is based on 28 U.S.C. §§ 1331 and 1343.

## INTRADISCTRICT ASSIGNMENT

2.     The claims alleged herein arose in the CITY OF PLEASANTON, State of California. Therefore, venue and assignment lies in the United States District Court for the Northern District of California, San Francisco or Oakland Divisions. 28 U.S.C. Section 1391 (b)(2).

## PARTIES

3.     Plaintiff, ELLEN WILLIAMS, is a resident of Alameda County, in the City of Dublin,  Plaintiff is also known by her name previous to marriage of Ellen Plaintiff.   Many of the police records related to the events described in this Complaint refer to her as Ellen Plaintiff.

4.     Defendant CITY OF PLEASANTON is, and at all times herein mentioned was, a municipal corporation duly organized and exiting under the laws of the State of California, located in Alameda County.

5.     Defendant POLICE DEPARMTENT OF THE CITY OF PLEASANTON is, and at all times herein mentioned was, an agency of Defendant CITY OF PLEASANTON.

6.     Defendant KATIE EMMET (hereinafter Defendant EMMET)  was at all times herein mentioned, a Police Officer for THE CITY OF PLEASANTON and is sued herein in her individual and official capacities.

7.    Defendant ANTHONY PITTL (hereinafter Defendant PITTL) was at all times herein mentioned, a Police Officer for the CITY OF PLEASANTON and is sued herein in his individual and official capacities.

8.    Defendant BARRY BOCCASILE  (hereinafter Defendant BOCCASILE) was at all times herein mentioned, a Police Officer for the CITY OF PLEASANTON and is sued herein in his individual and official capacities.

9.    Defendant MICHAEL BRADLEY  (hereinafter Defendant BRADLEY) was at all times herein mentioned, a Police Officer for the CITY OF PLEASANTON and is sued herein in his individual and official capacities.

10.    Defendant ARIANNA WELCH FRANGIEH (hereinafter Defendant FRANGIEH) is a Registered Nurse at ValleyCare Medical Center in the City of Pleasanton.

11.    Defendant ANITA GIRARD (hereinafter Defendant GIRARD) is the Chief Nursing Officer ValleyCare Medical Center.

12.    Defendant MEGAN CLAIRE RAMSEY (hereinafter Defendant RAMSEY) is a Medical Doctor at ValleyCare Medical Center.

13.    Defendant DIANNE DEL ROSARIO ESTRADA (hereinafter ESTRADA) is a Registered Nurse at ValleyCare Medical Center.

14.    Defendant EMILY NITRO (hereinafter Defendant NITRO is a Registered Nurse at ValleyCare Medical Center.

15.    Defendant FRANZ HIMBA (hereinafter Defendant HIMBA) is a Registered Nurse at ValleyCare Medical Center.

16.    Plaintiff is ignorant of the true names or capacities of defendants sued herein as DOES 1 through 100, inclusive, and therefore sues said defendants by such fictious names.

17.     Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes, and upon such information and belief alleges that each of the Doe defendants is legally responsible and liable for the incident, injuries and damages hereinafter set forth, and that each of said defendants proximately caused said incidents, injuries and damages by reason of their negligence, breach of duty, negligent supervision, management or control, battery, violation of constitutional rights, violation of public policy, false arrests, or by reason of other personal, vicarious or imputed negligence, fault, or breach of duty, whether severally or jointly, or whether based upon agency, employment, ownership, entrustment, custody, care or control or upon any other act or omission. Plaintiff will ask leave to amend this complaint to insert further charging allegations when such facts are ascertained.

18.     In doing the acts alleged herein, Defendants, and each of them, acted within the course and scope of their employment for the CITY OF PLEASANTON.

19.     In doing the acts or omissions alleged herein, Defendants, and each of them, acted under color of authority or color of law.

20.     In doing the acts or omissions alleged herein, Defendants, and each of them, acted as the agent, servant, employee, or in concert with each of said other Defendants herein.

