NOAH G. BLECHMAN (State Bar No. 197167)
noah.blechman@mcnamaralaw.com
DARRA M. LANIGAN (State Bar No. 335125)
darra.lanigan@mcnamaralaw.com
MCNAMARA, NEY, BEATTY, SLATTERY,
BORGES & AMBACHER LLP
3480 Buskirk Avenue, Suite 250
Pleasant Hill, CA 94523
Telephone: (925) 939-5330
Facsimile: (925) 939-0203

Attorneys for Defendants
CITY OF PLEASANTON, PLEASANTON POLICE
DEPARTMENT, OFFICERS KATIE EMMET, ANTHONY
PITTL, BARRY BOCCASILE, AND MICHAEL BRADLEY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELLEN WILLIAMS, also known as ELLEN GIRMA, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF PLEASANTON; a municipal corporation; CITY OF PLEASANTON POLICE DEPARTMENT, an agency; KATIE EMMETT, ANTHONY PITTL, BARRY BOCCASILE, MICHAEL BRADELY, ARIANNA WELCH FRANGIEH, ANITA GIRARD, MEGAN CLAIRE RAMSEY, DIANE DEL ROSARIO ESTRADA, EMILY NITRO, and FRANZ HIMBA, individually; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 3:20-CV-08720 WHO<br><br>**REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PORTIONS OF PLAINTIFF'S COMPLAINT PURSUANT TO FRCP 12(B)(6)**<br><br>Date: August 11, 2021<br>Time: 2:00 p.m.<br>Dept: via Zoom<br>Judge: Hon. William H. Orrick |

## I. INTRODUCTION

Notably, a large portion of Plaintiff's Opposition relies on factual assertions made in the Opposition never alleged in the Complaint. These statements should be ignored by the Court. *Schneider v. Calif. Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) ("In determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss"). Plaintiff's arguments in her Opposition are as conclusory are the allegations in her Complaint. Moreover, Plaintiff's reliance on an order denying defendants' motion to dismiss *Monell*-related claims in *Bauer v. City of Pleasanton*, a factually unrelated in-custody **death** case is bewildering. Further, after the *Bauer* plaintiffs engaged in costly, time consuming *Monell* related discovery, their *Monell* claims were dismissed by order of the Court following defendants' motion for summary judgment. Defendants' Motion to Dismiss ("Motion") should be granted in full. Plaintiff has not demonstrated any ability to amend to state plausible claims as such Plaintiff should not be granted leave to amend. Instead, this Motion should be granted without leave to amend.

## II. LEGAL ARGUMENTS

### A. Plaintiff Has Failed to Establish the Pleasanton Police Department is Independent and not Redundant to Suing the City

As stated in Defendants' Motion, sub-departments or bureaus of municipalities, such as the police departments, are not generally considered "persons" within the meaning of 42 U.S.C. § 1983. Defendants did not argue that Pleasanton Police Department ("PPD") is not subject to suit simply because they are a sub-agency, instead Defendants argued that if Plaintiff intends to sue separate agencies of the City of Pleasanton as independent entities, it is her burden to establish the parties are not redundant. Plaintiff's Opposition misconstrues Defendants' argument to dismiss the redundant PPD party and makes no effort to argue how the City and PPD are not duplicative.

Under the line of reasoning highlighted by Plaintiff, PPD is a separately suable entity. *Shaw v. State of Cal. Dept. of Alcoholic Beverage Control*, 788 F.2d 600, 604 (9th Cir. 1986). However, Plaintiff's claims against both PPD and the City arise from the same facts and are duplicative. Thus, dismissal of plaintiff's claims against the PPD is warranted. *See Daniel v. City*

McNAMARA, NEY, BEATTY, SLATTERY, BORGES & AMBACHER LLP
ATTORNEYS AT LAW
3480 BUSKIRK AVENUE, SUITE 250, PLEASANT HILL, CA 94523
TELEPHONE: (925) 939-5330

*of Glendale*, 2015 U.S. Dist. LEXIS 186128, at *8-9 (C.D. Cal. Mar. 19, 2015); *see also Linder v. City of Emeryville*, 2013 U.S. Dist. LEXIS 113535, at *3 (N.D. Cal. Aug. 6, 2013) ("[T]he police department is a separate entity that is subject to suit, although claims against it are duplicative of claims against the city."); *Herrera v. City of Sacramento*, 2013 U.S. Dist. LEXIS 109119, 2013 WL 3992497, at *2 (E.D. Cal. Aug. 2 2013) (dismissing claims against a city police department as "redundant" of claims against the city); *cf. Luke v. Abbott*, 954 F. Supp. 202, 204 (C.D. Cal. 1997) (explaining that where a municipality can be sued directly under section 1983, "it is no longer necessary or proper to name as a defendant a particular local government officer acting in official capacity. To do so only leads to a duplication of documents and pleadings, as well as wasted public resources for increased attorney's fees."). PPD is a redundant party to the City and should be dismissed from this suit.

