Marc G. Cowden SB No. 169391
Adam Stoddard SB No. 272691
SHEUERMAN, MARTINI, TABARI, ZENERE & GARVIN
A Professional Corporation
1033 Willow Street
San Jose, California 95125
(408) 288-9700
Fax: (408) 295-9900

Attorneys for Defendants MEGHAN RAMSEY, M.D. (sued herein as Meghan Claire Ramsey); DIANE DEL ROSARIO ESTRADA, R.N., (sued herein as Diane Del Rosario Estrada); ANITA GIRARD, C.N.O. (sued herein as Anita Girard); ARIANNA FRANGIEH, R.N.; FRANS HIBMA, R.N. (sued herein as Frans Hibma)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ELLEN WILLIAMS, also known as ELLEN GIRMA, an individual,

Plaintiff,

vs.

CITY OF PLEASANTON, CALIFORNIA; POLICE DEPARTMENT OF THE CITY OF PLEASANTON, CALIFORNIA; KATIE EMMET; ANTHONY PITTL; BARRY BOCCASILE; MICHAEL BRADLEY; ARIANNA WELCH FRANGIEH; ANITA GIRARD; MEGHAN CLAIRE RAMSEY; DIANE DEL ROSARIO ESTRADA; EMILY NITRO; FRANS HIBMA;

Defendants

Case No.: 3:20-CV-08720-WHO

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**

Complaint Filed: December 9, 2020
1st Amend. Complaint: April 20, 2021
2nd Amend. Complaint: April 21, 2021

**TABLE OF CONTENTS**

I. INTRODUCTION .......... 6

II. LEGAL ARGUMENT .......... 6

A. THE COURT LACKS JURISDICTION OVER PLAINTIFF'S STATE CLAIMS ALLEGED AGAINST DEFENDANTS .......... 6

B. LEGAL STANDARD (FRCP 12(B)(6) .......... 7

C. THE FALSE IMPRISONMENT CLAIM FAILS AGAINST FRANGIEH .......... 8

a. THE FALSE IMPRISONMENT CLAIM IS BARRED BY THE STATUTE OF LIMITATIONS .......... 8

b. FRANGIEH IS IMMUNE FROM LIABILITY FOR FALSE IMPRISONMENT PURSUANT TO CALIFORNIA CIVIL CODE § 47 .......... 8

c. THE FALSE IMPRISONMENT CLAIM FAILS .......... 10

D. THE BATTERY CLAIM FAILS .......... 11

E. THE CLAIM OF VIOLATION OF CAL. CIV. CODE § 51.7 FAILS .......... 11

F. THE CLAIM OF VIOLATION OF CAL. CIV. CODE § 52.1 FAILS .......... 13

G. THE CLAIM FOR MALICIOUS PROSECUTION FAILS .......... 14

III. CONCLUSION .......... 17

**TABLE OF AUTHORITIES**

Cases:

*Allen v. City of Sacramento* (2015) 234 Cal.App.4th 41 .......... 14

*Arar v. Ashcroft,* 532 F.3d 157, 168 (2d Cir.2008) .......... 6

*Ashcroft v. Iqbal*, 566 U.S. 662, 678 (2009) .......... 7, 8

*Austin B. v. Escondido Union Sch. Dist.* (2007) 149 Cal. App. 4th 860 .......... 12

*Bartlett v. Jackson* (1936) 13 Cal.App.2d 435 .......... 16

*Beroiz v. Wahl* (2000) 84 Cal.App.4th 485 .......... 9

*Cabesuela v. Browning-Ferris Industries of California, Inc.* (1998) 68 Cal.App.4th 101 .......... 9

*Caltex Plastics, Inc. v. Lockheed Martin Corp.*, 824 F.3d 1156, 1169 (9th Cir. 2016) .......... 7

*Cote v. Henderson* (1990) 218 Cal. App. 3d 796 .......... 9

*Coverstone v. Davies* (1952) 38 Cal.2d 315 .......... 15

*Dillon v. Haskell* (1947) 78 Cal.App.2d 814 .......... 10

*Downey Venture v. LMI Ins. Co.* (1998) 66 Cal.App.4th 478 .......... 16

*Grove v. Purity Stores, Ltd.* (1957) 153 Cal.App.2d 234 .......... 15

*Hagberg v. California Federal Bank FSB* (2004) 32 Cal.4th 350 .......... 15

*Hart v. FedEx Ground Package Sys. Inc.,* 457 F.3d 675, 679 (7th Cir. 2006) .......... 7

*HMS Capital, Inc. v. Lawyers Title Co.* (2004) 118 Cal.App.4th 204 .......... 16

