UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELLEN WILLIAMS,<br><br>        Plaintiff,<br><br>    v.<br><br>CITY OF PLEASANTON, et al.,<br><br>        Defendants. | Case No. 20-cv-08720-WHO<br><br>**ORDER GRANTING MOTIONS TO DISMISS**<br><br>Re: Dkt. Nos. 35, 56 |

The two sets of defendants in this case move to dismiss because plaintiff Ellen Williams's claims are not permissible or adequately pleaded. Dkt. Nos. 35, 36. Williams admits that some of the claims should be dismissed with prejudice and essentially admits that other claims are inadequately pleaded by relying on a declaration attesting to facts not alleged in the Complaint. Dkt. Nos. 51, 57. The motions to dismiss are GRANTED. Williams is given leave to amend only the claims identified below.

**BACKGROUND**

Williams (also known as Ellen Girma) filed this civil rights case arising out of her arrest on November 14, 2019, at ValleyCare Medical Center ("VCMC") in Pleasanton. Complaint, Dkt. No. 17, ¶ 33. That day she visited VCMC to see her husband, who had been admitted eleven days before for tests and procedures that Williams contends worsened his condition. *Id.* ¶¶ 33-38. She alleges that "hospital staff" called the Pleasanton police and provided intentionally false information about her and her husband, including the false allegation, made by nurse Arianna Welch Frangieh, that "plaintiff used her shoulder to push Ms. Frangieh's shoulder so that Frangieh would get out of the way." *Id.* ¶ 41. Frangieh allegedly made subsequent false and contradictory statements regarding the event. *Id.*

Four Pleasanton police officers arrived and informed Williams that she was being placed

under a "citizen's arrest" by Frangieh. *Id.* ¶ 42. Williams attempted to explain the situation, including the abuse she had received from hospital staff, the subpar medical treatment her husband was receiving, and his need for Williams to remain with him. *Id.* ¶ 43. The officers "grabbed Plaintiff and slammed her to the floor," handcuffing her while she was on the floor and their weight was on her body, and then grabbed her and pulled her up, forcing her to stand when it was painful. *Id.* ¶ 44. They took her to County jail where Officer Emmet "twisted Plaintiff's arm and caused a sprain, swelling and tear of tissue/ligaments to her wrists and hands." *Id.* "As a result of the excessive force used, she sustained injuries to the spine, a right knee fracture and meniscus tear and a left-hand fracture and soft-tissue injuries." *Id.* ¶ 45. Williams alleges that she "was charged with resisting arrest pursuant to Penal Code section 148(a)(1) as a result of fabricated accounts of the incident by officers" and that the District Attorney eventually dismissed her case with prejudice, informing her attorney that the case "did not have sufficient merit to be worth pursuing." *Id.* ¶ 47.

In her Complaint, Williams asserts various of action against two groups of defendants; (i) the "Pleasanton Defendants" (the City of Pleasanton, the Pleasanton Police Department, and Pleasanton Police Officers Katie Emmet, Anthony Pittl, Barry Boccasile, and Michael Bradley); and (ii) the VCMC Defendants (nurses or doctors Arianna Welch Frangieh, Anita Girard, Meghan Claire Ramsey, Dianne Del Rosario Estrada, Emily Nitro and Franz Hibma). Her causes of action are:

- First Cause of Action for Violation of 42 U.S.C. § 1983, against the four officers for violations of her constitutional rights including "(a) the right not to be deprived of liberty without Due of Law; (b) the right to be free from unreasonable search or seizure; and (c) the right to equal protection of the law" under the "Fourth or Fourteenth Amendments" to the United States Constitution.

- Second Cause of Action against the City of Pleasanton and Pleasanton Police Department for violation of 42 U.S.C. § 1983 for their "custom, policy or repeated practice of condoning and tacitly encouraging the abuse of police authority, and disregard for the constitutional rights of citizens in Pleasanton" alleging her injuries were "the proximate

result of a custom, policy, pattern or practice of deliberate indifference . . . to the repeated violations of the constitutional rights of citizens" by Pleasanton police officers, including but "not limited to, repeated false arrests, repeated false imprisonments, the repeated use of excessive force, denial of equal protection of the law based on race, gender or age, and other repeated violations of the constitutional rights of the citizens of Oakland."[1]

- Third Cause of Action for Negligence, against all Pleasanton Defendants.
- Forth Cause of Action for False Arrest/False Imprisonment against all Pleasanton Defendants.[2]
- Fifth Cause of Action for False/False Imprisonment against defendant Frangieh who through her citizen's arrest of plaintiff instructed the police to "physically restrain," arrest, and take Williams into custody.
- Sixth Cause of Action for Battery against all defendants.
- Seventh Cause of Action for violation of California Civil Code § 51.7 (Ralph Act), against all defendants.
- Eight Cause of Action for violation of California Civil Code § 52.1 (Bane Act), against all defendants.
- Ninth Cause of Action against the City of Pleasanton and Pleasanton Police Department for negligent hiring, supervision, training, or discipline.
- Tenth Cause of Action for Malicious Prosecution against all VCMC defendants.

