| | |
|---|---|
| 1 | Marc G. Cowden SB No. 169391 |
| 2 | Adam Stoddard SB No. 272691 |
|   | ZENERE COWDEN & STODDARD APC |
| 3 | 2005 De La Cruz Blvd., Suite 240 |
|   | Santa Clara, CA 95050 |
| 4 | (408) 430-3551 |
| 5 | mcowden@zcslawfirm.com |
|   | astoddard@zcslawfirm.com |

Attorneys for Defendants MEGHAN RAMSEY, M.D. (sued herein as Meghan Claire Ramsey); DIANE DEL ROSARIO ESTRADA, R.N., (sued herein as Diane Del Rosario Estrada); ANITA GIRARD, C.N.O. (sued herein as Anita Girard); ARIANNA FRANGIEH, R.N.; EMILY NITRO, R.N. (sued herein as Emily Nitro); THE HOSPITAL COMMITTEE FOR THE LIVERMORE-PLEASANTON AREAS (sued here in as THE HOSPITAL COMMITTEE FOR THE LIVERMORE-PLEASANTON AREAS, a California Corporation, dba Stanford Health Care – ValleyCare); STANFORD HEALTH CARE (sued herein as STANFORD HEALTH CARE, a California corporation, dba Stanford Health Care – ValleyCare)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELLEN WILLIAMS, also known as ELLEN GIRMA, an individual, | Case No.: 3:20-CV-08720-WHO |
| Plaintiff, | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SANCTIONS (ISSUE, EVIDENCE, MONETARY, AND TERMINATING)** |
| vs. | |
| CITY OF PLEASANTON, CALIFORNIA; POLICE DEPARTMENT OF THE CITY OF PLEASANTON, CALIFORNIA; THE HOSPITAL COMMITTEE FOR THE LIVERMORE-PLEASANTON AREAS, a California corporation, dba Stanford Health Care - ValleyCare; STANFORD HEALTH CARE, a California corporation, dba Stanford Health Care - ValleyCare; KATIE EMMET; ANTHONY PITTL; BARRY BOCCASILE; MICHAEL BRADLEY; ARIANNA WELCH FRANGIEH; ANITA GIRARD; MEGHAN CLAIRE RAMSEY; DIANE DEL ROSARIO ESTRADA; EMILY NITRO; | Complaint Filed: December 9, 2020<br>First Amended Complaint: April 20, 2021<br>Second Amended Complaint: April 21, 2021<br>Third Amended Complaint: November 1, 2021<br>Fourth Amended Complaint: March 28, 2022<br><br>Date:  May 10, 2023<br>Time: 2:00 p.m.<br>Location:  Courtroom 2, 17th Floor<br>District Judge William H. Orrick |
| Defendants. | |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SANCTIONS (ISSUE, EVIDENCE, MONETARY, AND TERMINATING) - 1

**TABLE OF CONTENTS**

I.  INTRODUCTION AND STATEMENT OF FACTS ............................................................. 5

II. LEGAL ARGUMENT ........................................................................................................... 6

    A.  Plaintiff Should Be Sanctioned Pursuant to FRCP 37(b)(2) ......................................... 6

        i.   The First, Second and Fourth Factors Weigh in Favor of Terminating Sanctions ................................................................................................................ 7

        ii.  The Third Factors Weigh in Favor of Terminating Sanctions ............................ 8

        iii. The Fifth Factor Weighs in Favor of Terminating Sanctions ............................. 9

    B.  The Complaint Should be Dismissed Pursuant to FRCP 41(b) ................................. 13

III. CONCLUSION ..................................................................................................................... 14

# TABLE OF AUTHORITIES

Cases:

*Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406 (9th Cir.1990) .................................................. 11

*Anheuser–Busch, Inc. v. Natural Beverage Distributors*, 69 F.3d 337 (9th Cir.1995) ................ 12

*Atchison, Topeka and Santa Fe Ry. Co. v. Hercules Inc.*, 146 F.3d 1071 (9th Cir. 1998) ............ 6

*Bratton v. Ontario Police Dep't*, 2013 WL 6798003, *3 (C.D.Cal. Dec. 17, 2013) ...................... 8

