JAMES M. BRADEN (State Bar No. 102397)
601 Montgomery Street, Suite 315
San Francisco, CA 94111
Telephone: (415) 398-6865
Facsimile: (415) 788-5605
Email: Braden@sf-lawyer.com

Attorney for Plaintiff Ellen Williams

**SABHARWAL LAW OFFICES**
Sunena Sabharwal, SBN 148237
1816 Fifth Street
Berkeley, CA  94710
Telephone (510) 665-8777
Facsimile (510) 665-8778
Email:  sunenas@hotmail.com

Attorneys for ELLEN WILLIAMS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELLEN WILLIAMS, also known as ELLEN GIRMA, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF PLEASANTON, CALIFORNIA; POLICE DEPARTMENT OF THE CITY OF PLEASANTON, CALIFORNIA; THE HOSPITAL COMMITTEE OF THE LIVERMORE-PLEASANTON AREAS, a California corporation, dba Stanford Health Care – ValleyCare; STANFORD HEALTH CARE, a California corporation, dba Stanford Health Care – ValleyCare; VALLEYCARE MEDICAL FOUNDATION, a California corporation; KATIE EMMET; ANTHONY PITTL; BARRY BOCCASILE; MICHAEL BRADLEY; ARIANNA WELCH FRANGIEH; ANITA GIRARD; MEGHAN CLAIRE RAMSEY; | Case No.: 3:20-CV-08720-WHO<br><br>PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION FOR SANCTIONS (ISSUE, EVIDENCE, MONETARY, AND TERMINATING); AND PLAINTIFF'S COUNTER REQUEST FOR ATTORNEY'S FEES. |

| | |
|---|---|
| 1 | DIANE DEL ROSARIO ESTRADA; EMILY NITRO; FRANS HIBMA; |
| 2 | |
| 3 | Defendants. |

## INTRODUCTION

Defendant's motion for a dismissal or evidentiary sanctions must fail because Defendant's citation solely to discovery abuse statutes / caselaw are irrelevant to any purported violation of the Court's order, which is not a discovery order. Defendants further, having couched their motion as a discovery motion, failed to comply with the Court's standing orders regarding discovery disputes by failing to meet and confer, failing to issue a letter brief and instead filing a motion, despite a prior warning in a court order to be mindful of the court's procedures.

Nor do defendants make an argument that the conduct is a contempt, presumably because they realize that the order with the required language to prosecute a contempt does not comply with the law of contempts. Defendants could have submitted a proper order but failed to do so.

Plaintiff explains in her declaration that she understood that the court ordered her not to directly communicate with defense counsel. She did copy them on an email she sent to Mr. Tom. The threat of dismissing the entire case due to this misunderstanding would be unconscionable, and that the defendants ask for such a severe and ultimate penalty should itself be sanctioned. Plaintiff seeks fees as sanctions in the amount of $3,000 for six hours of attorney-time to oppose the motion. (Declaration of Sunena Sabharwal filed herewith).

## STATEMENT OF RELEVANT FACTS

The Court's order states that plaintiff "shall not communicate with defense counsel or any defendant to this case (or employees of defendants to this case). Any such future

communications will subject Williams to personal monetary or case sanctions by the Court." (Stoddard Decl., Exhibit A).

Mr. Stoddard intentionally mischaracterizes Plaintiff's email as "making false claims and hurling insults." (Defendant's Memorandum, p. 5, line 23.). He does not explain how that is so. There are no insults whatsoever made towards any counsel. She provides the history of litigation in two cases to Mr. Tom.  References to motions lost by defendants are not insults.

LEGAL ARGUMENT

I.   MOVING DEFENDANTS FAILED TO MEET AND CONFER BEFORE FILING THEIR MOTION FOR SANCTIONS INCLUDING EVIDENTIARY / TERMINATING SANCTIONS.

Moving defendants request that this court issue monetary, evidentiary and/or terminating sanctions because Plaintiff copied them on communications to a third party. They cite to statutes and case law governing discovery motions, and they argue that discovery including evidentiary or terminating sanctions are proper.   Defendants have failed to comply with this Court's clear orders to their attorney, that prior to the filing of a discovery motion, defendants must meet and confer.  Any dispute regarding discovery must be brought to the Court's attention by a letter brief.  Defense counsel was once again reminded of this procedure at the status conference held on April 11, 2023.  Plaintiff's counsel inquired whether they would drop the motion and proceed, as required by this court, via letter brief.  They declined.