## STATEMENT OF GENERAL BACKGROUND FACTS

21.     Plaintiff is informed and believes and thereon alleges that the CITY OF PLEASANTON Police Department maintained customs, policies or practices wherein CITY OF PLEASANTON Police Officers were encouraged, authorized or otherwise permitted to engage in civil rights violations against Black American citizens living, traveling or visiting in the CITY OF PLEASANTON, and were also encouraged, authorized or otherwise permitted to prepare and

file false police reports, fabricate evidence, subject such persons to excessive force and otherwise maliciously arrest individuals for crimes they did not commit.

22.     Plaintiff is further informed and believes and thereon alleges that the abuses in question were the product of a culture of tolerance within the CITY OF PLEASANTON Police Department. This culture is rooted in the deliberate indifference of high ranking City Officials, including, but not limited to Defendants DOES 1-100, or other high ranking Police Department officials or acting in concert with one another, who have routinely acquiesced in the misconduct and otherwise failed to take necessary measures to prevent and curtail such misconduct.

23.     Plaintiff is informed and believes and thereon alleges that Plaintiff suffered the violation of her constitutional rights as a result of customs, policies, patterns or practices of Defendant CITY OF PLEASANTON, Defendants DOES 1-100, and each of them, including, but not limited to, deliberate indifference in the hiring, supervision, training, and discipline of members of the Pleasanton Police Department, including, but not limited to, Defendants EMMET, PITTL, BOCCASILE, AND BRADLEY, and DOES 1-100, or each of them.

24.     Plaintiff is further informed and believes and thereon alleges that she suffered the violation of her constitutional rights as alleged herein as a result of customs, policies or practices of Defendant CITY OF PLEASANTON, Defendants DOES 1-100, or each of them, including customs, policies or practices of failing to ensure that officers were not encouraged by the training officers, in the academy and elsewhere to engage in acts of misconduct against citizens and to falsify reports and evidence; of failing to fully or fairly investigate alleged misconduct by its police officers; of failing to appropriately monitor or otherwise track complaints of misconduct against its police officers so that appropriate and timely disciplinary action or training could be taken when officers were shown to have a history of complaints; or of failing to

promptly remove or terminate officers who repeatedly violated the rights of citizens or engaged in the type of misconduct alleged herein.

25.    Plaintiff is informed and believes and thereon alleges that the aforementioned incidents were caused by the deliberate indifference of Defendants CITY OF PLEASANTON, DOES 1-100, or other high ranking Policed Department officials or supervisors, with regard to the need for more or different training or supervision or discipline of its police officers, including, but not limited to Defendants EMMET, PITTL, BOCCASILE, AND BRADLEY ROJAS, and DOES 1-100, or each of them.

26.    Plaintiff is further informed and believes and thereon alleges that she suffered violation of her  constitutional rights as a result of customs, policies, or practices of Defendant CITY OF PLEASANTON, DOES 1-100, and each of them, individually or acting in concert with one another, including, but not limited to, customs, policies or practices which encouraged, authorized or condoned false arrests, fabrication of evidence, falsification of police reports or other misconduct which foreseeably would result in the violation of the rights of citizens.

27.    Plaintiff is further informed and believes and thereon alleges that as a result of Defendant CITY OF PLEASANTON's policy of indifference, a custom or practice developed withing the Pleasanton Police Department whereby it was accepted practice for police officers to abide by a "Code of Silence." Under this Code, police officers charged with upholding the law routinely ignored or otherwise failed to report or take action against fellow police officers who engaged in misconduct, including, but not limited to, Defendants EMMET, PITTL, BOCCASILE, AND BRADLEY, and DOES 1-100 or each of them.

28.    Plaintiff is further informed and believes and thereon alleges that Defendants DOES 1-100, or each of them, tacitly or directly ratified, approved, condoned or otherwise

encouraged a pattern, practice, custom of policy of misconduct or civil rights violations by his subordinates, such as occurred in the instant case.