### B. **Plaintiff's *Monell* Claims Should be Dismissed Without Leave to Amend**

"'Without notice that a course of training is deficient in a particular respect, decision makers can hardly be said to have deliberately chosen a training program that will cause violations of constitutional rights.'" *Sweiha v. Cty. of Alameda*, 2019 U.S. Dist. LEXIS 170552, at *9 (N.D. Cal. 2019). "Thus, 'a pattern of similar constitutional violations by untrained employees is ordinarily necessary to demonstrate deliberate indifference for purposes of failure to train," and to show a longstanding practice amounting to an unconstitutional practice or custom. *Id.* There is no relaxed pleading standard for pleading *Monell* claims. *A.E. v. County of Tulare*, 666 F.3d. 631, 637 (9th Cir. 2012) (The Ninth Circuit clarified that the pleading standard articulated in *Starr v. Baca*, 652 F.3d 1202 (9th Cir. 2011), extends to *Monell* claims.). Moreover, pleadings based on "information and belief," are considered conclusory in the Ninth Circuit and thus insufficient to support a plausible pleading. *Sweiha*, 2019 U.S. Dist. LEXIS 170552, at *12 n.27*, citing Wilson v. Town of Danville*, 2017 U.S. Dist. LEXIS 82401, at *2-4 (N.D. Cal. 2017) (dismissing claims based on information and belief as conclusory). The factual allegations in the Complaint "must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr*, 652 F.3d at 1216. Plaintiff has not met this burden and should not be permitted to embark on fishing expedition for *Monell* discovery.

Plaintiff's arguments regarding the sufficiency of her *Monell* unconstitutional practice, failure to train, and ratification claims, <u>all rely on a conclusory assertion that she has alleged a longstanding pattern of similar constitutional violations</u> such that the City should have been on notice of the unconstitutional practice, need to re-train, and need to discipline. This is not true. To plead a *Monell* claim through a "longstanding practice or custom," the "practice or custom must consist of more than 'random acts or isolated events' and instead, must be the result of a "permanent and well-settled practice.'" *Sweiha*, 2019 U.S. Dist. LEXIS 170552, at *8-9 (citing *Parker*, 2017 WL 2986225, at *5 and *Thompson v. City of Los Angeles*, 885 F.2d 1439, 1443-44 (9th Cir. 1998). "[T]he custom must be so 'persistent and widespread' that it constitutes a 'permanent and well settled city policy." *Sweiha*, 2019 U.S. Dist. LEXIS 170552, at *8-9, citing *Leon v. Hayward Bldg. Dep't*, 2017 U.S. Dist. LEXIS 120006, 2017 WL 3232486, at *3 (N.D. Cal. 2017); *Hunter v. Cty. of Sacramento*, 652 F.3d 1225, 1233 (9th Cir. 2011)).

In her Opposition, Plaintiff maintains that she has alleged specific facts sufficient to demonstrate a *longstanding* pattern, practice or custom because she has alleged "an ominous litany of recent instances cases [sic] of Pleasanton police officers using excessive force in making arrest" ECF 51, Plaintiff's Opposition, 6:18-20. Plaintiff's Complaint contains none of these rather vague allegations, however, in her Opposition Plaintiff appears to recognize her need to plead similar incidences in order to establish a pattern of *similar* unconstitutional violations demonstrating the City knew but consciously disregarded the unconstitutional practice.

As explained in *Estate of Mendez v. City of Ceres*, 390 F. Supp. 3d 1189, 1208 (E.D. Cal. 2019) not only does a plaintiff at the pleading stage need to show that the incidents are "<u>sufficiently similar **to the averred circumstances**</u> of [the incident of excessive force at issue in the suit]," but the plaintiff must also demonstrate that the incidents are similar enough to "constitute a pattern of violations rather than isolated incidents to which policymakers failed to respond or inadequately responded." (emphasis added). This is **"because the alleged pattern of prior, similar constitutional violations is the linchpin to Plaintiffs'** *Monell* **claim for inadequate training or supervision [and "improper custom"]**." *Id*. at 1208 (emphasis added).