*Hunsucker v. Sunnyvale Hilton Inn* (1994) 23 Cal.App.4th 1498 .......... 9

*In re Chavez* (2003) 30 Cal.4th 643 .......... 13

*Jaffe v. Stone* (1941) 18 Cal.2d 146 .......... 14

*Johnson v. Symantec Corp.* (N.D.Cal. 1999) 58 F. Supp. 2d 1107 .......... 10

*Jones v. Kmart Corp.* (1998) 17 Cal.4th 329 .......... 13

*Kimmel v. Goland* (1990) 51 Cal.3d 202 .......... 9

*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) .......... 7

*Locke v. Mitchell* (1936) 7 Cal.2d 599 .......... 16

*Lopez v. Southern Cal. Rapid Trans. Dist.* (1985) 40 Cal.3d 780 .......... 12, 14

*Marley v. United States*, 567 F.3d 1030, 1034 (9th Cir. 2008) .......... 6

*Masterson v. Pig'n Whistle Corp.* (1958) 161 Cal.App.2d 323 .......... 15

*Moore v. Conliffe* (1994) 7 Cal.4th 634 .......... 10

*Morrison v. Nat'l Australia Bank Ltd.*, 547 F.3d 167 (2d Cir. 2008), aff'd 130 S. Ct. 2869 (2010) .......... 6

*Richter v. Neilson* (1936) 11 Cal.App.2d 503 .......... 15

*Scannell v. County of Riverside* (1984) 152 Cal.App.3d .......... 8

*Sheldon Appel Co. v. Albert & Oliker* (1989) 47 Cal.3d 863 .......... 14

*Shoyoye v. County of Los Angeles* (2012) 203 Cal.App.4th 947 .......... 13

*Shroyer v. New Cingular Wireless Servs.*, 622 F.3d 1035, 1041 (9th Cir. 2010) .......... 7

*Singleton v. Singleton* (1945) 68 Cal.App.2d 681 .......... 15

*Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.,* 549 U.S. 422, 430–31 (2007) .......... 6

*So v. Shin* (2013) 212 Cal.App.4th 652 .......... 11

*Stamps v. Superior Court* (2006) 136 Cal.App.4th 1441 .......... 12

*Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 93–102 (1998) .......... 6

*Sycamore Ridge Apartments LLC v. Naumann* (2007) 157 Cal.App.4th 1385 .......... 14

*Venegas v. County of Los Angeles* (2004) 32 Cal.4th 820 .......... 13

*Weber v. Leuschner* (1966) 240 Cal.App.2d 829 .......... 17

*Williams v. Taylor* (1982) 129 Cal.App.3d 745 .......... 9

Statutes:


28 U.S.C. § 1331 ........................................................ 7

28 U.S.C. § 1332 ........................................................ 7

28 U.S.C. § 1343 ........................................................ 7

42 U.S.C. § 1983 ........................................................ 7

California Civil Code § 47(b) ........................................................ 6, 8, 9, 10, 15

California Civil Code § 51.7 ........................................................ 6, 7, 11, 12

California Civil Code § 52.1 ........................................................ 6, 7, 13, 14

California Code of Civil Procedure § 340(c) ........................................................ 8


Other:


5 Witkin, Summary of Cal. Law (10th ed. 2005) Torts § 426 ........................................................ 10

## I. INTRODUCTION

Plaintiff, Ellen Williams, has filed a Complaint against Defendants MEGHAN RAMSEY, M.D. (sued herein as Meghan Claire Ramsey); DIANE DEL ROSARIO ESTRADA, R.N., (sued herein as Diane Del Rosario Estrada); ANITA GIRARD, C.N.O. (sued herein as Anita Girard); ARIANNA FRANGIEH, R.N.; FRANS HIBMA, R.N. (sued herein as Frans Hibma) (collectively "Defendants"). She has sued each of these individuals in Federal Court solely for State law claims. The causes of action are as follows: 1. False Imprisonment against FRANGIEH; 2. Battery against all Defendants; 3. California Civil Code Section 51.7 against all Defendants; 4. California Civil Code Section 52.1 against all Defendants; 5. Malicious Prosecution against all Defendants. Plaintiff has not alleged a single Federal cause of action against Defendants, nor has she met her burden to establish jurisdiction. The cause of action for False Imprisonment is barred by the statute of limitations and FRANGIEH is immune from liability pursuant to Civil Code 47(b). Finally, all the causes of action fail to state facts sufficient to constitute a cause of action. Defendants, therefore, request that the Court dismiss Defendants from this case.