In her oppositions, Williams agrees that the False Imprisonment claim against Frangieh should be dismissed and that the Battery claim against all VCMC staff *except* Frangieh should be dismissed. Those claims are DISMISSED WITH PREJUDICE.

Williams offers a host of new allegations through a declaration describing the racist conduct she suffered during her arrest at VCMC and identifies in her opposition facts regarding

---

[1] I assume the reference to Oakland is in error and the jurisdiction plaintiff intended to include was Pleasanton.

[2] The Pleasanton Defendants do not move to dismiss the Third Cause of Action (Negligence) or Fourth Cause of Action (False Arrest/False Imprisonment).

3

1  "similar" excessive force cases filed against Pleasanton. She indicates that she will allege these

2  new facts in an Amended Complaint, providing context for her discrimination-based claims and

3  her claims against the City of Pleasanton and the Pleasanton Police Department. As explained

4  below, the claims challenged by the defendants (the discrimination-based claims, *Monell* claims,

5  battery claims, and negligence claims are insufficiently alleged or defective as a matter of law.

6  Williams is given leave to amend claims that are insufficiently alleged to include her new

7  allegations.

## I. PLEASANTON DEFENDANTS' MOTION

### A. City of Pleasanton/Pleasanton Police Department

The Pleasanton Defendants contend that the Pleasanton Police Department should be dismissed from the case because having both entities in the case is duplicative and unnecessary. But even under the Northern District of California cases defendants cite, simply because defendants are duplicative does not mean that the second entity must be dismissed at this juncture. *See Linder v. City of Emeryville*, C-13-1934 EDL, 2013 WL 4033910, at *3 (N.D. Cal. Aug. 6, 2013) (declining to dismiss police department as duplicative of municipal defendant as "under *Shaw*, the police department is a separate entity that is subject to suit, although claims against it are duplicative of claims against the city") (relying on *Shaw v. Cal. Dep't of Alcoholic Beverage Control*, 788 F.2d 600, 604 (9th Cir.1986)). Williams may continue to name both the City of Pleasanton and the Pleasanton Police Department as defendants at present.

### B. *Monell* Claim

The City of Pleasanton and Pleasanton Police Department argue that Williams's *Monell* claims (Second Cause of Action) should be dismissed because her current allegations are too conclusory and merely assert without any factual support that Pleasanton has a "custom, policy or repeated practice of condoning and tacitly encouraging" "repeated false arrests, repeated false imprisonments, the repeated use of excessive force, denial of equal protection of the law based on race, gender or age." Compl. ¶¶ 27-31, 52-54. It is correct.

To pass the motion to dismiss stage, a plaintiff needs to allege, "[a] pattern of similar constitutional violations by untrained employees [] to demonstrate deliberate indifference for

United States District Court
Northern District of California

purposes of failure to train." *Connick v. Thompson*, 563 U.S. 51, 62 (2011). Only when a city is on "actual or constructive notice that a particular omission in [its] training program causes city employees to violate citizens' constitutional rights" can the city "be deemed deliberately indifferent." *Id*. at 61. Similarly, a failure to discipline theory passes muster where there are allegations that the same officers involved in the event against plaintiff were involved in prior violations. *See Hayes v. Riley*, No. 20-CV-04283-VC, 2020 WL 5816581, at *2 (N.D. Cal. Sept. 30, 2020) (citing cases, noting "If the same officer repeatedly violates the constitutional rights of a city's residents, and the city is on notice of these violations and fails to properly discipline the officer, by definition the city is deliberately indifferent to the likelihood that the officer will continue to commit constitutional violations in the future."). Finally, a "ratification" theory can only be alleged where plaintiff states facts plausibly showing who ratified the allegedly unconstitutional acts of officers and how that ratification occurred. "[A] police department's 'mere failure to discipline [its officers] does not amount to ratification of their allegedly unconstitutional actions.'" *Sheehan v. City & Cty. of San Francisco*, 743 F.3d 1211, 1231 (9th Cir. 2014*), rev'd in part on other grounds, cert. dismissed in part sub nom.*, 135 S. Ct. 1765 (2015)).

Williams' Complaint fails to allege facts that would plausibly support any *Monell* theory of liability against the municipal defendants. She cites no examples or facts in her Complaint that identify any prior instances of excessive force or false arrests based on race or gender that could possibly support a custom or practice allegation or establish deliberate indifference by supervisors in the Pleasanton Police Department.