*Calderon v. Holland*, 2014 WL 950367, *2 (E.D.Cal. Mar. 11, 2014) ......................................... 9

*Chambers v. NASCO, Inc.*, 501 U.S. 32, 44, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) ................ 13

*Clear Channel Entertainment/Televisa Music Corp. v. Mexico Musical, Inc.*,
252 Fed.Appx. 779 (9th Cir.2007) .................................................................................................. 7

*Commodity Futures Trading Comm'n v. Noble Metals Int'l, Inc.*,
67 F.3d 766 (9th Cir. 1995) ............................................................................................................ 7

*Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091 (9th Cir. 2007) ........... 7

*Dreith v. Nu Image, Inc.*, 648 F.3d 779 (9th Cir. 2011) ............................................................ 6, 7

*Ferdik v. Bonzelet*, 963 F.2d 1258 (9th Cir. 1992) ................................................................ 13, 14

*Fjelstad v. American Honda Motor Co.*, 762 F.2d 1334 (9th Cir.1985) ..................................... 12

*General Houses v. Marloch Mfg. Corp.*, 239 F.2d 510 (2d Cir.1956) ........................................ 12

*Ghazali v. Moran*, 46 F.3d 52 (9th Cir.1995) ............................................................................. 13

*Hells Canyon Preservation Council v. U.S. Forest Serv.*, 403 F.3d 683 (9th Cir. 2005) ............ 13

*Henry v. Gill Industries, Inc.*, 983 F.2d 943 (9th Cir. 1993) ........................................... 7, 11, 12

*Hester v. Vision Airlines, Inc.*, 687 F.3d 1162 (9th Cir. 2012) ...................................................... 7

*Hyde & Drath v. Baker*, 24 F.3d 1162 (9th Cir.1994) ................................................................ 12

*In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217 (9th Cir. 2006) ...... 8, 9, 14

*Jorgensen v. Cassiday*, 320 F.3d 906 (9th Cir. 2003) ................................................................ 12

*Lewis & Co. v. Thoeren*, 498 U.S. 1109, 111 S.Ct. 1019, 112 L.Ed.2d 1100 (1991) .................. 11

*Meeks v. Wells Fargo Bank*, 2014 WL 295171, *2 (E.D.Cal. Jan. 27, 2014) ............................... 8

*Payne v. Exxon Corp.*, 121 F.3d 503 (9th Cir.1997) ..................................................................... 11

*Rent-A-Center v. Canyon Television & Appliance Rental, Inc.*,
944 F.2d 597 (9th Cir. 1991) ........................................................................................................ 9

*Thompson v. Housing Auth. of City of L.A.*, 782 F.2d 829 (9th Cir. 1986) ................................. 13

*U.S. v. Maggitt*, 784 F.2d 590 (5th Cir. 1986) ............................................................................... 8

*Unigard Sec. Ins. Co. v. Lakewood Eng'g & Mfg. Corp.*, 982 F.2d 363 (9th Cir. 1992) ................

*United States ex rel. Wiltec Guam, Inc. v. Kahaluu Constr. Co.*,
857 F.2d 600 (9th Cir. 1988) ........................................................................................................ 7

*Valley Engineers Inc. v. Electric Eng. Co.*, 158 F.3d 1051 (9th Cir. 1998) .................................. 7

*Volcan Group, Inc. v. Omnipoint Comms., Inc.*, 552 Fed.Appx. 644 (9th Cir. 2014) ................. 12

*Webster v. Dep't of Veterans Affairs*, 551 Fed.Appx. 361 (9th Cir. 2014) .................................. 13

*Yourish v. California Amplifier*, 191 F.3d 983 (9th Cir.1999) ..................................................... 7

Statutes:

Fed. Civ. P. 37(b) ............................................................................................................................ 6

Fed. Civ. P. 37(b)(2) ......................................................................................................... 6, 11, 12, 13

18 U.S.C. § 1512 ............................................................................................................................. 8