The Court should weigh the error of counsel failing to meet and confer as required by the court's standing orders, then again stated in a court order, and yet again, reminded of the procedure at the April 11, 2023 case management conference,

against a layperson's understanding of the scope of the court's no communication order. Furthermore, "case sanctions" does not mean "dispositive" or "terminating" sanctions and it would be unfair to interpret into the order "death-nell" sanctions, particularly where the conduct of a lay-person is involved.  Discovery violations often, not always, involve some action by a party's counsel, who must prepare and serve the discovery. The incident involving the copied email is not something that counsel had any control over, and thus the kind of sanctions reserved for discovery violations cannot be imposed here, where there was no opportunity to correct or counsel.

The Court ordered:

> In the future counsel should adhere to the procedures outlined in my Standing Order for Civil Cases. See https://cand.uscourts.gov/judges/orrick-william-h-who/. Discovery disputes must be submitted through a joint discovery dispute statement. If a joint statement is not possible, for example because one side refuses to meet and confer, the moving party should simply submit a brief individual statement of two pages or less and not a motion to compel.

(Fn. 1, Order filed May 26, 2022.)

Here there was no effort whatsoever to meet and confer, no joint statement to set forth each party's position, and no brief individual statement. Instead, moving defendants filed a fifteen-page memorandum with 33 case citations (many for general and irrelevant propositions), seeking terminating sanctions no less, for a single email on which they were copied.  There has not been any discovery violation.

II.  DEFENDANTS ERRONEOUSLY CHARACTERIZE THE ORDER AND OFFENDING CONDUCT AS DISCOVERY IN NATURE; THEY CITE NO AUTHORITY THAT EVIDENTIARY OR TERMINATING SANCTIONS ARE AVAILABLE FOR THE COPIED EMAIL.

Defendants erroneously cite to Federal Rule of Civil Procedure, rule 37, which provides for sanctions pursuant to discovery orders.  The order is not a discovery

order. Nowhere in the order is there any reference to discovery. The motion should be rejected based upon its improper premise that discovery statutes and sanctions apply and that no other valid authority for sanctions was cited.

However, if the Court determines that it is a discovery order, then a terminating sanction is too severe as a first sanction, particularly where there was no direct communication by Plaintiff to defense counsel. *It is notable and significant, that Mr. Stoddard and Plaintiff communicate directly and mutually with one another, in another case.* (Plaintiff's Declaration in support of this opposition, p. 3 and Exhibit 3). One can see how Plaintiff may have been under the impression that the email she sent was innocent and not a violation of the order.

Defendant correctly explains that "Sanction orders taking the plaintiff's allegations as established and awarding judgment on that bases are 'the most severe penalty," and are authorized only in 'extreme circumstances." (Defendant's memorandum of points and authorities, hereinafter "MPA," p. 7, lines 5-8, citation omitted). There is no "extreme circumstance" presented by the Plaintiff's copied email.

As for the allegation that Plaintiff tampered with evidence by communicating with her former counsel, that is also a mischaracterization. She communicates what she understands to be the issues in the case. Mr. Quinlan Tom, an attorney, will understand the distinction between the email relaying Plaintiff's understanding of the issues and testifying truthfully.

Defendants assert that Rule 37(b) orders have been ready "broadly" to include scheduling orders, in an effort to hammer the square peg of the offending copied email

into the parameters of the order. (MPA, p. 6, lines 19-20.). The order at issue has nothing whatsoever to do with discovery, not with scheduling discovery, responding to it, nor any other aspect of discovery. Because defendants have failed to cite to any supporting law in their motion applicable to the conduct complained of, the motion should be denied. None of the five factors defendants assert must be weighed before striking a pleading or declaring a default, have applicability in this situation. Plaintiff's copying of an email did not impede the "public's interest in expeditious resolution of litigation; did not impede the court's ability to manage its docket (except insofar as Defendants filed a motion in violation of the Court's standing orders), and did not prejudice the defendants. The policy of favoring disposition of cases on their merits and availability of less drastic sanctions, weighs heavily against any evidentiary or dispositive case sanction. (See, MPA, p. 7, lines 11-15.).