29.     Plaintiff is informed and believes and thereon alleges that prior to the subject incident, Defendants CITY OF PLEASANTON, DOES 1-100 or other high ranking members of the CITY OF PLEASANTON Police Department were on actual notice of problems with the accountability of City of Pleasanton Police Officers. including, but not limited to, problems in fully, fairly, and objectively investigating citizens' complaints concerning misconduct of members of the CITY OF PLEASANTON Police Department.

30.     Plaintiff is informed and believes and thereon alleges that as a result of customs, policies, practices or the lack thereof, Defendants CITY OF PLEASANTON, and other policy makers or high ranking supervisors of the CITY OF PLEASANTON Police Department (DOES 26-100 or each of each of them) have encouraged, authorized, ratified, condoned or have failed to remedy continuing acts of misconduct and civil rights violations, including, but not limited to, those which have resulted in the damage as alleged herein to the Plaintiff.

31.     Plaintiff is informed and believes and thereon alleges that the subject incident was the result of a custom, policy, pattern or practice of Defendant CITY OF PLEASANTON, or other members of the CITY OF PLEASANTON Police Department (DOES 26-100 or each of them) whereby Black American citizens, such as the Plaintiff, were singled out for disparate treatment and subjected to excessive force, false arrests or false imprisonments because of their race, gender or age.

32.     Plaintiff is further informed and believes and thereon alleges that despite having notice of customs, policies, patterns or practices by members of the CITY OF PLEASANTON Police Department wherein Black American citizens were repeatedly subjected to excessive

force, unreasonable searches and seizures, false arrests, false imprisonments and false criminal charges, Defendants CITY OF PLEASANTON or high ranking officials of the CITY OF PLEASANTON or CITY OF PLEASANTON POLICE DEPARTMENT (DOES 26-100 or each of them) have failed to take any or appropriate remedial action to prevent continuing misconduct by members of the CITY OF PLEASANTON Police Department.

## ALLEGATIONS CONCERNING THE PLAINTIFF'S SPECIFIC INCIDENT

33.     On November 14, 2019, Plaintiff was visiting her husband, Dr. Michael Williams, at ValleyCare Medical Center. Her husband, a prominent oncologist, had been hospitalized since November 3, 2019. He came in for what appeared to be pneumonia, then was diagnosed as having a congestive heart problem.  The ValleyCare cardiologist decided to have him undergo an angiogram procedure.

34.     During the procedure, which took place on November 6, 2019, Dr. Lai punctured her husband's femoral artery, resulting in profuse bleeding in his leg. Dr. Lai made other mistakes during the procedure, including causing  a piece of a device to break off in the artery. As a result of the mistakes, Plaintiff's husband developed a severe, life-threatening condition. He lost 4-5 units of blood.

35.      Dr. Lai refused to call a vascular specialist. He was apparently embarrassed and concerned about his mistakes. He admitted that he was supposed to have cataract surgery the day following the angiogram, as if this was somehow a valid excuse for his malpractice.

36.     Plaintiff and her husband wanted him to be transferred to another facility because they had no faith that ValleyCare would give him appropriate care.  They feared that ValleyCare

was intentionally not providing appropriate care in order to attempt to cover Dr. Lai's several mistakes.

37.     Dr. Williams' condition got worse in the ensuing days. His leg was very bloated. A physician colleague was visiting him and noticed that the leg was profusely bleeding.  The visitor panic-shouted for help, as he feared his friend was in grave danger.

38.     Plaintiff made clear to the hospital that she wanted her husband transferred to another facility. The hospital refused to cooperate to effectuate the transfer and hospital staff began abusing Dr. Williams. This abuse included forcing him to lie in his urine and feces and not cleaning him. When he called the nurses for help, they threw wipes at his face to humiliate him. Dr. Williams was not getting vital tests to monitor and ascertain why his blood clot was becoming enlarged, posing a threat of pulmonary embolism, which could be fatal.

39.     On November 19, 2019, Dr. Williams was placed in a broken chair with urine all over him. It was heartbreaking to Plaintiff to see her husband who treats cancer patients be so vulnerable and so demeaned. She asked an administrator at the hospital to please have the nurse clean him up. The nurse came over, threw a wipe at her husband and said, "Here, clean yourself up."  This nurse knew he was not ambulatory and could not clean himself up.