Plaintiff has not and cannot show that <u>two prior shooting deaths and one prior in-custody</u>

death involving alleged restraint asphyxia are remotely similar to the facts alleged in Plaintiff's Complaint. Moreover, even if Plaintiff amended her Complaint to include these allegations, these unrelated in custody deaths cannot be said to have placed the City on notice of a pattern of *similar constitutional violations by its employees*.

In *Estate of Mendez*, (in which Decedent was shot by officers after fleeing from her vehicle following a vehicle pursuit) plaintiffs alleged, just as Plaintiff alleges here, that several incidents of alleged use of excessive force by City of Ceres police officers were similar enough to constitute a pattern of unconstitutional violations, even though only one of the five incidents they pointed to allege a person was fatally shot by City of Ceres police officers. The *Estate of Mendez* Court explicitly dismissed the plaintiffs' *Monell* claims, without leave to amend, noting that not only did the plaintiffs fail to plead the "context" of the incidences and other facts, **but also that the incidences were "factually distinct circumstances" involving "other sets of facts."** *Estate of Mendez*, 390 F. Supp. 3d at 1211 (emphasis added). That is the case here.

Moreover, the plaintiff in *Sweiha,* alleged excessive force was used when police officers deployed a police canine unit against plaintiff. *Sweiha*, 2019 U.S. Dist. LEXIS 170552, at *3 (N.D. Cal. 2019). In his Complaint, plaintiff alleged *Monell* violations based on several other incidents involving the County of Alameda, including: (1) a 2010 settlement by the County in a case where it was alleged deputies piled on top of and suffocated an inmate to death (and the same deputy was sued for allegedly beating an unarmed woman); (2) a January 2018 incident in which a County deputy was arrested for retaliating against an inmate by allowing other inmates to beat him; (3) allegations that two County deputies convinced another inmate to throw feces and urine on another prisoner in November 2016; (4) allegations that three County deputies were recently arrested for intimidation and conspiracy to obstruct justice; and (5) allegations that in 2017, the County paid millions of dollars when deputies were video-taped striking a man who was surrendering with a baton. *Sweiha*, 2019 U.S. Dist. LEXIS 170552, at *5.

Like Plaintiff here, the *Sweiha* plaintiff alleged that his experience and the five others showed a pattern and practice of encouraging and condoning abuse of police authority. *Id.* The Court disagreed, holding: "They do not." The Court explained that the "five incidents have

1 markedly different facts," and noted that "in any event" they "do not show a custom [that is] so
2 'persistent and widespread' that it constitutes a 'permanent and well settled city policy,' as opposed
3 to [i]solated or sporadic incidences, [which] will not support *Monell* liability against a
4 municipality." *Sweiha*, 2019 U.S. Dist. LEXIS 170552, at *12, citing *Leon*, 2017 WL 3232486, at
5 *3 and *Estate of Mendez*, 390 F. Supp. 3d at 1208 ("[T]he identified deficiency in a local
6 governmental entity's training program must be closely related to the ultimate injury."). The same
7 is true here. Oddly, Plaintiff appears to ask the Court to ignore the fact that the three other cases
8 involved individuals suffering from mental health issues and that those cases involved in-custody
9 deaths, facts which clearly show that the incidents are distinguishable and did not involve *similar*
10 constitutional violations as alleged here. Plaintiff has not demonstrated that the alleged prior
11 incidents have sufficiently similar facts such that the City should have been on notice of a pattern
12 of similar constitutional violations by its employees (nor the need to retrain or discipline). On the
13 contrary, the facts presented by Plaintiff in her *Opposition* (which should be ignored per *Schneider*
14 *v. Calif. Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998)) demonstrate that the two prior
15 officer involved shootings and one prior alleged restraint asphyxia death are isolated incidents.

16 Similarly, Plaintiff's Ratification claim relies on her assertion that she has pointed to other
17 similar incidents of constitutional violations. Plaintiff has failed to make specific factual allegations
18 in her Complaint, however, and like Plaintiff's other arguments regarding the sufficiency of her
19 *Monell* claims, her Ratification theory is fatally conclusory and fails to rebut the case law cited by
20 Defendants.