## II. LEGAL ARGUMENT

### A. THE COURT LACKS JURISDICTION OVER PLAINTIFF'S STATE CLAIMS ALLEGED AGAINST DEFENDANTS.

A court "generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in the suit (subject-matter jurisdiction)…" *Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.,* 549 U.S. 422, 430–31 (2007) (declining to address jurisdiction and holding that district court had authority to dismiss action on forum non conveniens grounds before considering the merits) (citing *Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 93–102 (1998) (rejecting doctrine of "hypothetical jurisdiction" that would allow a court to rule on issues of law before adjudicating jurisdiction)).

*Morrison v. Nat'l Australia Bank Ltd.*, 547 F.3d 167 (2d Cir. 2008), aff'd 130 S. Ct. 2869 (2010) (quoting Arar v. Ashcroft, 532 F.3d 157, 168 (2d Cir.2008)) ("'Determining the existence of subject matter jurisdiction is a threshold inquiry and a claim is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it.'"). *Marley v. United States*, 567 F.3d 1030, 1034 (9th Cir. 2008) ("As a threshold matter, we must decide whether we have jurisdiction…").

"It is to be presumed that a cause lies outside [of federal courts'] limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am*., 511 U.S. 375, 377 (1994) (citations omitted) (jurisdiction lacking). *Hart v. FedEx Ground Package Sys. Inc.,* 457 F.3d 675, 679 (7th Cir. 2006) ("In general, of course, the party invoking federal jurisdiction bears the burden of demonstrating its existence.") (citations omitted).

Here, Plaintiff maintains that this Court has jurisdiction over the claims asserted against Defendants (which are only state law claims) based on 42 U.S.C. § 1983 and 28 U.S.C. §§ 1331 and 1343. (Dkt. 17; 2:5-6). However, none of these provisions support a finding that this Court has jurisdiction over Defendants, which are only being sued for state law claims. Thus, Plaintiff has not met her burden of establishing that this Court has jurisdiction over the purely state law claims asserted against Defendants.

Unlike state courts, federal courts are courts of limited jurisdiction. Federal courts have "original jurisdiction" over claims alleging a federal question or diversity jurisdiction. To bring a claim in federal court, the complaint must either allege (1) a federal question, i.e. a question "arising under the Constitution, laws, or treaties of the United States," see 28 U.S.C. § 1331; or (2) diversity of citizenship, meaning that the parties are citizens of different states, and the amount in controversy exceeds the sum or value of $75,000, see 28 U.S.C. § 1332.

Here, there can be no question that the causes of action alleged against Defendants (False Imprisonment; Battery; Cal. Civil Code Sections 51.7 & 52.1; and Malicious Prosecution) do not involve a federal question. Nor is there diversity of citizenship amongst Plaintiff and Defendants. Therefore, this Court lacks original jurisdiction over Plaintiff's state law claims alleged against Defendants.

**B. LEGAL STANDARD (FRCP 12(B)(6).**

A dismissal for failure to state a claim is proper when there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory. *Shroyer v. New Cingular Wireless Servs.*, 622 F.3d 1035, 1041 (9th Cir. 2010); see also, *Caltex Plastics, Inc. v. Lockheed Martin Corp.*, 824 F.3d 1156, 1169 (9th Cir. 2016). With respect to the factual allegations in a Complaint, conclusions and formulaic recitations of the elements of a cause of action will not suffice. *Ashcroft v. Iqbal*, 566 U.S. 662, 678 (2009). Rather, a Complaint "must

contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face". *Id*. The plausibility standard is not akin to a probability requirement, but there must be something more than a sheer possibility that a defendant has acted unlawfully. *Id*.

### C. THE FALSE IMPRISONMENT CLAIM FAILS AGAINST FRANGIEH.

#### a. THE FALSE IMPRISONMENT CLAIM IS BARRED BY THE STATUTE OF LIMITATIONS.

Plaintiff alleges that on November 19, 2019, she was arrested by the Pleasanton police, partly based on false information provided by FRANGIEH. (Dkt. 17, ¶¶ 39, 41, 44).

A plaintiff must commence an action for false imprisonment within one year of accrual of that cause of action. (California Code of Civil Procedure § 340(c).) A cause of action for false imprisonment accrues upon termination of the imprisonment, not at the time the criminal proceedings end. *Scannell v. County of Riverside* (1984) 152 Cal.App.3d, 596. Thus, Plaintiff's false imprisonment claim accrued when she was released from custody.