In her opposition, Williams essentially admits her allegations are deficient by identifying examples of recent excessive force claims filed against the City of Pleasanton to substantiate her custom, policy, or deliberative indifference allegations. Oppo. at 6-7. The examples she identifies are wrongful death cases and/or cases where the victims of excessive force were mentally incapacitated and de-escalation practices were not used. Those facts are not similar to the facts of her asserted *Monell* claim. And the complaint in the case she discusses in her opposition contained specific examples or prior wrongful conduct in support of the *Monell* claim there. *See*

*Bauer et al v. City of Pleasanton et al.*, Northern District of California Case No 19-cv-04593-LB, Second Amended Complaint (Dkt. No. 36) ¶ 36 ( "Plaintiffs are informed and believe that the Pleasanton Police Department has a custom and/or policy of failing to use de-escalation tactics or other appropriate police intervention tactics and instead regularly employs unconstitutional excessive force against disabled individuals. Examples of this include, but are not limited to, the July 5, 2015 fatal shooting of nineteen-year-old John Deming Jr., who was experiencing a mental health crisis, and the May 20, 2017 fatal shooting of Shannon Edward Estill ,who was experiencing a mental health crisis at the time of his interaction with Pleasanton Police"). The allegations in those cases are wholly different from Williams' own allegations.

The Second Cause of Action under *Monell* is DISMISSED. Williams is given leave to amend so that she may identify the type of *Monell* claim she is alleging (custom or policy, failure to train, or failure to discipline and whether the City's liability is based on supervisorial ratification or deliberate indifference), to allege facts about the incident to support her claim (*e.g.*, facts showing she was subject to excessive force based on race or gender), and if she is alleging a custom or policy claim, to identify facts showing pattern of similar constitutional violations by the Pleasanton Defendants.

### C.   Negligent Hiring/Supervision/Training/Discipline

The Pleasanton Defendants argue that there is no direct liability against a municipality under state law for Williams' Ninth Cause of Action – alleging negligent hiring, supervision, training, or discipline. *See, e.g., Hardin v. Mendocino Coast Dist. Hosp.*, 17-CV-05554-JST, 2018 WL 2984834, at *9 (N.D. Cal. June 14, 2018) ("Section 815.2(a) does not apply to the negligent supervision, hiring, and retention claim because "[l]iability for negligent supervision and/or retention of an employee is one of direct liability for negligence, not vicarious liability." *Delfino v. Agilent Techs., Inc.*, 145 Cal. App. 4th 790, 815 (2006).'"). Williams did not address this claim in her opposition and at the hearing did not identify any basis on which she could amend to state this claim. It is DISMISSED WITH PREJUDICE.

### D.   Violation of the Ralph Act, Cal Civ Code § 51.7

Section 51.7 of the California Civil Code ("Ralph Act") provides that "[a]ll persons . . .

have the right to be free from any violence, or intimidation by threat of violence committed against their persons or property" on the basis of a wide variety of protected characteristics, including race, gender and religion. Cal. Civ. Code §§ 51.7, 51(b). The Pleasanton Defendants move to dismiss the Ralph Act claim under California Civil Code section 51.7 because the Complaint lacks allegations that any defendant engaged in violence or the threat of violence against Williams on the basis of her race, gender, or on any other protected classification.

William essentially admits that her Complaint is deficient by submitting her declaration in opposition that identifies specific racist conduct by Officer Emmet and potentially other officers. Dkt. No. 51-1. This claim, however, is asserted against all of the Pleasanton and VCMC Defendants. There are no allegations, even in Williams Declaration, regarding any violence or threat of violence the VCMC Defendants took against Williams because of her race, gender, or other protected classification.

The Seventh Cause of Action for violation of California Civil Code § 51.7 (Ralph Act) is DISMISSED with leave to amend. Plaintiff must identify the acts of violence or threats of violence that *each* defendant committed based on a protected classification to plausibly plead this claim against particular defendants.

### E. Fourteenth Amendment Claim

The Pleasanton Defendants also move to dismiss the Fourteenth Amendment claim in the First Cause of Action asserted against the officers because there are no allegations in the Complaint that Williams was targeted or treated differently because of her race, gender, or another protected classification. As with the Ralph Act claim, this claim is DISMISSED with leave to amend so that Williams can incorporate facts plausibly alleging that each officer engaged in conduct that discriminated against Williams based on her race, gender, or other protected classification.

## II. VCMC MOTION TO DISMISS

### A. Jurisdiction over State Law Claims

The VCMC Defendants argue that the state law claims asserted against them should be dismissed for lack of jurisdiction. In opposition, Williams assets that supplemental jurisdiction

exists over the VCMC claims and asks that leave to amend be granted so that she can plead that jurisdictional basis in an amended complaint. Leave to amend is GRANTED for that purpose.