## I. INTRODUCTION AND STATEMENT OF FACTS

Plaintiff, ELLEN WILLIAMS, has filed a lawsuit against Defendants MEGHAN RAMSEY, M.D. (sued herein as Meghan Claire Ramsey); DIANE DEL ROSARIO ESTRADA, R.N., (sued herein as Diane Del Rosario Estrada); ANITA GIRARD, C.N.O. (sued herein as Anita Girard); ARIANNA FRANGIEH, R.N.; EMILY NITRO, R.N. (sued herein as Emily Nitro); THE HOSPITAL COMMITTEE FOR THE LIVERMORE-PLEASANTON AREAS (sued here in as THE HOSPITAL COMMITTEE FOR THE LIVERMORE-PLEASANTON AREAS, a California Corporation, dba Stanford Health Care – ValleyCare); and STANFORD HEALTH CARE (sued herein as STANFORD HEALTH CARE, a California corporation, dba Stanford Health Care – ValleyCare) (collectively "Defendants") for battery and malicious prosecution.

Defendants are actively investigating these allegations and attempting to collect evidence to prepare this case for trial. Plaintiff on the other hand has done nothing to prepare her case for trial. She has not served any written discovery, she has not taken one deposition, and she has not served one subpoena. In a further effort to investigate Plaintiff's claims, Defendants have subpoenaed, and are in the process of coordinating, one of the witnesses' depositions that Plaintiff has identified in her initial disclosure. The witness, Quinlan Tom, is identified numerous times in the text messages that Plaintiff herself produced, in the text messages that this Court has already ruled can be used in discovery (not privileged), he has prepared multiple declarations on behalf of Plaintiff, and he sent at least one letter on behalf of Plaintiff and her husband to Defendants' facility.

On March 29, 2023, while attempting to coordinate Mr. Tom's deposition, defense counsel's legal assistant emailed an amended deposition notice, as well as a remote link to Mr. Tom, and the parties in this case. Plaintiff was obviously not copied on this email; however, her attorney was. A little more than an hour later, Plaintiff took it upon herself to email all defense counsel making false claims and hurling insults. (Stoddard Decl., Ex. B) Obviously, because Plaintiff was not copied on the email, she could have only received the email from someone who had forwarded it to her. Mr. Braden therefore forwarded her the email which he repeatedly does when he receives communications on this case. Plaintiff thereafter made a conscious and willful decision to respond to the email, and copy all defense counsel. At that time, Plaintiff also sought to improperly tamper with and influence Mr. Tom's anticipated testimony by instructing him on the matters he can testify to and the scope of his testimony.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SANCTIONS (ISSUE, EVIDENCE, MONETARY, AND TERMINATING) - 5

On August 25, 2022, this Court ordered that Plaintiff, ELLEN WILLIAMS, "SHALL NOT communicate with defense counsel or any defendant to this case (or employees of defendants to this case)." Plaintiff was warned that any future communications would subject Plaintiff to "personal monetary *or case sanctions* by the Court." [emphasis added] (Stoddard Decl., Ex. A, Dkt. 114) While the Court's order had initially silenced Plaintiff's unsolicited communications that were filled with personal attacks and insults, this was clearly short lived.

Defendants should not be subjected to direct communications from Plaintiff herself, especially when she is represented by an attorney and been specifically ordered not to communicate with the defense. Although this communication did not include vulgar curse words like in the past, the result is the same with several backhanded insults.

Defendants therefore request, that consistent with the Court's prior order (Dkt. 114), Plaintiff should be sanctioned accordingly. Defendants request terminating sanctions, and/or evidence/issue sanctions, as well as monetary sanctions for Plaintiff's willful violation of this Court's order as more fully requested below.

## II.     LEGAL ARGUMENT
### A. Plaintiff Should Be Sanctioned Pursuant to FRCP 37(b)(2).

Federal Rule of Civil Procedure 37 provides that sanctions may be imposed against a party for failing to make certain necessary disclosures in discovery, cooperate in discovery or ***comply with court orders.*** Fed. Civ. P. 37(b) permits sanctions if "a party or a party's officer, director, or managing agent—or a witness designated under Rule 30(b)(6) or 31(a)(4)—fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a)." "The definition of 'order' in Rule 37(b) has been read broadly." *Dreith v. Nu Image, Inc.*, 648 F.3d 779, 787 (9th Cir. 2011) (quoting *Unigard Sec. Ins. Co. v. Lakewood Eng'g & Mfg. Corp.*, 982 F.2d 363, 368 (9th Cir. 1992)). "Violations of a scheduling order may result in sanctions, including dismissal under Rule 37(b)(2)(C)." *Id.* (quoting *Atchison, Topeka and Santa Fe Ry. Co. v. Hercules Inc.*, 146 F.3d 1071, 1073 (9th Cir. 1998)). "But Rule 37(b)(2)'s requirement that there be some form of court order that has been disobeyed has not been read out of existence; Rule 37(b)(2) has never been read to authorize sanctions for more general discovery abuse." *Unigard*, 982 F.2d at 368.