      Defendant's argument that Plaintiff's failure to conduct discovery justifies an evidentiary or dispositive sanction has no support. Defendants misapply *In re PPA*, 460 F.3d 1217, 1229 (9th Cir. 2006), which involved thousands of cases in multi-district litigation, where some of the plaintiffs did not complete their fact sheets or provide their medical records. These were specific CMOs mandating that certain things be done, not optional discovery by the Plaintiffs. The proposition that a plaintiff's failure to conduct discovery can warrant a dismissal is not one that is found in that case. *Meeks v. Wells Fargo*, 2014 WL 295171 does not apply either because that case involved plaintiffs' failure to pay their filing fees. It had nothing to do with discovery.

6
PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION FOR SANCTIONS
Case No.: 3:20-CV-08720- WHO

Defendant reargues failed arguments that there have been past discovery squabbles. The reason for this is apparent, it is once again an effort to turn an act that has nothing to do with discovery, into a grounds for discovery sanctions. Defendant in effect attempts to have the Court reconsider its prior discovery rulings.

III. PLAINTIFF'S EMAIL TO MR. TOM DID NOT ATTEMPT TO INFLUENCE HIS TESTIMONY.

Plaintiff's email merely reiterates her understanding of the procedural history, states that she will not waive the attorney-client privilege, and what she understands is not encompassed in that privilege. There is no intimidation, threats or harassment with the intent to influence testimony (See, MPA, p. 8, lines 24-26.)

IV. NOT EVEN CONTEMPT SANCTIONS WOULD BE AVAILABLE.

Contempts are governed by Rule 65(d)(1)(A-C), which requires that any order prohibiting conduct state:

> d) Contents and Scope of Every Injunction and Restraining Order.
> (1) *Contents*. Every order granting an injunction and every restraining order must:
> (A) state the reasons why it issued;
> (B) state its terms specifically; and
> (C) describe in reasonable detail--and not by referring to the complaint or other document--the act or acts restrained or required.
> Fed. Rules Civ.Proc., rule 65, 28 U.S.C.A.

Defendants failed to present an order that contained these mandatory provisions, and as such, the motion cannot be granted as a contempt. The court does, of course, have the power to enforce its own orders, and to impose penalties to ensure compliance. But due to the language of the order, which may be ambiguous to a layperson, it would be unfair to impose anything other than a small monetary sanction and further clarification about the scope of the order. Even if the copied email is a violation of the order, it is a first offense since it was imposed and therefore severe

7
PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION FOR SANCTIONS
Case No.: 3:20-CV-08720- WHO

sanctions such as evidentiary or monetary sanctions would be grossly unjust. It is imperative to remember that Mr. Stoddard repeatedly emails Plaintiff in a state court action. That is more concerning than Plaintiff's copied email, particularly in light of these facts. It is intended to confuse Plaintiff about what she can and can not do in regards to communications. All counsel have been guilty of confusing the state court and Federal cases. (See, Declaration of James Braden). It would be unfair to punish Plaintiff while rewarding defendants for their counsel's efforts to create confusion.

It is further outrageous that Defendant seeks to have sanctions imposed against Plaintiff's attorney for the copied email. That sanctions request, intended to chill Plaintiff's counsel, should be rejected and defense counsel should be admonished for making such a request.

V. WHETHER OR NOT PLAINTIFF HAS CONDUCTED DISCOVERY IS IRRELEVANT AND NOT A JUSTIFICATION FOR GRANTING THE MOTION.

If defendants think they have an undisputed defense, they may file a motion for summary judgment. Whether Plaintiff has or has not conducted discovery is irrelevant to the purported violation of the Court's conduct order. Plaintiff has propounded close to a dozen discovery requests and is setting ten depositions of defense witnesses. Defendants have taken Plaintiff's deposition twice and there are more depositions scheduled by them.

Plaintiff, in an abundance of caution, wishes the Court to understand her concerns about the discovery history. That is set forth in her declaration in opposition to the motion.

## CONCLUSION

For all of the foregoing reasons, Plaintiff requests that the court deny the motion and sanction the Hospital and joining defendants in the sum of $3,000.

Dated:  4-13-23                                    SABHARWAL LAW OFFICES

_____
Sunena Sabharwal