40.     When Plaintiff raised the concern that Dr. Williams was not receiving basic medical care and dignity, the hospital only wanted to discuss sending him to a nursing home with transition to hospice in order to die. This idea was rejected by Dr. Williams and Plaintiff.

41.     The hospital staff called the Pleasanton police and provided intentionally false information about Dr. Williams and his wife. This included defendant nurse Arianna Welch Frangieh alleging that Plaintiff used her shoulder to push Ms. Frangieh's shoulder so that Frangieh would get out of the way.  This was a completely false allegation. In a medical record

prepared by another nurse, that nurse recorded only that a curtain was closed and that Frangieh was touched in the process..  No indication was put in the record about Frangieh being touched intentionally. Frangieh later contradicted the witness in another report and wrote that Plaintiff "shoved her through the curtain". She told the police she was not injured.  Yet Frangieh later filed a fraudulent workers compensation claim that sought money for her non-existent injury.

42.    When Pleasanton police officer defendants herein Katie Emmet, Anthony Pittl, Barry Boccasile and Michael Bradley arrived, Plaintiff was calmly standing in the corner of her husband's hospital room. The officers informed her that she was being placed under a "citizen's arrest" that was being made by Ms. Frangieh. She explained that her husband was receiving abusive care, that he had been injured by the doctor who negligently performed the procedure, and that because she complained, the nursing staff was refusing to clean him.

43.    The officers told her that she was not to trespass on the hospital premises. She explained that her right and duty were to make medical decisions and Dr. Williams was under severe stress and unable to make his own decisions, and that Dr. Williams wanted her to be near him. Therefore she had to remain with him. Plaintiff attempted to explain the situation, that her husband as in dire medical condition and he was receiving abusive treatment from hospital staff. She said she would call her attorney for guidance.

44.    The officers then grabbed Plaintiff and slammed her to the floor. Plaintiff is 5 feet 2 inches in height and was wearing high heels. The male officers are, based on information and belief, approximately 6 feet in height, and they are strong. They handcuffed her while she was on the floor, putting their weight hard on her body. They demanded that she stand up, but she was in too much pain. They grabbed her and pulled her up, forcing her to stand when it was painful. They then took her to the county jail. Officer Katie Emmet twisted Plaintiff's  arm and caused a

sprain, swelling and tear of tissue/ligaments to her wrists and hands. She continued to roughly treat Plaintiff and twist her arms while she was already in pain from the injuries that Emmet inflicted. To further demean Plaintiff, Emmet demanded that she take off her shoes and Plaintiff had to walk barefoot on dirty floors.

45.    As a result of the excessive force used, she sustained injuries to the spine, a right knee fracture and meniscus tear and a left-hand fracture and soft-tissue injuries.

46.    Plaintiff was charged with resisting arrest pursuant to Penal Code section 148(a)1) as a result of fabricated accounts of the incident by officers and was forced to defend herself in court against said charges.

47.    However, the District Attorney, after carefully studying the case told Plaintiff's criminal defense attorney that the case did not have sufficient merit to be worth pursuing.   The District Attorney therefore dismissed the case with prejudice. This was a favorable termination on the merits.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

(42 U.S.C. SECTION 1983)

(AGAINST DEFENDANTS EMMET, PITTL, BOCCASILE, AND BRADLEY and DOES 1-100)

48.    Plaintiff incorporates by reference and realleges herein Paragraphs 1-47.

49.    In doing the acts of complained of herein, Defendants , EMMET, PITTL, BOCCASILE, AND BRADLEY DOES 1 through 20, or each of them, individually or while acting in concert with one another, did act under color of state law to deprive Plaintiff as alleged heretofore of certain constitutionally protected rights, including, but not limited to:

11

(a)     the right not to be deprived of liberty without Due of Law;

(b)     the right to be free from unreasonable search or seizure; or

(c)     the right to equal protection of the law.