21 Just as the Court in *Estate of Mendez* did not provide leave to amend the *Monell* claims due
22 to the factual distinctions between the incidences, the Court here should not provide Plaintiff leave
23 to amend. Leave to amend is futile since, even if Plaintiff amends her Complaint to allege specific
24 facts about the shooting death incidents and the alleged positional asphyxia death, these in-custody
25 death incidents will still be factually distinct from this incident in which Plaintiff is alleging
26 occurred. Moreover, Plaintiff did not point to any further facts they could potentially plead to make
27 these *Monell* claims plausible, despite requesting leave to amend. As such, the Court should deny
28 the Plaintiff's conclusory request and grant Defendants' Motion in full, without leave to amend.

REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION
TO DISMISS PORTIONS OF PLAINTIFF'S COMPLAINT
PURSUANT TO FRCP 12(b)(6), 3:20-CV-08720 WHO      5

### C. Plaintiff Does Not Address the Negligent Hiring And Training State Law Claim in Her Opposition, Nevertheless it Should Be Dismissed

Plaintiff does not appear to oppose Defendants' Motion to dismiss her ninth cause of action for negligent hiring and supervision as she makes no effort to address the claim in her Opposition, let alone address the case law cited by Defendants' establishing there is no cause of action under state law for direct liability claims for negligent hiring and supervision.

In both the Complaint and Opposition, Plaintiff appears to ignore that there is no cause of action vicarious liability against a public entity for negligent hiring and supervision. *Hardin v. Mendocino Coast Dist. Hosp.*, 2018 U.S. Dist. LEXIS 100238, at *29-30 (N.D. Cal. 2018). In *Hardin,* the Northern District held explicitly that, "Section 815.2(a) does not apply to the negligent supervision, hiring, and retention claim because "[l]iability for negligent supervision and/or retention of an employee is one of direct liability for negligence, not vicarious liability." *Id.* citing, *Delfino v. Agilent Techs., Inc.*, 145 Cal. App. 4th 790, 815 (2006), also citing *Wells v. Regents of Univ. of Cal.*, 2015 U.S. Dist. LEXIS 117253, at *6 (N.D. Cal. 2015) ("The Court is aware of no authority 'finding a similar special relationship in the employment context" and 'declines to extend the reasoning of *C.A.* here.'"). Thus, Plaintiff's ninth cause of action for negligent hiring and supervision must be dismissed without leave to amend.

### D. Plaintiff's California Civil Code Section 51.7 and Equal Protection Claims Should Be Dismiss Without Leave to Amend, Further Her Declaration Statements Must Be Ignored

The Court in *Schneider v. Cal. Dep't of Corrections* found new allegations addressed on Opposition to a Rule 12 motion are irrelevant when determining whether a motion should be granted.

> The "new" allegations contained in the inmates' opposition motion, however, are irrelevant for Rule 12(b)(6) purposes. In determining the propriety of a Rule 12(b)(6) dismissal, a court *may not* look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss. *See Harrell v. United States,* 13 F.3d 232, 236 (7th Cir. 1993); *see also* 2 *Moore's Federal Practice,* § 12.34[2] (Matthew Bender 3d ed.) ("The court may not . . . take into account additional facts asserted in a memorandum opposing the motion to dismiss, because such memoranda do not constitute pleadings under Rule 7(a)."). The focus of any Rule 12(b)(6) dismissal - both in the trial court and on appeal - is the complaint.

*Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).  Plaintiff's allegations of racism <u>contained in the four corners of her Complaint</u> are insufficient to state a claim upon which relief can be granted under both the Constitution and California Civil Code.  Her attempts to improperly include new facts in her Opposition should be ignored.  Moreover, Defendants' arguments set forth in their Motion demonstrate that Plaintiff cannot make out these claims, even if leave to amend was granted.  As such, these claims should be dismissed without leave to amend.

### III. CONCLUSION

In sum, Defendants' Motion to Dismiss portions of Plaintiff's Complaint should be granted in full.  As Plaintiff has not demonstrated the ability to amend her Complaint to state plausible claims, amendment is futile and this Motion should be dismissed without granting leave to amend.

The undersigned attests that permission in the filing of this document(s) has been obtained from the signatory below which shall serve in lieu of the actual signatures on the document(s).

Dated: June 28, 2021                    MCNAMARA, NEY, BEATTY, SLATTERY,
                                                         BORGES & AMBACHER LLP


                                                         By:   /s/ Lanigan, Darra M.
                                                                Noah G. Blechman
                                                                Darra M. Lanigan
                                                                Attorneys for Defendants
                                                                CITY OF PLEASANTON, PLEASANTON POLICE
                                                                DEPARTMENT, OFFICERS KATIE EMMET,
                                                                ANTHONY PITTL, BARRY BOCCASILE, AND
                                                                MICHAEL BRADLEY