Although not discussed in the Complaint, it is reasonable to assume that Plaintiff was released from custody either on November 19, 2019, or the following day. It is highly unlikely that Plaintiff remained in custody until December 9, 2019 – 20 days later. Thus, Plaintiff was required to file her Complaint for false imprisonment on or before December 8, 2020, at the latest. The Complaint was filed on December 9, 2020, more than one year after the accrual of this cause of action. Therefore, the false imprisonment claim is time barred.

#### b. FRANGIEH IS IMMUNE FROM LIABILITY FOR FALSE IMPRISONMENT PURSUANT TO CALIFORNIA CIVIL CODE § 47.

Plaintiff alleges that FRANGIEH told Pleasanton police that Plaintiff used her shoulder to push FRANGIEH out of the way. (Dkt. 17, 9:19-23). The officers told Plaintiff she was being placed under a "citizen's arrest" made by FRANGIEH. (Dkt. 17, 10:6-8). FRANGIEH carried out a citizen's arrest against Plaintiff by instructing police officers to physically restrain and hold Plaintiff and place her under arrest. (Dkt. 17, 16:5-8). The citizen's arrest was conducted by FRANGIEH, not speech in the form of a mere report or complaint or allegation to the police. (Dkt. 17, 16:11-12). Plaintiff suffered injury. (Dkt. 17, 16:15-16). FRANGIEH's conduct was intentional, malicious, or oppressive entitling Plaintiff to punitive damages. (Dkt. 17, 16:17-20).

Civil Code Section 47 establishes a privilege that bars liability in tort for the making of certain statements. Pursuant to section 47(b), the privilege bars a civil action for damages for communications made "[i]n any (1) legislative proceeding, (2) judicial proceeding, (3) in any

other official proceeding authorized by law, or (4) in the initiation or course of any other proceeding authorized by law and reviewable pursuant to [statutes governing writs of mandate]." The privilege established by this subdivision often is referred to as an "absolute" privilege, and it bars all tort causes of action except a claim for malicious prosecution. (See *Kimmel v. Goland* (1990) 51 Cal.3d 202, 209.) FRANGIEH contends that any of her alleged communications to the police in the present case fall within the absolute privilege established by section 47(b).

In *Williams v. Taylor* (1982) 129 Cal.App.3d 745, the Court of Appeal applied the absolute privilege of section 47(b) to statements made by an employer who contacted the police to report suspected theft on the part of an employee and to request that the police conduct an investigation. As a result of the police investigation, the employee was charged with various crimes. Most of the charges ultimately were dismissed, and the employee was acquitted of the remaining charge that went to trial. Thereafter, the employee sued the employer for slander, intentional and negligent infliction of emotional distress, and malicious prosecution. The Court of Appeal in *Williams* determined that the employee's slander and emotional distress claims failed because the statements to the police were subject to section 47(b) privilege.

In *Beroiz v. Wahl* (2000) 84 Cal.App.4th 485, the court relied on *Williams* in determining that the privilege barred a defamation claim based upon an American citizen's communication to Mexican prosecutors seeking the initiation of a criminal investigation by Mexican authorities. The court declared, that "generally, the absolute privilege shields…statements to officials conducting criminal investigations." *Beroiz v. Wahl*, at 494-495.

In *Cabesuela v. Browning-Ferris Industries of California, Inc.* (1998) 68 Cal.App.4th 101, 112, the court held that the absolute privilege extended to an employee's statement to the police that a coworker had threatened the employee with violence. A defamation claim was barred, the court observed, because "Civil Code section 47 gives all persons the right to report crimes to the police, the local prosecutor or an appropriate agency, ***<u>even if the report is made in bad faith</u>***." [emphasis added] *Ibid.*

In *Hunsucker v. Sunnyvale Hilton Inn* (1994) 23 Cal.App.4th 1498, 1502–1504, in the context of false imprisonment and assault and battery claims, the court found the privilege applicable to a hotel manager's report to the police that a guest had been brandishing a gun in a hotel room. In *Cote v. Henderson* (1990) 218 Cal. App. 3d 796, 806, the court determined that

the privilege extended to a report made by a woman to the police and the district attorney that a man had raped her. And in *Johnson v. Symantec Corp.* (N.D.Cal. 1999) 58 F. Supp. 2d 1107 (*Johnson*), the court applied the privilege to bar a defamation action against a man who reported to the police that a coworker had assaulted him. Applying California law, the federal district court opined that this court would agree with the court in *Williams, supra,* 129 Cal. App. 3d 745, that the privilege applied not only to communications made during pending official proceedings, but also to "*preinvestigation* communications intended to trigger official action." (*Johnson, supra,* 58 F. Supp. 2d at p. 1110.) The district court pointed to the many lower court cases in accord with *Williams* for its support.