### B. Battery Claim

As noted, plaintiff admits this cause of action should be dismissed as to Girard, Ramsey, Estrada, Nitro, and Hibma. Williams's current allegations about Frangieh's conduct are insufficient to plausibly plead a claim of battery against Frangieh. The Sixth Cause of Action is DISMISSED, with leave to amend to allege the acts taken by Frangieh that allegedly constitute battery.

### C. Civil Code Section 51.7 & Civil Code Section 52.1

I addressed the Ralph Act claim asserted in the Seventh Cause of Action against the VCMC Defendants above. It is dismissed with leave to amend. The Bane Act "prohibits interference or attempted interference with a person's rights under federal or California law by 'threats, intimidation, or coercion.'" *Wyrzykowski v. Cty. of Marin*, No. 3:14-cv-03825-LB, 2015 WL 3613645, at *11 (N.D. Cal. Jun. 9, 2015) (quoting Cal. Civ. Code § 52.1(a)). Williams's Bane Act claim suffers from similar defects as the Ralph Act claim. The Eighth Cause of Action under the Bane Act is DISMISSED with leave to amend so that Williams can allege what acts each VCMC Defendant took against her that interfered or attempted to interfere with her rights under federal or California law through threats, intimidation, or coercion.

### D. Malicious Prosecution

The VCMC Defendants move to dismiss the Tenth Cause of Action for Malicious Prosecution because the Complaint lacks any assertion that any criminal action was filed against Williams as a result of the events on November 14, 2019. In her opposition, Williams contends that there was a criminal case filed. Williams is given LEAVE TO AMEND to allege that in an amended complaint.

Assuming a criminal case was filed, the VCMC Defendants argue that the only actions they are collectively alleged to have engaged in are making a call to the police and giving police statements. The only VCMC actor specifically identified in the Complaint as having taken any of those actions is Frangieh.

Under California law:

> To establish a malicious prosecution claim, a plaintiff must show (1) the defendants commenced the prior action or directed it, and the defendants pursued the action to legal termination in the plaintiff's favor; (2) the defendants brought the action without probable cause; and (3) the defendants initiated the action with malice. (*Sheldon Appel Co. v. Albert & Oliker* (1989) 47 Cal.3d 863, 871-872, 254 Cal.Rptr. 336, 765 P.2d 498; *Silver v. Gold* (1989) 211 Cal.App.3d 17, 22, 259 Cal.Rptr. 185.)

*Kim v. R Consulting & Sales, Inc.*, D076923, 2021 WL 3240297, at *4 (Cal. App. 4th Dist. July 30, 2021).

> "'One may be civilly liable for malicious prosecution without personally signing the complaint initiating the criminal proceeding.' [Citation.] 'The test is whether the defendant was actively instrumental in causing the prosecution.' [Citations.] 'Cases dealing with actions for malicious prosecution against private persons require that the defendant has at least sought out the police or prosecutorial authorities and falsely reported facts to them indicating that plaintiff has committed a crime.' "

*Greene v. Bank of America*, 216 Cal.App.4th 454, 463-464 (2013).

The Complaint fails to plausibly plead the elements of a malicious prosecution claim. The Tenth Cause of Action for Malicious Prosecution is DISMISSED with leave to amend. In the amended complaint, Williams must specifically allege the acts she believes that each VCMC Defendant took to "direct" the criminal prosecution, facts showing that defendants lacked probable cause to do so, and facts plausibly showing these defendants were acting with malice. She must also allege facts that plausibly show how each VCMC Defendant "sought out" authorities and falsely reported specific facts indicating Williams had committed a crime.

**CONCLUSION**

For the foregoing reasons:

The Fourteenth Amendment (First Cause of Action) claim is DISMISSED with leave to amend.

The *Monell* claim (Second Cause of Action) is DISMISSED with leave to amend.

The False Imprisonment claim against Frangieh (Fifth Cause of Action) is DISMISSED with prejudice.

The Battery claim (Sixth Cause of Action) against all VCMC staff *except* Frangieh is

9

DISMISSED with prejudice.  The Battery claim against Frangieh is DISMISSED with leave to amend.

The Ralph Act claim (Seventh Cause of Action) is DISMISSED with leave to amend.

The Bane Act claim (Eight Cause of Action) is DISMISSED with leave to amend.

The Negligent Hiring/Supervision/Training/Discipline claim (Ninth Cause of Action) is DISMISSED with prejudice.

The Malicious Prosecution claim (Tenth Cause of Action) is DISMISSED with leave to amend.

Plaintiff shall file her amended complaint no later than September 29, 2021.

**IT IS SO ORDERED.**

Dated: September 2, 2021



William H. Orrick
United States District Judge