If sanctions are imposed pursuant to FRCP 37(b)(2)(A)(i)-(vi), FRCP 37(b)(2)(C) requires that "[i]nstead of or in addition to the [sanctions identified by FRCP 37(b)(2)(A)], the court must order the disobedient party, the attorney advising that party, or both

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SANCTIONS (ISSUE, EVIDENCE, MONETARY, AND TERMINATING) - 6

to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."

In addition to authority provided by FRCP 37, "[c]ourts are invested with inherent powers that are governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Unigard*, 982 F.2d at 368. "Sanction orders taking the plaintiff's allegations as established and awarding judgment on that basis are 'the most severe penalty,' and are authorized only in 'extreme circumstances.'" *Commodity Futures Trading Comm'n v. Noble Metals Int'l, Inc.*, 67 F.3d 766, 770-71 (9th Cir. 1995) (quoting *United States ex rel. Wiltec Guam, Inc. v. Kahaluu Constr. Co.*, 857 F.2d 600, 603, 603 n.5 (9th Cir. 1988)). "To justify the imposition of such a harsh sanction, the district court must find that the violations were 'due to willfulness, bad faith, or fault of the party.'" *Noble Metals*, 67 F.3d at 771 (quoting *Kahaluu Constr.*, 857 F.2d at 603). "A court must consider the following five factors before striking a pleading or declaring default: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the other party; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions.'" *Hester v. Vision Airlines, Inc.*, 687 F.3d 1162, 1169 (9th Cir. 2012) (quoting *Dreith*, 648 F.3d at 788). "The sub-parts of the fifth factor are whether the court has considered lesser sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of case-dispositive sanctions." *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007).

### i. The First, Second and Fourth Factors Weigh in Favor of Terminating Sanctions.

The Court should note Ninth Circuit precedent holding that where it is the violation of a court order which serves as the basis for terminating-sanction request, factors 1 and 2 (public interest in expeditious resolution of litigation and the court's need to manage its docket) support a terminating sanction (*Clear Channel Entertainment/Televisa Music Corp. v. Mexico Musical, Inc.,* 252 Fed.Appx. 779, 780 (9th Cir.2007); *Yourish v. California Amplifier,* 191 F.3d 983, 990-91 (9th Cir.1999)) while factor 4 (the public policy favoring disposition of cases on their merits) weighs against such a sanction, leaving the third and fifth factors as the critical ones. (citing *Valley Engineers,* 158 F.3d at 1057, and *Henry,* 983 F.2d at 948). This statement however, should be qualified by noting that the public policy favoring disposition of cases on their merits

is *not* furthered by litigants, like Plaintiff, who willfully obstruct the discovery process, continually violate orders of this Court and have done nothing to prosecute her case. As mentioned above, Plaintiff herself has not served one discovery request, not taken one deposition, and not served one subpoena. (citing *In re PPA*, 460 F.3d 1217, 1228 (9th Cir. 2006); *cf. also Meeks v. Wells Fargo Bank,* 2014 WL 295171, *2 (E.D.Cal. Jan. 27, 2014) ("Only the public policy favoring disposition on the merits counsels against dismissal. However, a plaintiffs' failure to prosecute the action in any way makes disposition on the merits an impossibility. [T]herefore...this action [will] be dismissed due to plaintiffs' failure to prosecute as well as their failure to comply with the court's orders."); *Bratton v. Ontario Police Dep't,* 2013 WL 6798003, *3 (C.D.Cal. Dec. 17, 2013) ("By failing to inform the Court of her current address, to file a First Amended Complaint, and to respond to the ... OSC, plaintiff has not discharged this responsibility. In these circumstances, the public policy favoring resolution of disputes on the merits does not outweigh plaintiff's failure to comply with court orders or move the case forward.").