50.     Said rights are substantive guarantees under the Fourth or Fourteenth Amendments to the United States Constitution.

WHEREFORE, Plaintiff prays for relief as hereinafter wet forth.

## SECOND CLAIM FOR RELIEF

(42 U.S.C. Section 1983)

(AGAINST THE CITY OF PLEASANON AND THE POLICE DEPARTMENT OF THE CITY OF PLEASANTON, and DOS 21-100)

51.     Plaintiff incorporates by reference and realleges herein here Paragraphs 1 through 50.

52.     As against Defendants CITY OF PLEASANTON POLICE DEPEARTMENT OF THE CITY OF PLEASANTON and DOES 21-100, Plaintiff further alleges that the acts or omissions stated  in the Complaint herein are indicative and representative of a repeated course of conduct by members of the City of Pleasanton Police Department, and are thus tantamount to a custom, policy or repeated practice of condoning and tacitly encouraging the abuse of police authority, and disregard for the constitutional rights of citizens in Pleasanton.

53.     Plaintiff is further informed and believes and thereon alleges that the acts or omissions alleged herein are the proximate result of a custom, policy, pattern or practice of deliberate indifference by the CITY OF PLEASANTON to the repeated violations of the constitutional rights of citizens of the CITY OF PLEASANTON police officers, which have included, but are not limited to, repeated false arrests, repeated false imprisonments, the repeated

use of excessive force, denial of equal protection of the law based on race, gender or age, and other repeated violations of the constitutional rights of the citizens of Oakland.

54.     Plaintiff is further informed and believes and thereon alleges that the damages sustained herein were the proximate result a custom, policy, pattern, or practice of deliberate indifference by the City of Pleasanton to the repeated violations of the constitutional rights of citizens by City of Pleasanton police officers.  These have included, but were not limited to, repeated false arrests, repeated false imprisonments, repeated use of excessive force, denial of equal protection of the law based on race, gender or age, and other repeated violations of the constitutional rights of citizens in Pleasanton.

55.     Plaintiff is further informed and believes and thereon alleges that the damages sustained herein were the proximate result of customs, policies or practices which included, but not limited to, failure to adequately or appropriately hold officers accountable for their misconduct, failure to properly and fairly investigate complaints about officers' misconduct, failure to enact policies to ensure adequate or appropriate oversight of officers to prevent continuing violations of the rights of citizens, failure to properly train or discipline officers, failure to adequately or properly supervise officers, and failure to adopt an appropriate early warning system, policies and customs.  All these failures  encouraged officers to target certain groups of citizens for aggressive police tactics or other customs or policies which caused or contributed to, the violation of the rights of citizens by members of the CITY OF PLEASANTON Police Department.

56.     The aforementioned deliberate indifference, customs, policies or practices of Defendant CITY OF PLEASANTON or DOES 21-100 or each of them, resulted in the deprivation of Plaintiff's constitutional rights including, but not limited to the following:

(a)      the right not to be deprived of liberty without Due Process of Law;

(b)      the right to be free from unreasonable searches or seizures; or

(c)      the right to equal protection of the law.

57.      Said rights are substantive guarantees under the Fourth or Fourteenth Amendments to the United States Constitution.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### THIRD CLAIM FOR RELIEF

(NEGLIGENCE)

(AGAINST DEFENDANTS EMMET, PITTL, BOCCASILE, AND BRADLEY, CITY OF PLEASANTON, POLICE DEPARTMENT OF CITY OF PLEASANTON, and DOES 1-100,)

58.      Plaintiff incorporates by reference and realleges herein Paragraphs 1-57.

59.      Defendants, EMMET, PITTL, BOCCASILE, AND BRADLEY, and  DOES 1-100, individually or acting in concert and while acting withing the course and scope of their employment for Defendants CITY OF PLEASANTON and POLICE DEPARTMENT OF THE CITY OF PLEASANTON, owed Plaintiff a duty to use due care at or about the times of the aforementioned incidents.