In the years following the decision in *Williams, supra,* 129 Cal. App. 3d 745, and the developing weight of authority adhering to its holding and applying the section 47(b) privilege to various communications intended to instigate official investigation into wrongdoing, the Legislature has amended section 47(b) without indicating disapproval of those cases. (See *Moore v. Conliffe* (1994) 7 Cal.4th 634, 648 [relying upon legislative acquiescence with respect to a claim concerning the application of the section 47(b) privilege to arbitration proceedings].)

The case law above clearly illustrates that reports made to police officers to instigate an investigation are absolutely privileged pursuant to section 47(b). Because the Complaint alleges that FRANGIEH only made reports to the police, said reports are protected speech. For the reasons stated above, any alleged statements made by FRANGIEH, are absolutely privileged pursuant to section 47(b).

**c. THE FALSE IMPRISONMENT CLAIM FAILS.**

"False imprisonment involves the intentional confinement of another against the person's will. The elements are (1) nonconsensual, intentional confinement of a person, (2) without lawful privilege, (3) for an appreciable period of time, however brief. [Citations.]" (5 Witkin, Summary of Cal. Law (10th ed. 2005) Torts § 426, pp. 642–643.)

Imprisonment pursuant to a lawful arrest is not tortious. *Dillon v. Haskell* (1947) 78 Cal.App.2d 814, 816. Here, Plaintiff concedes in her Complaint that the District Attorney informed Plaintiff's criminal defense attorney that the case did not have *sufficient* merit to be worth pursuing. (Dkt. 17, 11:8-12.) Plaintiff therefore concedes that the arrest was lawful, but that it simply was dropped because the DA decided not to pursue the case. Because the arrest was

lawful (whether it was pursued or not by the DA), Plaintiff cannot establish an element of her claim for false imprisonment.

Moreover, the allegations of the Complaint make clear that FRANGIEH never unlawfully confined Plaintiff for any length of time, rather the Pleasanton police were the ones who took custody of Plaintiff. (Dkt. 17, 10:17-19). Thus, FRANGIEH cannot be liable for false imprisonment when she never did anything but communicate to the officers what transpired before their arrival.

**D. THE BATTERY CLAIM FAILS.**

"The essential elements of a cause of action for battery are: (1) defendant touched plaintiff, or caused plaintiff to be touched, with the intent to harm or offend plaintiff; (2) plaintiff did not consent to the touching; (3) plaintiff was harmed or offended by defendant's conduct; and (4) a reasonable person in plaintiff's position would have been offended by the touching." (*So v. Shin* (2013) 212 Cal.App.4th 652, 669.)

Here, Plaintiff alleges a battery claim against all Defendants; however, there is not one allegation pled against GIRARD, RAMSEY, ESTRADA, NITRO, HIBMA, or FRANGIEH that any of them ever touched Plaintiff or caused Plaintiff to be touched, with the intent to harm or offend her. The only time GIRARD, RAMSEY, ESTRADA, NITRO, and HIBMA are even mentioned in the Complaint is in the Tenth cause of action for malicious prosecution. There, Plaintiff alleges that these five Defendants "gave false information about Plaintiff to the police officer defendants…" (Dkt. 17, 20:6-8.) Even if this were true, which it is not, this would not equate to a touching of Plaintiff to support a battery claim. As for FRANGIEH, although she is referenced in the general allegations, the Complaint makes clear that she never personally touched Plaintiff. The allegation is that *Plaintiff touched* FRANGIEH either by bumping her shoulder into FRANGIEH through a curtain, or with the actual curtain itself. Not the other way around.

Plaintiff even concedes in the Complaint that "Said Battery was caused by the police officer defendants…" (Dkt. 17, 17:7-8.) Thus, the claim of Battery fails as to GIRARD, RAMSEY, ESTRADA, NITRO, HIBMA, and FRANGIEH.

**E. THE CLAIM OF VIOLATION OF CAL. CIV. CODE § 51.7 FAILS.**

Plaintiff alleges that all Defendants collectively caused Plaintiff to be subject to force or violence because of her race or gender. (Dkt. 17, 17:24-25.) This claim lacks merit for the reasons discussed below.

Section 51.7 broadly provides that all persons have the right to be free from violence and intimidation by threat of violence based on, among other things, race, religion, ancestry, national origin, political affiliation, sex, or position in a labor dispute. Section 51.7 is not part of the Unruh Civil Rights Act (*Stamps v. Superior Court* (2006) 136 Cal.App.4th 1441, 1445, 1449-1450, 1451) and "has nothing to do with public accommodations or business establishments." (*Id.* At 1452).