Thus, the first, second and fourth factors all weigh in favor of terminating sanctions.

### ii. The Third Factors Weigh in Favor of Terminating Sanctions.

As to the third factor (the risk of prejudice to the other parties), the Court must consider whether the party's discovery violations "make it impossible for a court to be confident that the parties will ever have access to the true facts." *Connecticut General Life Ins. Co. v. New Images of Beverly Hills* 482 F.3d 1091 (2007). Here, it is readily apparent that Plaintiff's conduct has impaired Defendants ability to proceed and has damaged the "integrity of the discovery process [such] that there can never be assurance of proceeding on the true facts." *Id.* Plaintiff has obstructed the written discovery process, obstructed her deposition (twice now), has obstructed third-party depositions, and is now attempting to obstruct another third-party deposition (Mr. Tom). As discussed above, Plaintiff's email to Mr. Tom attempts to tamper with and influence his anticipated testimony.

Under the Victim and Witness Protection Act of 1982 anyone who knowingly intimidates, threatens or harasses another with the intent to influence testimony is guilty of a federal offense. 18 U.S.C. § 1512. It is the endeavor to influence a witness, not whether the witness was actually influenced, that is forbidden. In order to determine the intent of the accused tampering party, the courts look to whether the act complained of would have a reasonable tendency to influence the witness. *U.S. v. Maggitt,* 784 F.2d 590, 593 (5th Cir. 1986).

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SANCTIONS (ISSUE, EVIDENCE, MONETARY, AND TERMINATING) - 8

It is within the district court's equitable powers to sanction violations of section 1512(a) in a civil trial. *Rent-A-Center v. Canyon Television & Appliance Rental, Inc.,* 944 F.2d 597 (9th Cir. 1991).

Plaintiff emailed Mr. Tom and improperly instructed him on the scope of his testimony and what he can testify to. This is grossly improper given that Mr. Tom has submitted declarations in this case, and other cases, he sent letters on behalf of Plaintiff and her husband to Defendants facility, he is copied on text messages that Plaintiff herself produced in litigation, and text messages which Mr. Rui produced that the Court has deemed not privileged. Thus, there are many areas of inquiry which Mr. Tom can be questioned on and Plaintiff's attempt to obstruct this deposition before it even starts and improperly influence his testimony is prejudicial. (Stoddard Decl., Ex. C – non-exhaustive list of documents Mr. Tom will be questioned about) The integrity of the discovery process has been severely tainted by Plaintiff's obstructionist behavior.

Furthermore, the simple fact that multiple motions have needed to be filed in order to obtain discovery in this case is ample ground to find prejudice. (*In re Phenylpropanolamine (PPA) Prod. Liab. Litig.,* 460 F.3d 1217, 1236 (2006) ["Prejudice from unreasonable delay is presumed. Failure to produce documents as ordered is sufficient prejudice, whether or not there is belated compliance."]) Therefore, this factor weighs in favor of terminating sanctions as well.

### iii. The Fifth Factor Weighs in Favor of Terminating Sanctions.

As to the fifth factor, the Court should conclude that there is no reason to believe that sanctions short of dismissal would induce Plaintiff to comply with discovery obligations and orders of this Court. "Accordingly, no other alternative to dismissal is appropriate." *Calderon v. Holland,* 2014 WL 950367, *2 (E.D.Cal. Mar. 11, 2014).

Here, Plaintiff has filed a Complaint against all seven (7) of the Hospital Defendants. Plaintiff alleges battery against FRANGIEH and the two entity Defendants, and malicious prosecution against all 7 of these Defendants. In order to investigate the allegations, including identification of the witnesses and documents which will support these allegations against all 7 of these Defendants, they each served written discovery to Plaintiff on December 2, 2021. Plaintiff's responses were due on January 3, 2022; however, Plaintiff failed to serve any responses. Defendants thereafter filed a Motion to Compel (Dkt. 95) which Plaintiff did not oppose (Dkt.