60.      In doing the aforementioned acts or omissions, said Defendants or each of them, individually or while acting in concert with one another, negligently breached said duty to use due care, directly and proximately resulting in he injuries and damages to the Plaintiff as alleged herein.

61.      Defendants CITY OF PLEASANTON and POLICE DEPARTMENT OF THE CITY OF PLEASANTON, are  therefore liable by the doctrine of *respondeat superior* for the

negligence of their employees and agents within the course and scope of their employment and as alleged herein.

62.     As a result of the negligence of Defendants, and each of them, Plaintiff suffered the damages and injuries as alleged heretofore in this Complaint.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## FOURTH CLAIM FOR RELIEF

(FALSE ARREST/FALSE IMPRISONMENT)

(AGAINST DEFENDANTS EMMET, PITTL, BOCCASILE, AND BRADLEY, CITY OF PLEASANTON, POLICE DEPARTMENT OF CITY OF PLEASANTON, and DOES 1-100,)

63.     Plaintiff incorporates by reference and realleges paragraphs 1 through 62.

64.     Defendants EMMET, PITTL, BOCCASILE, AND BRADLEY, and DOES 1 through 100, individually or acting in concert with one another, arrested and imprisoned the Plaintiff without reasonable or probable cause to believe that she committed any crime.

65.     The acts or omissions of said Defendants or each of them, individually or while acting in concert with one another, as alleged herein, were done within the course and scope of their employment for defendants CITY OF PLEASANTON and POLICE DEPARTMENT OF CITY OF PLEASANTON.   Those two defendants are, therefore, liable for said false arrest or false imprisonment as *respondeat superior*.

66.     As a result of the false arrest or false imprisonment by said Defendants, and each of them, Plaintiff suffered the damages and injuries alleged heretofore in this Complaint.

67.     The conduct of said Defendants or each of them, as alleged herein was intentional, malicious, or oppressive. As a result, Plaintiff is entitled to an award of punitive and

exemplary damages against said Defendants or each of them, in amounts to be determined according to proof.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## FIFTH CLAIM FOR RELIEF

(FALSE ARREST/FALSE IMPRISONMENT)

(Against Defendant FRANGIEH)

68.   Plaintiff incorporates by reference and realleges paragraphs 1 through 67.

69.   Defendant FRANGIEH carried out a so-called Citizen's Arrest of and against Plaintiff by instructing the police officer defendants herein to physically restrain and hold, meaning to arrest, and then to take into custody, meaning to imprison, the Plaintiff.   The police officer defendants acted as though they had little or no discretion in carrying out Frangieh's order or instruction.

70.   This so-called Citizen's Arrest was conduct (action) by Frangieh against Plaintiff, not speech in the form of a mere report or complaint or allegation to the police concerning Plaintiff.  As conduct, as opposed to speech, Frangieh's actions are not protected by or subject to the Anti-SLAPP Motion to Strike procedure.

71.   As a result of the false arrest and false imprisonment by Frangieh, Plaintiff suffered the damages and injuries alleged heretofore in this Complaint.

72.   The conduct of Frangieh, as alleged herein, was intentional, malicious, or oppressive. As a result, Plaintiff is entitled to an award of punitive and exemplary damages against Frangieh in amounts to be determined according to proof.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### SIXTH CLAIM FOR RELIEF

(BATTERY)

(AGAINST ALL  DEFENDANTS and DOES 1-100)

73.     Plaintiff incorporates by reference and realleges herein Paragraphs 1 through 72.

74.     In doing the acts alleged in this Complaint, all Defendants, either individually or while action in concert with one another, caused Plaintiff to be subjected to non-consensual, non-privileged, offensive touching of the Plaintiff's body, which constituted Battery.

75.     As a result of said battery, Plaintiff suffered the damages and injuries alleged in this complaint.

76.     Said Battery was directly caused by the police officer defendants, with the cooperation, instigation and assistance of the non-government citizen defendants.  The police officers were acting within the course and scope of their employment with Defendants CITY OF PLEASANTON and POLICE DEPARTMENT OF THE CITY OF PLEASANTON.  These employer Defendants are therefore liable for said Battery by the doctrine of  *respondeat superior*.