The elements of a claim brought under section 51.7 are: (1) the defendant threatened or committed violent acts against the plaintiff; (2) the defendant was motivated by his perception of plaintiff's race; (3) the plaintiff was harmed; and (4) the defendant's conduct was a substantial factor in causing the plaintiff's harm. *Austin B. v. Escondido Union Sch. Dist.*, (2007) 149 Cal. App. 4th 860, 880-81.

Plaintiff's allegations in her Complaint (Dkt. 17, 17:22-18:8) fail to allege discrimination under Section 51.7 as she failed to plead any facts showing that Defendants "threatened or committed violent acts against" Plaintiff or that Defendants were motivated by their perception of Plaintiff's race. In this regard, Defendants GIRARD, RAMSEY, ESTRADA, NITRO, and HIBMA are not even mentioned in the Complaint, except for in the Tenth cause of action wherein Plaintiff alleges they gave false information about Plaintiff to the police officers. (Dkt. 17, 18:6-9.) Thus, Plaintiff has failed to allege any facts that the Defendants threatened or committed violent acts against her. As for FRANGIEH, the Complaint makes clear that all she did was communicate to the police officers about the alleged incident which led to Plaintiff's arrest. Any such communication cannot constitute a threat or violent act committed against Plaintiff.

Furthermore, Plaintiff does not even identify her race or gender in the Complaint. Although it can be inferred that Plaintiff is a female since her name is ELLEN WILLIAMS, her race cannot so be inferred. Plaintiff does mention that the City of Pleasanton encouraged, authorized, or permitted its officers to engage in civil rights violations against Black American citizens (Dkt. 17, 4:20-24), but at no point does Plaintiff confirm that she in fact is a Black American. Except for the conclusory allegation that Defendants collectively "caused the Plaintiff to be subject to force or violence because of her race or gender", there are no facts alleged to support this statement. Plaintiff has alleged no facts that any of the Defendants were motivated by her race or ethnicity. The general rule is that a statutory cause of action must be pleaded with particularity. *Lopez v. Southern Cal. Rapid Trans. Dist.* (1985) 40 Cal.3d 780, 795. Here, Plaintiff has not met her burden to plead with particularity, thus, this cause of action fails as to all

Defendants. It is Plaintiff's responsibility to plead facts sufficient to show her cause of action meets all the necessary elements.

**F. THE CLAIM OF VIOLATION OF CAL. CIV. CODE § 52.1 FAILS.**

Plaintiff alleges a violation of her "rights guaranteed by the United States constitution and the California Constitution" (Dkt. 17, 18:14-15); however, she fails to elaborate on exactly what rights were allegedly violated by these Defendants. Defendants suspect this cause of action may relate to her arrest by the City of Pleasanton police officers.

Plaintiff goes on to state that the "acts of omissions of the police officer Defendants, and each of them…" (Dkt., 17, 18:20-24); however, Plaintiff does not mention GIRARD, RAMSEY, ESTRADA, NITRO, HIBMA, and FRANGIEH anywhere in the cause of action. Except for the mention of "(AGAINST ALL DEFENDANTS and DOES 1-100)", this cause of action is completely devoid of any facts as to how these Defendants allegedly violated any rights of Plaintiff.

There are two distinct elements for a section 52.1 cause of action. A plaintiff must show (1) intentional interference or attempted interference with a state or federal constitutional or legal right, and (2) the interference or attempted interference was by threats, intimidation or coercion. (*Jones v. Kmart Corp.* (1998) 17 Cal.4th 329, 334 [§ 52.1 requires an attempted or completed act of interference with a legal right, accompanied by a form of coercion]; *Shoyoye v. County of Los Angeles* (2012) 203 Cal.App.4th 947, 958 [incidental interference brought about by negligent conduct is not sufficient].) The California Supreme Court has not addressed whether an unlawful detention or arrest, without more, is sufficient to satisfy both elements of section 52.1. While the California Supreme Court said in *Venegas v. County of Los Angeles* (2004) 32 Cal.4th 820, that the plaintiffs in that case stated a section 52.1 cause of action based on an unreasonable search and seizure, the only issue the Supreme Court considered was whether section 52.1 required a showing that the defendants acted with discriminatory animus. (*Venegas*, at pp. 841, 843 ["All we decide here is that, in pursuing relief for those constitutional violations under section 52.1, plaintiffs need not allege that defendants acted with discriminatory animus or intent, so long as those acts were accompanied by the requisite threats, intimidation, or coercion."].) A case is not authority for propositions not considered and decided. (*In re Chavez* (2003) 30 Cal.4th 643, 656.)