99), therefore, the Court ordered monetary sanctions and granted Defendants' Motion to Compel. (Dkt. 100)

Ultimately Plaintiff did serve discovery responses; however, they were grossly deficient. Thus, Defendants also had to bring a motion to compel further responses. On October 11, 2022, Plaintiff was ordered to serve amended responses to the request for production of documents and interrogatories. (Dkt. 131)

During Plaintiff's first session of her deposition (March 28, 2022), she refused to answer a number of straightforward questions. Thus, the Police Defendants were forced to bring a motion to compel further responses. On September 21, 2022, Plaintiff was Ordered to sit for a second session of her deposition and ordered not to refuse to answer questions based on "relevance." (Dtkt. 128) Plaintiff's second session of deposition has now been taken; however, again, Plaintiff refused to answer many straightforward questions. Therefore, Defendants will be bringing a second motion to compel further responses from Plaintiff at deposition.

Plaintiff also sought to prevent the disclosure and use of documents (mostly text messages and emails) in this case produced by third-party, Jonathan Rui. This necessitated yet another round of motions in order to get an order that the vast majority of the documents were not privileged and could be used in the case. (Dkt. 139) This severely delayed the discovery and trial of this case as all discovery was at a standstill until a ruling on the documents could be made.

Due to Plaintiff's direct communications and attacks on defense counsel, as discussed above, Defendants filed a motion requesting that the Court order that Plaintiff was precluded from sending any future communications directly to defense counsel. The Court thereafter ordered that Plaintiff "SHALL NOT communicate with defense counsel…" and any future communications would subject Plaintiff to personal monetary *or case sanctions* by the Court. (Dkt. 114) Therefore, Plaintiff has already received very explicit and unambiguous orders from the Court that future communications from her to defense counsel could result in case sanctions. Plaintiff has now violated this Court's order and is also attempting to continue to obstruct the discovery process. This was willful and deliberate. If Plaintiff wanted, she could have simply emailed the witness (Mr. Tom) directly. Instead, she made a conscious decision to copy *all defense counsel* on her email, and take personal shots and make false claims.

The Court may, in deciding whether to grant a motion for sanctions, "properly consider all of a party's discovery misconduct..., including conduct which has been the subject of earlier

sanctions." *Payne v. Exxon Corp.,* 121 F.3d 503, 508 (9th Cir.1997); *Adriana Int'l Corp. v. Thoeren,* 913 F.2d 1406, 1412 (9th Cir.1990), *cert. denied sub nom., Lewis & Co. v. Thoeren,* 498 U.S. 1109, 111 S.Ct. 1019, 112 L.Ed.2d 1100 (1991).

Clearly ordering monetary sanctions was insufficient to curtail Plaintiff's discovery abuses and she has now completely disregarded a direct order from this Court. *see Henry,* 983 F.2d at 948 (affirming dismissal after district court tried monetary sanctions, which failed to curb plaintiff's discovery abuses); *Adriana Int'l Corp.,* 913 F.2d at 1413 (court satisfied consideration of alternatives requirement when it first imposed monetary sanctions and subsequently dismissed the case when the monetary sanctions proved ineffective to prevent plaintiff's "willful disruption of the discovery process") Plaintiff has now disregarded this Court's Order that she not directly communicate with Defense counsel and she is again, attempting to disrupt the discovery process by instructing a third-party witness on the scope of what he can testify to. This is inappropriate and should be sanctioned accordingly.

As indicated above, this Court should consider "all of [Plaintiff's] discovery misconduct" when determining to order sanctions. *Payne,* at 508. As detailed above, Plaintiff's discovery misconduct extends well beyond her failure to timely respond to discovery requests, answer questions at deposition, and now her failure to comply with this Court's order regarding communications.

Defendant therefore requests that the Court order the following pursuant to FRCP 37(b)(2):

    i.    Directing that designated facts be taken as established for purposes of the action, as the Defendants claim (namely Plaintiff has no evidence that any of the Defendants committed a battery against her and Plaintiff has no evidence to support her malicious prosecution claim);

    ii.    Prohibiting Plaintiff from supporting the claims of battery and malicious prosecution, or from introducing evidence in support thereof;

    iii.    Striking the operative Complaint with prejudice against these moving Defendants;

    iv.    Dismissing the action with prejudice in whole against these moving Defendants; and

    v.    Treating as contempt of court the failure to obey this Court's Order (Dkt. 114).