77.     As a result of the Battery by said Defendants, and each of them, Plaintiff suffered the damages and injuries alleged heretofore in this Complaint.

78.     The conduct of said Defendants or each of them, as alleged herein was intentional, malicious, or oppressive. As a result, Plaintiff is entitled to an award of punitive and exemplary damages against said Defendants or each of them, in amounts to be determined according to proof.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**SEVENTH CLAIM FOR RELIEF**

(CAL. CIVIL CODE SECTION 51.7)

(AGAINST ALL DEFENDANTS and DOES 1-100)

79.     Plaintiff incorporates by reference and realleges herein paragraphs 1 through 78

80.     In doing the acts or omissions as alleged herein, all Defendants caused the Plaintiff to be subject to force or violence because of her race or gender.

81.     As a result, Plaintiff is entitled to relief under California Civil Code Section 51.7, including, but not limited to, compensatory damages, statutory damages, punitive damages, attorneys' fees and costs in amounts to be determined according to proof.

82.     The acts of omissions of the police officer Defendants, and each of them, were within the course and scope of their employment for Defendants CITY OF PLEASANTON and the POLICE DEPARTMENT OF THE CITY OF PLEASANTON, thus making those employer defendants liable by the doctrine of *respondeat superior*.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**EIGHTH CLAIM FOR RELIEF**

(CAL. CIVIL CODE SECTION 52.1)

(AGAINST ALL DEFENDANTS and DOES 1-100)

83.     Plaintiff incorporates by reference and realleges herein Paragraphs 1 through 82

84.     In doing the acts or omissions as alleged herein, all Defendants caused the Plaintiff to suffer the violation of her rights guaranteed by the United States Constitution and the California Constitution.

85.     As a result, Plaintiff is entitled to relief under California Civil Code Section 52.1, including, but not limited to, compensatory damages, statutory damages, punitive damages against named defendants, attorneys' fees, and costs in amounts to be determined according to proof.

86.     The acts of omissions of the police officer Defendants, and each of them, were within the course and scope of their employment for Defendants CITY OF PLEASANTON and the POLICE DEPARTMENT OF THE CITY OF PLEASANTON, thus making those employer defendants liable by the doctrine of *respondeat superior*.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth

### NINTH CLAIM FOR RELIEF

(NEGLIGENT HIRING, SUPERVISION, TRAINING OR DISCIPLINE)

(AGAINST DEFENDANTS CITY OF PLEASANTON and POLICE DEPARTMENT

OF CITY OF PLEASANTON and, DOES 1-100)

87.     Plaintiff incorporates by reference and realleges Paragraphs 1 through 86.

88.     At all times mentioned herein, Plaintiff is informed and believes and thereon alleges that Defendants CITY OF PLEASANTON and POLICE DEPARMTENT OF THE CITY OF PLEASANTON, and DOES 1-100 or each of them, had a duty to use reasonable care with respect to the hiring, supervision, training or discipline of members of the CITY OF PLEASANTON Police Department, including, but not limited to,  Defendants  EMMET, PITTL, BOCCASILE, AND BRADLEY, in order  to avoid foreseeable injury and damages to members of the public, such as the Plaintiff.

89.     Plaintiff is informed and believes and thereon alleges that defendants CITY OF PLEASANTON and POLICE DEPARTMENT OF THE CITY OF PLEASANTON, and DOES 1 to100, negligently breached said duty to use reasonable care in the hiring, training, supervision

or discipline of members of the CITY OF PLEASANTON Police Department, including, but not limited to, Defendants EMMET, PITTL, BOCCASILE, AND BRADLEY,, resulting in the damages and injuries sustained by Plaintiff in this Complaint.