If this cause of action is based on Plaintiff's arrest, and Plaintiff maintains that said arrest was unlawful, without more, this would not satisfy both elements of section 52.1. *Allen v. City of Sacramento* (2015) 234 Cal.App.4th 41, 69.

There are no facts that any of these Defendants intentionally interfered or attempted to interfere with a state or federal constitutional or legal right of Plaintiff. Nor are there any facts that Defendants interfered or attempted to interfere by threatening, intimidating, or coercing Plaintiff. The general rule is that a statutory cause of action must be pleaded with particularity. *Lopez v. Southern Cal. Rapid Trans. Dist.* (1985) 40 Cal.3d 780, 795. Here, Plaintiff has not met her burden to plead with particularity, thus, this cause of action fails as to all Defendants. It is Plaintiff's responsibility to plead facts sufficient to show her cause of action meets all the necessary elements.

**G. THE CLAIM FOR MALICIOUS PROSECUTION FAILS.**

Plaintiff alleges that FRANGIEH, GIRARD, RAMSEY, ESTRADA, NITRO, and HIBMA, "gave false information about Plaintiff to the police officer defendants, which resulted in the police arresting, imprisoning, and prosecuting Plaintiff for alleged criminal acts." (Dkt. 17, 20:6-9). However, Plaintiff contradicts this statement when she concedes that she was actually arrested and charged with "resisting arrest pursuant to Penal Code section 148(a)(1)." (Dkt. 17, 11:5-8.) The District Attorney informed Plaintiff's criminal defense attorney that the "case did not have sufficient merit to be worth pursuing. Therefore the District Attorney dismissed the case with prejudice." (Dkt. 17, 11:8-11). The Defendants acted with malicious intent. (Dkt. 17, 20:12).

A claim for malicious prosecution requires that the plaintiff demonstrate (1) the defendant brought (or continued to pursue) a claim in the underlying action without objective probable cause, (2) the claim was pursued by the defendant with subjective malice, and (3) the underlying action was ultimately resolved in the plaintiff's favor. (*Sycamore Ridge Apartments LLC v. Naumann* (2007) 157 Cal.App.4th 1385, 1398.) A plaintiff must establish all three elements. (*Sheldon Appel Co. v. Albert & Oliker* (1989) 47 Cal.3d 863, 871–872.)

Included in this definition is a requirement of an "action" or a "proceeding," which must have been first "commenced" and then "favor[ably]" "terminat[ed]." An arrest is not a proceeding. Moreover, a favorable termination is one that "indicate[s] the innocence of the accused..." (*Jaffe v. Stone* (1941) 18 Cal.2d 146, 150.) However, release from arrest and the District Attorney

deciding the case did not have "sufficient merit to be worth pursuing" does not necessarily indicate innocence or that the arrest was illegal in the first place. The fact that the DA did not prosecute the action has no bearing upon the legality of the arrest. *Coverstone v. Davies* (1952) 38 Cal.2d 315, 320. No more than the finding of guilt in the subsequent criminal proceeding cannot legalize an arrest unlawful when made.

Here, Plaintiff will be unable to satisfy the first element of this cause of action, in that none of the aforementioned Defendants brought (or continued to pursue) a claim in any underlying action, whether there was probable cause or not. Even more so for Defendants GIRARD, RAMSEY, ESTRADA, NITRO, and HIBMA, as there are no allegations that any of them even sought to have Plaintiff arrested.

Moreover, all the aforementioned Defendants are immune from liability pursuant to section 47(b) discussed above. The Supreme Court in *Hagberg v. California Federal Bank FSB* (2004) 32 Cal.4th 350 made clear that citizen reports of suspected criminal activity to law enforcement personnel enjoy an absolute privilege of immunity from civil liability under section 47(b). The *Hagberg* court held citizen report of suspected criminal activity to police designed to instigate an investigation can only be the basis for tort liability if the plaintiff can establish the elements of the tort of malicious prosecution. As discussed above, Plaintiff will be unable to meet this burden, thus, any reports by the Defendants to the police officers are protected.

To constitute malice there must be a motive or purpose, and it must be an improper one. (*Richter* v. *Neilson* (1936) 11 Cal.App.2d 503, 507; *Masterson* v. *Pig'n Whistle Corp*. (1958) 161 Cal.App.2d 323, 338.) The requirement in a malicious prosecution case is evidence which establishes bad faith, or the absence of an honest and sincere belief that the prosecution was justified by the existent facts and circumstances. (*Singleton* v. *Singleton*, 68 Cal.App.2d 681, 696.) As said in *Grove v. Purity Stores, Ltd.* (1957) 153 Cal.App.2d 234: "The element of malice necessarily involves the process of the mind and its thinking." (P. 241.) Malice imports willfulness; and, accordingly, in our opinion, is a "willful act"…".