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SANCTIONS (ISSUE, EVIDENCE, MONETARY, AND TERMINATING) - 11

(FRCP 37(b)(2)(A)(i-vii).)

Defendants request that Plaintiff and her attorney, pay additional monetary sanctions (Stoddard Decl., ¶ 5) for their disobedience and failure to comply with Orders of this Court which has necessitated the filing of another motion. If the Court is not inclined to dismiss this case in its entirety, for what it's worth, Defendants request a second order from this Court precluding Plaintiff, Ellen Williams, from any further direct communication with any of the defense attorneys in this case and if she again violates this order, that the case be summarily dismissed. Her actions, and the actions of her attorney, are unprofessional, insulting, rude, and should not be tolerated.

In order to impose the sanction of dismissal, a court must first find that plaintiff's noncompliance was due to "willfulness, bad faith, or fault." (quoting *Henry v. Gill Industries, Inc.,* 983 F.2d 943, 946); *see also Anheuser–Busch, Inc. v. Natural Beverage Distributors,* 69 F.3d 337, 348 (9th Cir.1995) (citing *Henry,* 983 F.2d at 946 (quoting *Fjelstad v. American Honda Motor Co.,* 762 F.2d 1334, 1337 (9th Cir.1985))). *See, e.g., Volcan Group, Inc. v. Omnipoint Comms., Inc.,* No. 12–35217, 2014 WL 68488, *2, 552 Fed.Appx. 644, 646 (9th Cir. Jan. 9, 2014) (affirming dismissal as a sanction) ("The record also supports the district court's finding that Netlogix's spoliation of evidence resulted from 'willfulness, fault, or bad faith.'") (quoting *Anheuser–Busch,* 69 F.3d at 348).

Willfulness, bad faith, or fault does not require wrongful intent; rather disobedient conduct not shown to be outside the party's control is by itself sufficient to establish willfulness, bad faith, or fault. *Jorgensen v. Cassiday,* 320 F.3d 906, 912, and citing *Henry,* 983 F.2d at 948); *see also Hyde & Drath v. Baker,* 24 F.3d 1162, 1167 (9th Cir.1994) (citing *Henry,* 983 F.2d at 948). The Court should note that Plaintiff will be unable to show that her repeated failure to comply with discovery obligations imposed on her by the Federal Rules and by this Court's Orders were "outside [her] control." *See Hyde & Drath,* 24 F.3d at 1167 ("Given the lack of proof corroborating Stonehaven's claim [that it had been dissolved and had no current officers and no former officers under its control to send to the depositions], the court did not abuse its discretion in finding Stonehaven at fault and in imposing sanctions.") (contrasting *General Houses v. Marloch Mfg. Corp.,* 239 F.2d 510 (2d Cir.1956) (reversing order which dismissed complaint as a discovery sanction, because plaintiff's counsel had submitted affidavits corroborating his claim that "at the time deposition was noticed, its client no longer had any officers who knew about the transactions nor any control over the former officers who had such knowledge")). When

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SANCTIONS (ISSUE, EVIDENCE, MONETARY, AND TERMINATING) - 12

Plaintiff's attorney, forwarded the March 29, 2023 scheduling email for Mr. Tom's deposition to Plaintiff, she then made a conscious decision to copy all defense counsel on her response. This was a willful choice to violate the Court's prior order regarding communication. She was well aware she was not to communicate with defense counsel, yet she did so anyways.

Accordingly, this Court would be right to find that Plaintiff's violation of this Court's Order (Dkt. 114) was willful. Her email to the witness also seeks to obstruct the discovery process by attempting to limit the scope of his testimony. *see Webster v. Dep't of Veterans Affairs,* 551 Fed.Appx. 361, 361, 2014 WL 23785, * 1 (9th Cir. Jan. 2, 2014) ("The district court did not abuse its discretion by imposing terminating sanctions under Fed.R.Civ.P. 37(b)(2) on the basis of Webster's willful violations of the court's discovery orders that prevented defendants from conducting meaningful discovery.").