90.     Defendants CITY OF PLEASANTON and POLICE DEPARTMENT OF THE CITY OF PLEASANTON, are liable by the doctrine of *respondeat superior* for the negligence of their   employees and agents, including Defendants EMMET, PITTL, BOCCASILE, AND BRADLEY, within the course and scope of their employment and agency as alleged herein.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## TENTH CLAIM FOR RELIEF

(MALICIOUS PROSECUTION)

(AGAINST DEFENDANTS FRANGIEH, GERARD, RAMSEY, ESTRADA, NITRO, and HIMBA)

91.     Plaintiff incorporates by reference and realleges Paragraphs 1 through 90.

92.     Defendants  Frangieh, Gerard, Ramsey, Estrada, Nitro, and Himba, all gave false information about Plaintiff to the police officer defendants, which resulted in the police officers  arresting, imprisoning, and prosecuting Plaintiff for alleged criminal acts.

93.     That criminal prosecution was terminated by the District Attorney in Plaintiff's favor.

94.     These defendants acted with malicious intent.

95.     No reasonable person in defendants' circumstances would have believed there were reasonable grounds to have Plaintiff arrested, imprisoned, and prosecuted.

96.     As a result of the Malicious Prosecution by said Defendants, and each of them, Plaintiff suffered the damages and injuries alleged heretofore in this Complaint.

97.     The conduct of said Defendants or each of them, as alleged herein was intentional, malicious, or oppressive. As a result, Plaintiff is entitled to an award of punitive and exemplary damages against said Defendants or each of them, in amounts to be determined according to proof.

## STATEMENT OF DAMAGES

98.     Plaintiff incorporates by reference and realleges herein Paragraphs 1 through 97.

99.     As a result of the acts or omissions of Defendants and each of them, as alleged herein, Plaintiff suffered damages, including, but not limited to:

a. General damages, including, but not limited to, past present and future damages for pain, suffering, emotional distress or loss of liberty in amounts to be determined according to proof:

b. Special damages, including, but not limited to, past, present or future medical and related expenses, lost wages, damage to career or other special damages in amount to be determined according to proof.

100.     The acts or omissions of the individual Defendants were intentional, malicious, oppressive or done with a conscious or reckless disregard for the rights of the Plaintiff. Accordingly, Plaintiff prays for an award of punitive and exemplary damages in amounts to be determined according to proof.

101.     Plaintiff will also be entitled to and award of attorneys' fees and costs pursuant to statute(s) in the event that she is the prevailing party in this action under 42 U.S.C. Section 1983 or under other statutes or laws.

102.    Plaintiff will also be entitled to an award of statutory damages, attorneys' fees and costs pursuant to California Civil Code Sections 51.7, 52 or 52.1 in the event that she is the prevailing party in this action.

**COMPLIANCE WITH GOVERNMENT TORT CLAIM REQUIREMENT**

103.    Prior to commencing this litigation, Plaintiff presented a timely Tort Claim to the CITY OF PLEASANTON pursuant to the California Tort Claims Act. That Claim was rejected by a letter that was mailed  on June 9, 2020 by Acclamation Insurance Management Services, the agent for the CITY OF PLEASANTON,  which mailing date  was within six months of the filing of this Complaint on December 9, 2020..

**JURY TRIAL DEMAND**

104.    .Plaintiff hereby demands a jury trial.

PRAYER

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1.      General damages in amounts to be determined according to proof;

2.      Special damages in amounts to be determined according to proof;

3.      Statutory damages pursuant to California Civil Code Sections 51.7, 52, or 52.1;

4.      Attorneys' fees pursuant to statutes;

5.      Costs of the suit;

6.      Punitive and exemplary damages in amounts to be determined according to proof as to the individual defendants;

7.      For pre and post judgement interest as permitted by law;

8.      For such other and further relief as the Court may deem just and proper.

## **CERTIFICATION OF INTERESTED PARTIES OR PERSONS**

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties there is no such interest to report.


Dated:  December 9, 2020                    LAW OFFICE OF JAMES M. BRADEN


_____/s/ James Braden_____

Attorney for Plaintiff Ellen Williams