"The 'malice' element…relates to the *subjective intent or purpose* with which the defendant acted in initiating the prior action. [Citation.] The motive of the defendant must have been something other than that of bringing a perceived guilty person to justice or the satisfaction in a civil action of some personal or financial purpose. [Citation.] The plaintiff must plead and

prove actual ill will *or* some *improper* ulterior motive. [Citation.]" (*Downey Venture v. LMI Ins. Co*. (1998) 66 Cal.App.4th 478, 494.)

The lack of probable cause is one factor in determining the presence of malice, but alone it is insufficient. (*HMS Capital, Inc. v. Lawyers Title Co.* (2004) 118 Cal.App.4th 204, 218.) "Merely because the prior action lacked legal tenability, as measured objectively (i.e., by the standard of whether any reasonable attorney would have thought the claim tenable [citation]), *without more*, would not logically or reasonably permit the inference that such lack of probable cause was accompanied by the actor's subjective malicious state of mind. In other words, the presence of malice must be established by other, additional evidence." (*Downey Venture, supra*, 66 Cal.App.4th at p. 498, fn. omitted.)

Here, Plaintiff alleges in a conclusory fashion that "These defendants acted with malicious intent." (Dkt. 17, 20:12.) It is a longstanding rule of pleading that a mere conclusory allegation that a defendant has committed willful or malicious misconduct is insufficient. "It is necessary to specify the particular acts upon which the willful misconduct of a person is charged. *Bartlett v. Jackson* (1936) 13 Cal.App.2d 435; *Locke v. Mitchell* (1936) 7 Cal.2d 599, 602-603 [complaint must "contain affirmative allegations of malice in fact"; conclusory allegations of malice are insufficient].)

Finally, Plaintiff alleges in a conclusory fashion that no reasonable person in Defendants' circumstances would have believed there were reasonable grounds to have Plaintiff arrested, imprisoned, and prosecuted. (Dkt. 17., 20:13-14). The allegations in the Complaint tell a different tale. Plaintiff confirms that the officers arrived to place her under a "citizen's arrest" (Dkt. 17, 10:6-7); however, instead of complying, Plaintiff attempted to explain her side of the story. (Dkt. 17, 10:7-10.) The officers then told Plaintiff she was not to trespass at the hospital premises (Dkt. 17, 10:11); however, instead of complying, Plaintiff began to explain she had a right and duty to make medical decisions for Dr. Williams and he wanted her to be near him. (Dkt. 17, 11-14). Again, instead of complying with the officers' requests, Plaintiff informed the officers, "Therefore she had to remain with him." (Dkt. 17, 10:14). The officers then took Plaintiff into custody. (Dkt. 17, 10:17.) Plaintiff was charged with resisting arrest. (Dkt. 17, 11:5.)

"Probable cause," as an element in an action for malicious prosecution, requires that there be such a state of facts as would lead a man of ordinary care and prudence to believe and entertain

an honest and strong suspicion that the person is guilty. (*Weber* v. *Leuschner* (1966) 240 Cal.App.2d 829, 836.) As discussed above, there was sufficient probable cause for the officers to make their arrest, and there was sufficient probable cause for Defendants to report what they observed to said officers. In fact, Plaintiff even concedes that a nurse charted that a curtain was closed and that FRANGIEH was touched in the process. (Dkt. 17, 9:23-25). Such action would constitute a battery. The fact that FRANGIEH later charted that Plaintiff "shoved her through the curtain" does not contradict anything, but rather reinforces the fact that Plaintiff committed a battery and therefore, there was sufficient probable cause to make the report to the officers and for the officers to initiate an investigation.

For the reasons stated above, the cause of action for malicious prosecution must fail.

## III. CONCLUSION

Defendants therefore respectfully request that the Court dismiss the Complaint against each of them with prejudice. Leave to amend would be futile based on the concessions made already in the Complaint.

Date: July 8, 2021

SHEUERMAN, MARTINI, TABARI, ZENERE & GARVIN

By: ______________________

MARC G. COWDEN
ADAM STODDARD
Attorneys for Defendants MEGHAN RAMSEY, M.D. (sued herein as Meghan Claire Ramsey); DIANE DEL ROSARIO ESTRADA, R.N., (sued herein as Diane Del Rosario Estrada); ANITA GIRARD, C.N.O. (sued herein as Anita Girard); ARIANNA FRANGIEH, R.N.; FRANS HIBMA, R.N. (sued herein as Frans Hibma)