Therefore, Defendants request that the Court order terminating sanctions as discussed above, or issue/evidence sanctions, as well as monetary sanctions. (Stoddard Decl., ¶ 5)

**B.   The Complaint Should be Dismissed Pursuant to FRCP 41(b).**

Case law is in accord that a district court may impose sanctions, *including involuntary dismissal of a plaintiff's case* pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or fails to comply with the court's orders, the Federal Rules of Civil Procedure, or the court's local rules. *See Chambers v. NASCO, Inc.,* 501 U.S. 32, 44, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) (recognizing that a court "may act *sua sponte* to dismiss a suit for failure to prosecute"); *Hells Canyon Preservation Council v. U.S. Forest Serv.,* 403 F.3d 683, 689 (9th Cir.2005) (stating that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); *Ghazali v. Moran,* 46 F.3d 52, 53 (9th Cir.1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal."); *Ferdik v. Bonzelet,* 963 F.2d 1258, 1260 (9th Cir.1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court."); *Thompson v. Housing Auth. of City of L.A.,* 782 F.2d 829, 831 (9th Cir.1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal).

As discussed above, the same five factor test is used in determining whether to dismiss a case for failure to prosecute, failure to comply with a court order, or failure to comply with a

district court's local rules. *See, e.g., Ferdik v. Bonzelet,* 963 F.2d 1258, 1260 (9th Cir. 1992). Specifically, the court must consider:

> (1) the public's interest in expeditious resolution of litigation;
>
> (2) the court's need to manage its docket;
>
> (3) the risk of prejudice to the defendants;
>
> (4) the public policy favoring disposition of cases on their merits; and
>
> (5) the availability of less drastic alternatives.

The Ninth Circuit Court of Appeals has stated that "[t]hese factors are not a series of conditions precedent before the judge can do anything, but a way for a district judge to think about what to do." *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.,* 460 F.3d 1217, 1226 (9th Cir.2006).

As discussed above, factors 1-5, all weigh in favor of dismissal. Plaintiff failed to serve timely discovery responses, eventually served deficient discovery responses which necessitated a motion to compel further responses, failed to comply with this Court's Order (Dkt. 114) regarding communications, refused to answer questions at her deposition necessitating another motion, and has willfully obstructed the discovery process at every opportunity. Plaintiff herself, has also done absolutely nothing to prosecute her case. The close of fact discovery is upon us, and she has still yet to serve one discovery request, take one deposition, or issue one subpoena. Defendants have been prejudiced by Plaintiff's delay tactics and obstructionist behavior. Therefore, Defendants respectfully requests that the Court dismiss this action with prejudice.

## III.   CONCLUSION

For the reasons discussed above, Defendants respectfully request that the Court dismiss this case with prejudice. If the Court is not so inclined to do so, Defendants request that the Court order issue and evidence sanctions as requested above. Defendants also request that the Court order further monetary sanctions. (Stoddard Decl., ¶ 5)

///
///
///
///
///

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SANCTIONS (ISSUE, EVIDENCE, MONETARY, AND TERMINATING) - 14

| | |
|---|---|
| Dated: March 31, 2023 | ZENERE COWDEN & STODDARD APC |
| | *[signature]* |
| | MARC COWDEN |
| | ADAM STODDARD |
| | Attorneys for Defendants MEGHAN RAMSEY, M.D. (sued herein as Meghan Claire Ramsey); DIANE DEL ROSARIO ESTRADA, R.N., (sued herein as Diane Del Rosario Estrada); ANITA GIRARD, C.N.O. (sued herein as Anita Girard); ARIANNA FRANGIEH, R.N.; EMILY NITRO, R.N. (sued herein as Emily Nitro); THE HOSPITAL COMMITTEE FOR THE LIVERMORE-PLEASANTON AREAS (sued here in as THE HOSPITAL COMMITTEE FOR THE LIVERMORE-PLEASANTON AREAS, a California Corporation, dba Stanford Health Care – ValleyCare); STANFORD HEALTH CARE (sued herein as STANFORD HEALTH CARE, a California corporation, dba Stanford Health Care – ValleyCare) |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SANCTIONS (ISSUE, EVIDENCE, MONETARY, AND TERMINATING) - 15