JAMES M. BRADEN (State Bar No. 102397)
601 Montgomery Street, Suite 315
San Francisco, CA 94111
Telephone: (415) 398-6865
Facsimile: (415) 788-5605
Email: Braden@sf-lawyer.com

Attorney for Plaintiff Ellen Williams

**SABHARWAL LAW OFFICES**
Sunena Sabharwal, SBN 148237
1816 Fifth Street
Berkeley, CA  94710
Telephone (510) 665-8777
Facsimile (510) 665-8778
Email:  sunenas@hotmail.com

Attorneys for ELLEN WILLIAMS

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELLEN WILLIAMS, also known as ELLEN GIRMA, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF PLEASANTON, CALIFORNIA; POLICE DEPARTMENT OF THE CITY OF PLEASANTON, CALIFORNIA; THE HOSPITAL COMMITTEE OF THE LIVERMORE-PLEASANTON AREAS, a California corporation, dba Stanford Health Care – ValleyCare; STANFORD HEALTH CARE, a California corporation, dba Stanford Health Care – ValleyCare; VALLEYCARE MEDICAL FOUNDATION, a California corporation; KATIE EMMET; ANTHONY PITTL; BARRY BOCCASILE; MICHAEL BRADLEY; ARIANNA WELCH FRANGIEH; | Case No.: 3:20-CV-08720-WHO<br><br>AMENDED DECLARATION OF ELLEN WILLIAMS TO ADD SIGNATURE IN OPPOSITION TO DEFENDANTS' MOTION FOR SANCTIONS (ISSUE, EVIDENCE, MONETARY, AND TERMINATING) |

1

**Case No.: 3:20-CV-08720- WHO**

1
2  ANITA GIRARD; MEGHAN CLAIRE
   RAMSEY;
3  DIANE DEL ROSARIO ESTRADA; EMILY
   NITRO; FRANS HIBMA;
4
   Defendants.
5

6

7       I, Ellen Williams, hereby make this declaration of my own personal knowledge and if

8  called to testify, I would testify to the truth of the matters stated herein.

9       I feel as though my side of the story has not been accurately represented to this Court. I

10 would like to give a brief background history that explains the events that led to this litigation

11 and why this litigation has been so frustrating from my point of view.

12      But first, I will directly address the main two issues the defense attorneys raised, e-mail I

13 sent and discovery.

14      On August 25, 2022, this Court issued an order the defense attorneys say I violated. The

15 order was forwarded to me by Mr. Braden without any explanation, which is attached hereto as

16 **Exhibit 1**. I understood the order to mean that I am not to communicate with the defense

17 directly. My e-mail communication was directly to Mr. Quinlan Tom, and not to the defense,

18 and therefore, I did not believe my communication with Mr. Tom with copies to the defense to

19 be a violation of this Court's order of August 25, 2022, since my communication is not directly

20 to the defense.

21      To elaborate further, Mr. Tom is my husband's and my former attorney and I asked my

22 attorney, Mr. James Braden, to file a motion to quash the subpoena on the basis of attorney-client

23 privilege but he refused. Subsequently, Mr. Tom called me and told me that it is his view that all

24 of our communications are protected by attorney-client privilege and he will refuse to testify at

25

26

27

28
                                            2

the deposition unless we are willing to waive our attorney-privilege.  I told Mr. Tom that we are not willing to waive our attorney-client privilege except two incidents he witnessed.  Based on that understanding, I sent an e-mail to Mr. Tom with copies to all parties to avoid being accused of tampering with a witness and/or discovery.  My e-mail is attached hereto as **Exhibit 2**.

It should be noted that the defense attorneys have been communicating with me directly by letter and e-mail knowing that I am represented by an attorney.  In fact, I did send an e-mail to Mr. Stoddard a while back letting him know that his direct communication with me is a violation of the ethical rules.  As an example, I recently received from Mr. Stoddard a letter which is attached hereto as **Exhibit 3**, so is Mr. Stoddard violating the court order by contacting me?  He certainly is violating the ethical rules by contacting a party represented by an attorney.  Should I file a motion asking this Court to issue sanctions and report Mr. Stoddard to the State Bar of California for his repeated violation of the ethical rules?  I merely copied them with a communication, I did not directly communicate with them.

Regarding the issue of discovery, I have repeatedly asked my attorney, Mr. James Braden, for over two years to do written discovery and schedule depositions.  Although he was paid almost $2,000,000 for his legal fees in just two years, Mr. Braden kept telling both my husband and I that we have plenty of time.  As the time for discovery cut off approached, I have asked him many times for the status of discovery and he kept promising me that he is working on them and will send them to the defense "by the end of the week".  A few of my e-mails and Mr. Braden's response are attached hereto as **Exhibit 4**.  When I realized that he not only blew the discovery cut off and that he had done absolutely nothing to prepare for trial, despite the fact his legal fees were always timely paid, my husband and I decided to retain attorney Sunena Sabharwal to be the lead attorney in our respective cases.

Similarly, it has been very frustrating for both my husband and I because when the defense served discovery, Mr. Braden, each time, holds them for extensive amount of time, most of the time until the time for objection had passed, and then he will forward them to me and ask me to prepare them in a pleading format.  After I spent extensive amount of time preparing the discovery responses in pleading formats and provide the responses within 30 days, then he holds them for additional 4-6 months, sometimes even for a longer period of time, and will only forward them when the defense files a motion.  Then sanctions will be issued against us instead of Mr. Braden (because we assume that Mr. Braden does not notify the court that it was his fault) and he never even informs us of the sanctions until we discover.  To date, Mr. Braden had us sanctioned approximately $500,000, not including the $700,000 we had to pay to other attorneys to correct Mr. Braden's mistakes.  Both my husband and I have told Mr. Braden that he is making us look disrespectful to the court due to his constant delays and multiple sanctions being issues, and his response is always, "nobody cares about discovery sanctions, they are nothing". There were absolutely no discovery violations on my part or my husband's part as we have always provided all discovery responses in a timely fashion to Mr. Braden, i.e. within 30 days from the date Mr. Braden forwarded to us each discovery requests.   As to the allegation that Mr. Braden forwards everything to us, it is completely false.  We never receive anything except selected information most of which are inflammatory.

In the case of Mr. Jonathan Rui, he was our former attorney whom we terminated.  Both my husband and I believed that **all of our communications** with him were protected by attorney client privilege.  Unfortunately, Mr. James Braden did not bother to let us know of the Subpoena and documents served on Mr. Rui.  Instead, Mr. Braden forwarded to us all the documents produced by Mr. Rui, which both my husband and I believe were protected by attorney-client

4

privilege.  I believe Mr. Braden should have filed a motion to and his failure to file it resulted in attorney-client privileged communications being handed over to the defendants, with all sorts of uncorroborated allegations.  Moreover, when the defense counsel filed numerous motions with this Court related to the documents Mr. Rui produced, again all of which both my husband and I believed were protected by attorney-client privilege, the defense absolutely knew that he was our attorney.  In fact, in the recorded police body camera the defense obtained from the Pleasanton Police Department, Mr. Jonathan Rui himself tells the defendants and the police, in his own words, that he is our attorney.  Therefore, all those motions the defense filed with the Court were intended to harass and intimidate my husband and I, and in willful violation of attorney client privilege.

Let me now address the conduct of the defense counsels.  The defense counsels have violated this Court's orders and the ethical rules many times.  First, they have told Mr. Braden over and over that they do not believe a word of Mr. Rui's statements and that they are aware that he is a liar but regardless, they took his deposition and filed multiple motions just for the purpose of making it financially prohibitive and to humiliate us emotionally in hopes that my husband and I will agree to drop the pending lawsuits.  Every single allegation made by Mr. Rui and the contents of those texts are uncorroborated and all of the allegations were proven to be false.  Second, because the Judge in my husband's malpractice case has indicated that she will not allow any of those e-mail and allegations in her courtroom as long as she is the Judge on the case, the defense has been using my case to try to dig dirt on my husband despite the fact that my husband has never had any lawsuits, he has never been sued for medical malpractice, his license is clean and has no derogatory records whatsoever.  Third, this Court ordered the defense to file documents under seal but the defense violated this Court's order.  Fourth, when this Court

5

ordered me to return for two (2) hours of deposition, the Court specifically ordered the defense

attorneys certain questions they were not allowed to ask.  Regardless, in violation of this Court's

order, at my deposition, Mr. Cowden repeatedly kept asking me questions that this Court

specifically ordered them not to ask.  Fifth, the defense was allowing attorneys from my

husband's malpractice case to attend depositions in this case without the attorneys identifying

themselves on the record.  Sixth, this Court appointed Early Neutral Evaluator (ENE).  The

defense counsels not only knew that the ENE was an aggressive advocate of the police, but they

knew that the ENE had represented one of the defendants, the Pleasanton Police Department

Police Chief, in the past.  The chief himself attended the mediation.  This was disclosed to Mr.

Braden and me by the ENE approximately a day before the mediation.  I objected on the grounds

of ethical violation but my objection did not matter so the mediation was held over my objection.

What was even more shocking was that the ENE had already written his ruling BEFORE the

mediation was conducted.  Seventh, on several occasions, Mr. Stoddard and Mr. Cowden

deliberately have sent people to my husband's clinic who were falsely impersonating to be

federal agents and claiming to other doctors, medical staff and patients who work in my

husband's office building that, "we're here to investigate Dr. Williams and his office on a federal

matter" "this is a serious federal case" for the purpose of defaming, harassing and intimidating

my husband and me.  These are just a few violations on the part of the licensed defense attorneys

which are willful violations.

Another violation now, is that defense counsel are required to meet and confer before

filing discovery motion, which they did not do before filing this motion.

Based on the foregoing, it appears that the sanctions should be against the licensed

defense attorneys willful disregard of this Court's order and violation of the ethical rules.

Case No.: 3:20-CV-08720- WHO

Now let me briefly address the background history.  In 2018 and 2019, my husband, who is a medical oncologist, was in a fight with a hospital because the hospital deliberately was depriving cancer patients of medical treatment and sending them to hospice to die in order to maximize profit.  The stress took a toll on my husband, and on November 3, 2019, he became sick and regrettably went to the nearest emergency room, the Defendant's hospital - Stanford Valleycare which is owned and operated by Stanford Healthcare.  Until November 3, 2019, my husband has never been to any emergency room, he has never been hospitalized, he has always been healthy all his life except he was diagnosed with a very slow growing prostate cancer in 2006 which was under excellent control.  The defendants in this case misdiagnosed my husband with congestive heart failure, they punctured his lungs where his entire lung collapsed, they deliberately falsified the medical records and told both my husband and I that my husband's echo is 40% and his stress test was highly abnormal, in order to justify doing a risky procedure called angiogram when in fact it was later revealed that his echo was nearly normal and his stress test was normal.  In sum, my husband had a temporary condition related to the stress.  Despite the fact that I had the power of attorney and refused to consent to angiogram, the defendants waited until all family members and visitors left and had the unnecessary and risky procedure angiogram done **<u>WITHOUT CONSENT</u>** by a cardiologist who later admitted he was visually impaired and punctured my husband's femoral artery that caused my husband to nearly bleed to death twice, causing a 17 cm blood clot in his leg, substantially damaged his nerves where he sustained permanent right leg damages and is now wheelchair bound, and nearly died from the blood clot in his lungs.  Instead of apologizing, the blind cardiologist told us, while laughing-- my husband, our attorney, Mr. Quinlan Tom, a Stanford Valleycare Representative and me--that he was "blind in both eyes when I did the angiogram and I could not see anything", that the

7

angiogram was not necessary, that he made multiple mistakes, and that he had cataract surgery the day after he damaged my husband.  Stanford Valleycare then started overmedicating my husband with multiple medications to deliberately weaken his heart, damage his brain and kidneys to make him appear much sicker so they could qualify him to be admitted to hospice to die in order to claim that he would have died anyway, thereby avoiding a malpractice lawsuit. They also gave him medication that is known to make prostate cancer very aggressive, which medication indeed made his prostate cancer very aggressive.

On November 14, 2019, the date of the police beating incident, the defendants Stanford Valleycare called me approximately 7 times to get me to go to the hospital "in order to discuss your husband's care".  When I arrived, doctors, nurses and administrations were outside my husband's ICU room trying to intimidate me.  It felt like it was a set up and was very uncomfortable so I tried to get our attorney, Mr. Quinlan Tom, to come.  I could not reach him so I contacted the other attorney, Mr. Jonathan Rui, who came to the hospital.  They were abusing my husband who was in ICU right in front of me and pressuring me to sign a paper to send my husband to a nursing home with a transition to hospice for him to die.  When I refused to sign, they called the police and intentionally made false statement to the police, the police arrived and slammed me to the floor, intentionally twisting my arm and hurting my back where I sustained permanent damages, then arrested with false allegations when the Pleasanton Police Department policy clearly says the false allegation is a "citable offense", then racial comments being made by one of the defendant police officer, taken to jail and my hair searched for drugs and being told to walk barefoot.  ALL OF IT BECAUSE I FOUGHT FOR MY HUSBAND AND REFUSED TO AGREE TO SIGN PAPER TO SEND HIM TO HOSPICE TO DIE.

8

There is absolutely no doubt that I was arrested in violation of the defendants' own policy because I am black and the district attorney was pressured to bring charges against me by all the defendants. Interestingly, there were two ladies who were arrested with me, one Caucasian and one Asian, both of whom who committed aggravated battery, but no charges were filed against them except me. After criminal charges were filed against me, even the Judge in the case was outraged by the charges and was urging the district attorney to dismiss the case. Knowing that the district attorney has no chance of getting conviction, she continued to push because she was getting pressure from the defendants.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed in Dublin, California on April 13, 2023.

Ellen Williams

9

Case No.: 3:20-CV-08720- WHO

# EXHIBIT 1

| | |
|---|---|
| Subject: | **FW: Activity in Case 3:20-cv-08720-WHO Williams v City of Pleasanton et al Order** |
| Date: | 8/26/2022 7:45:47 AM Pacific Standard Time |
| From: | braden@sf-lawyer.com |
| To: | twmeg@aol.com, docmikewilliams@aol.com |

Judge Orrick's formal order against you personally is attached.

Jim Braden
Office 415-398-6865
Mobile 415-595-4385

**From:** ECF-CAND@cand.uscourts.gov
**Sent:** Thursday, August 25, 2022 7:04 PM
**To:** efiling@cand.uscourts.gov
**Subject:** Activity in Case 3:20-cv-08720-WHO Williams v City of Pleasanton et al Order

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

### U.S. District Court

### California Northern District

**Notice of Electronic Filing**

The following transaction was entered on 8/25/2022 at 7:03 PM and filed on 8/25/2022
**Case Name:**     Williams v City of Pleasanton et al
**Case Number:**     3:20-cv-08720-WHO
**Filer:**
**Document Number:** 114

**Docket Text:**
**ORDER RE COMMUNICATIONS. Signed by Judge William H. Orrick on 08/25/2022. (jmd, COURT STAFF) (Filed on 8/25/2022)**

**3:20-cv-08720-WHO Notice has been electronically mailed to:**

**Adam Michael Stoddard**     astoddard@zcslawfirm.com, dpoint@zcslawfirm.com

**James McCarty Braden**     Braden@sf-lawyer.com

**Noah G. Blechman**     noah.blechman@mcnamaralaw.com, sabrina.ahia@mcnamaralaw.com

**3:20-cv-08720-WHO Please see** <u>Local Rule 5-5</u>**; Notice has NOT been electronically mailed to:**

**The following document(s) are associated with this transaction:**

**Document description:**Main Document
**Original filename:**C:\fakepath\20-cv-08720-who-order_re_communications.637970437996300973.pdf
**Electronic document Stamp:**
[STAMP CANDStamp_ID=977336130 [Date=8/25/2022] [FileNumber=19496838-0]
[626c3b0371897783107eb0abd44ebb1a33dbfdd5a95fd8bec471dd07ff227d28231b
b2cc37819e628116b29db63d319314c8339eccd7c70b6f656446f0928770]]

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ELLEN WILLIAMS,

Plaintiff,

v.

CITY OF PLEASANTON, et al.,

Defendants.

Case No.  20-cv-08720-WHO

**ORDER RE COMMUNICATIONS**

Plaintiff Williams SHALL NOT communicate with defense counsel or any defendant to this case (or employees of defendants to this case).  Any such future communications will subject Williams to personal monetary or case sanctions by the Court.

**IT IS SO ORDERED.**

Dated: August 25, 2022

William H. Orrick
United States District Judge

# EXHIBIT 2

Subject: **Re: RemoteDepo Invite: Job No. 6350124 | Ellen Williams v. City of Pleasanton, California | Deposition of Quinlan S. Tom @ Wed Apr 19, 2023 9:00am PDT**

Date: 3/29/2023 4:49:33 PM Pacific Standard Time

From: twmcg@aol.com

To: Quinlan.Tom@wbd-us.com

Cc: braden@sf-lawyer.com, sunenas@hotmail.com, noah.blechman@mcnamaralaw.com, astoddard@zcslawfirm.com, mcowden@zcslawfirm.com, Sabrina.Ahia@mcnamaralaw.com, Briana.Waite@mcnamaralaw.com, dpoint@zcslawfirm.com

Hello Quinlan,

Your deposition set for April 19th at 9:00 a.m. is on my federal case against Valleycare and City of Pleasanton related to the police beating. It is not related to Michael's pending state case related to the medical malpractice and intentional torts. Stanford fought hard to get out of the case falsely claiming that they are not related to Stanford Valleycare but they lost. Similarly, they fought hard to have the intentional torts thrown out but they lost so they are very nervous about punitive damages. As a result, Cowden and Stoddard are fishing for dirt because the law and the facts are completely against them. More importantly, at the last hearing, the Judge already indicated that she WILL NOT allow any salacious matters as long as she is the Judge in the case. At the end of the day, Michael has never been sued for malpractice and still has a clear record regardless of all the false allegations. All the salacious unverified and unsubstantiated false allegations have been proven to be false anyway.

In any event, most of the documents they requested in the attached subpoena are objectionable anyway. Furthermore, neither Michael nor I are willing to to waive attorney client privilege. The only two matters to which you can testify as a percipient witness are (1) When you came to Santa Rita Jail to just check on me after the police beat me up and you took pictures of my swollen hands, arms, legs and other body parts, and (2) Dr. Lai telling you, Michael, Carlucci and me on November 12, 2019, that he was blind in both eyes when he did the angiogram on November 6, 2019, and that he had cataract surgery the next day on November 7, 2019. (Please see your letter dated November 20, 2019, which is attached.). Every other communications with you are protected by attorney client privilege.

Thank you,
Ellen

**From:** Diane Point
**Sent:** Wednesday, March 29, 2023 3:22 PM
**To:** James Braden; Noah Blechman
**Cc:** Adam Stoddard; Marc Cowden; Sabrina Ahia; Briana J. Waite
**Subject:** Fwd: RemoteDepo Invite: Job No. 6350124 | Ellen Williams v. City of Pleasanton, California | Deposition of Quinlan S. Tom @ Wed Apr 19, 2023 9:00am PDT

Coiunsel,

Attached herewith for electronic service please find the following documents:

- **DEFENDANTS' THIRD AMENDED NOTICE OF DEPOSITION BY SUBPOENA AND REQUEST FOR PRODUCTION OF DOCUMENTS AT DEPOSITION, SUBPOENA FOR DEPOSITION - QUINLAN TOM 4/19/23 9AM\**

Also, below is the U.S. LEGAL REMOTE LINK for the deposition.

Thank you,

**Diane Point**

**ZENERE COWDEN & STODDARD APC**

2005 De La Cruz Blvd., Suite 240

Santa Clara, CA 95050

Office: (408) 430-3551

Direct: (408) 475-1347

CONFIDENTIALITY NOTICE: Zenere Cowden & Stoddard APC does not accept or consent to the service of process, motions, pleadings, documents, or any other items by electronic format. Correspondence via electronic format does not indicate agreement or consent to acceptance of service in that format. The contents contained in this e-mail transmission contain information from the law offices of Zenere Cowden & Stoddard APC which is confidential or privileged. The information is intended to be for the use of the individual or entity named in this e-mail. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this email is STRICTLY PROHIBITED. If you have received this e-mail in error, please notify us by telephone immediately (408) 430-3551 or by e-mail, and destroy the original transmission and any attachments without reading or saving it in any manner. Thank you.

---------- Forwarded message ---------
From: **Premium Support** <premiumsupport@uslegalsupport.com>
Date: Wed, Mar 29, 2023 at 3:11 PM
Subject: RemoteDepo Invite: Job No. 6350124 | Ellen Williams v. City of Pleasanton, California | Deposition of Quinlan S. Tom @ Wed Apr 19, 2023 9:00am PDT
To: Diane Point <dpoint@zcslawfirm.com>



Thank you for scheduling your RemoteDepo™ event with U.S. Legal Support. The details, along with a link for your event, are outlined below. We recommend testing your connection in advance and logging in at least 15 minutes prior to the deposition to ensure



WENDEL
ROSEN

1111 Broadway, 24th Floor        T: 510.834.6600        www.wendel.com
Oakland, CA 94607-4036           F: 510.834.1928        qtom@wendel.com

November 20, 2019

**VIA FACSIMILE AND U.S. MAIL**

Richard Shumway
CEO
Stanford Healthcare ValleyCare
5555 W. Las Positas Blvd.
Pleasanton, CA 94588

    **Re:   Dr. R. Michael Williams**

Dear Mr. Shumway:

    I represent Dr. R. Michael Williams, a patient who was admitted to Stanford Healthcare ValleyCare ("S-VC") on November 3, 2019. As the chronology below shows, S-VC has consistently failed to provide Dr. Williams with healthcare within the standard of care in the industry and Dr. Williams' health remains seriously in question.

    On November 3, 2019 Dr. Williams presented at S-VC's emergency room with pneumonia symptoms and was admitted.

    On November 5, 2019, for inexplicable reasons, Dr. Donald Lai told Dr. Williams that his ejection fraction was forty (40) percent and that the stress test showed several abnormalities and Dr. Lai insisted that he perform an angiogram. Dr. Williams did not agree based on his cholesterol levels and A1C were normal and that he had never had any heart problems nor any family history of heart problems. He told Dr. Lai that he wanted to review the stress test report and have another cardiologist to provide a second opinion. Dr. Lai said he was scheduling the angiogram for November 7, 2019.

    On November 6, 2019 Dr. Lai demanded that he perform the angiogram on Dr. Williams on November 6, 2019. Dr. Williams told Dr. Lai he disagreed and felt the procedure was unnecessary. Dr. Williams' wife, Ellen Williams, told Dr. Lai the same. Notwithstanding these objections, on November 6, 2019 Dr. Lai proceeded with the angiogram and punctured Dr. Williams' femoral artery. Dr. Lai then failed to address the puncture by either doing a forty-five (45) leg hold or calling a vascular surgeon to put a device to prevent a hematoma (blood clot). Instead, Dr. Lai simply wrapped the leg with a band aid and returned Dr. Williams to his room.

    On November 8, 2019 Dr. Lai simply took out the band aid without doing an ultrasound to check if the bleeding had continued and ordered Dr. Williams' discharge. Fortunately, Dr. Williams' visiting friend, Dr. Edmond Yunis was present and noticed that the leg was getting

Richard Shumway
November 20, 2019
Page 2

WENDEL ROSEN LLP

very large and bleeding and called a nurse. Instead of administering critical health care, the nurse was focused on telling Dr. Williams to "shut up and be nice." Dr. Lai showed up twenty (20) minutes later.

The result is a hematoma that has now grown from 6.2cm x 3.5cm on November 9, 2019 to 10.8 x 5.7 cm on November 18, 2019, a serious condition that could possibly result in amputation of Dr. Williams' leg or even death due to pulmonary embolism or infection. All of this could have been avoided had S-VC administered the proper healthcare to Dr. Williams.

On November 12, 2019 Dr. Lai admitted to me, Dr. Williams, Ms. Williams and Joe Carlucci, the S-VC administrator, that he had cataract surgery on November 7, 2019, the day after he committed the malpractice. (On November 11, 2019 Dr. Lai admitted to Jonathan Rui, one of Dr. Williams' visitors, that Dr. Lai made mistakes during the angiogram and that he should not have performed the angiogram in the first place because he had cataracts in both eyes at the time of the procedure.)

Immediately after the angiogram and bleeding, Dr. Williams has complained about his care and requested that S-VC facilitate his transfer to another facility due to the obvious concerns about the healthcare at S-VC. Instead of attempting to mitigate S-VC's prior errors by facilitating the transfer, S-VC has retaliated against Dr. Williams and Ms. Williams.

On November 11, 2019 when Dr. Williams requested Dr. Lai to facilitate the transfer to either Stanford – Palo Alto or UCSF, Dr. Lai told me personally that "he would do whatever he could" to make it happen. Instead, he sabotaged the request and told both facilities that the transfer was unnecessary and that Dr. Williams did not need any further level of care. He did so out of his own personal interests, to ensure that no one else could see his deficient work. Even when Dr. Williams requested that Dr. Chen, a S-VC cardiologist, provide a consult, Dr. Go at S-VC blocked the request.

The nurses have mentally and emotionally abused Dr. Williams by delaying basic care, allowing Dr. Williams to unnecessarily lie in his urine and feces, and throwing materials at him. Further, the S-VC staff has intentionally falsified hospital records.

S-VC has continued to retaliate against Dr. Williams by essentially putting him in isolation by refusing to allow any visitors and barring his wife from visiting him. You have assigned a guard to be outside Dr. Williams' room without any adequate reason.

On November 14, 2019 S-VC called the police to have Ms. Williams arrested for a non-existent assault on a nurse as a pretext to preventing Ms. Williams from monitoring Dr. Williams' condition and the healthcare provided to him.

On November 15, 2019 at 8:58 am Shawn Carmichael, an RN, entered notes that "Pt. Screaming out load [sic] 'I'm in piss and shit." This is false, there were two visitors in the room with Dr. Williams and they were the ones who notified staff of Dr. Williams' condition. Your

023511.0002\5675524.1

Richard Shumway
November 20, 2019
Page 3

staff then retaliated against them by refusing to allow them to re-enter the room and taking Dr. Williams' phone away.

On November 15, 2019 at 2:07 PM, Dr. Meghan Clare Ramsey entered notes:

> Disposition:  medical problems have stabilized, …no need for further inpatient monitoring at this time.

> …Continue to work on safe discharge plan.

On November 16, 2019 your staff argued with Dr. Williams and his wife for over two hours attempting to get their consent to be discharged notwithstanding the continuing hematoma and internal bleeding (hematoma has increased since.)  When they realized they could not get the consent, your staff reversed course and admitted that Dr. Williams was not medically ready to be discharged.

On November 18, 2019 Dr. Go first harassed Dr. Williams by threatening to have him handcuffed and hindering his care.  When Dr. Williams got me and Jonathan Rui on his phone, Dr. Go changed her tune and admitted that she would not request any discharge until there was confirmation from Dr. Williams.

In sum, Dr. Williams presented at your facility on November 3, 2019 for pneumonia, yet on November 20, 2019, seventeen days later, he remains hospitalized with a growing hematoma and still unstable medical condition.  This is inexplicable and is ultimately your responsibility.  We will continue to monitor and document the situation and ensure that everyone fulfills their responsibilities to Dr. Williams.

Very truly yours,

WENDEL ROSEN LLP

Quinlan S. Tom

QST

cc:   Dr. R. Michael Williams

## Shelley G. Lott

| | |
|---|---|
| **From:** | primarybusfax@wendel.com |
| **Sent:** | Wednesday, November 20, 2019 4:01 PM |
| **To:** | Shelley G. Lott |
| **Subject:** | FaxFinder Fax Notification: Successfully sent fax to 19258284035 |
| **Attachments:** | fax_outbound_19258284035_20191120_160106_00000733-0000.pdf |

Create Time: 11/20/2019 03:57:32 PM
Schedule Time: 11/20/2019 04:01:06 PM
State: sent
Schedule Message: Successfully sent fax
Hangup code: 0
Try #: 1
Username: SLott
Sender name: Shelley G. Lott
Sender email: slott@wendel.com
Sender phone: 510-834-6600
Sender fax: 510-834-1928
Sender org: Wendel, Rosen, Black & Dean LLP
Subject:
Max tries: 3
Try interval: 300
Priority: 3
Pages: 4
Recipient fax: 19258284035
Recipient phone:
Recipient name: Richard Shumway, CEO
Recipient org: Stanford Healthcare ValleyCare Use cover page: false
Receipt: always
Print receipt: never
Print receipt printer:
Print receipt first page: false
Fax Page Size: auto



1111 Broadway, 24th Floor          T: 510.834.6600          www.wendel.com
Oakland, CA 94607-4036          F: 510.834.1928          qtom@wendel.com

## FAX COVER

November 20, 2019

| *To:* | *Company:* | *Telephone:* | *Fax:* |
|---|---|---|---|
| Richard Shumway<br>CEO | Stanford Healthcare<br>ValleyCare | | 9258284035 |

| | | | |
|---|---|---|---|
| *From:* | Quinlan S. Tom | *Number of Pages:*<br>(including this page) | 4 |
| *Client Code:* | 023511.0002 | | |
| *Regarding:* | Dr. R. Michael Williams | | |

See attached November 20, 2019 letter.

The information contained in this facsimile is confidential and may also be privileged. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received this facsimile in error, please immediately notify us by a collect telephone call to (510) 834-6600, and return the original message to us at the address above via the US Postal Service. Thank you.

023511.0002\5675658.1

# EXHIBIT 3

| | |
|---|---|
| Subject: | **Re: Williams vs. the Hospital Committee** |
| Date: | 3/31/2023 12:26:24 PM Pacific Standard Time |
| From: | astoddard@zcslawfirm.com |
| To: | twmeg@aol.com, braden@sf-lawyer.com, sunenas@hotmail.com |
| Cc: | mcowden@zcslawfirm.com, dps@szs.com, tmg@szs.com, cml@szs.com, sundance@goldmanlawfirm.net, ljs@szs.com, snakebit@goldmanlawfirm.net, jpickett@goldmanlawfirm.net, nsmebak@goldmanlawfirm.net, eortega@goldmanlawfirm.net, dpoint@zcslawfirm.com |

Please see the attached letter.

**ZENERE COWDEN & STODDARD APC**
2005 De La Cruz Blvd., Suite 240
Santa Clara, CA 95050
Office: (408) 430-3551
Direct: (408) 475-5575
www.zcslawfirm.com

CONFIDENTIALITY NOTICE: Zenere Cowden & Stoddard APC does not accept or consent to the service of process, motions, pleadings, documents, or any other items by electronic format. Correspondence via electronic format does not indicate agreement or consent to acceptance of service in that format. The contents contained in this e-mail transmission contain information from the law offices of Zenere Cowden & Stoddard APC which is confidential or privileged. The information is intended to be for the use of the individual or entity named in this e-mail. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this email is STRICTLY PROHIBITED. If you have received this e-mail in error, please notify us by telephone immediately (408) 430-3551 or by e-mail, and destroy the original transmission and any attachments without reading or saving it in any manner. Thank you.

On Thu, Mar 30, 2023 at 6:49 PM Ellen Elsay <twmeg@aol.com> wrote:
Today I received by mail a deposition subpoena for May 1, 2023, at 10:00 a.m.

I subpoena is defective because I was not served personally. You know very well that you cannot serve subpoena by mail. I am also not available on May 1, 2023. Therefore, I will not attend the deposition until you cure your defective service.

Thank you,
Ellen

# ZENERE COWDEN & STODDARD APC

2005 De La Cruz, Suite 240
Santa Clara, CA 95050
Telephone: (408) 430-3551

ADAM M. STODDARD
astoddard@zcslawfirm.com
Direct: (408) 475-5575

March 31, 2023

**VIA Email**

Ellen Williams
twmeg@aol.com

    Re: Williams, Michael v. THCLPA

Dear Ms. Williams:

    We are in receipt of your email dated March 30, 2023 regarding the deposition subpoena you were served with. As you know, on Tuesday, March 23, 2023 at approximately 6:45 p.m., our process servers observed you exiting the side door of the building at the Northern California Cancer Center. The process server approached you as you were entering your Landrover to attempt to serve you with the deposition subpoena. The process server advised you of who she was and that she was serving you with a subpoena. You closed the door to your vehicle and refused to open the window to take the court documents. The documents were then placed on your windshield wiper area as you were attempting to back the vehicle up and evade service. We have photographs of this entire encounter. The process server then mailed you a copy of the deposition subpoena that you were served with which you have now confirmed you also received on March 30, 2023.

    Your email of March 30, 2023 states that you were not properly served, and therefore you will not appear for the deposition. Service is complete when there is, as here, a good faith attempt to physically serve the party. *Khourie, Crew & Jaeger v. Sabek, Inc.* (1990) 220 Cal.App.3d 1009, 1013. A party cannot defeat service by rendering physical service impossible. *Ibid.* When the process server and the party are within speaking distance to each other and a reasonable person would conclude that service of a legal document was attempted, the party cannot avoid service by moving away without taking the documents. *Id.* 1013-1014.

ZENERE COWDEN & STODDARD APC
2005 De La Cruz Blvd., Suite 240, Santa Clara, CA 95050

March 31, 2023
*Re: Williams, Michael v. THCLPA*
Page **2**

As you know, we reached out to Mr. Braden, your attorney in your federal lawsuit, to try and coordinate your deposition in this case; however, we received no assurances from him or you that you would appear for deposition. This is why you were served with a subpoena. If Mr. Braden or Ms. Sabharwal will be representing you in this case as well, please let me know and I will direct my communications to them. However, I know when we last served you with a document subpoena in this case, you chose to represent yourself.

If you do not appear for your deposition, we will make a record of it, and bring the appropriate motion before the court and seek sanctions.

Very truly yours,

Adam M. Stoddard

cc:   James Braden
      Sunena Sabharwal

# EXHIBIT 4

Subject:    **Police case**

Date:      8/17/2022 10:53:15 PM Pacific Standard Time

From:     twmeg@aol.com

To:       braden@sf-lawyer.com

What is your game plan? You don't do depositions, you don't send discovery, at the very least get the police officers internal records and Frankie's employee records?

Subject:    **Police case Discovery**
Date:       2/2/2023 1:22:36 AM Pacific Standard Time
From:       twmeg@aol.com
To:         braden@sf-lawyer.com
Cc:         docmikewilliams@aol.com, twmeg@aol.com

About two months ago, you claimed you were sending interrogatories, special interrogatories, request to admit and request for document production to all the police case defendants including each police defendant, each valleycare defendant and entities. Discovery cut off is April. I have not seen anything being sent.

How do you expect to go to trial without discovery and deposition.

Subject:  **RE: discovery**
Date:     3/3/2023 11:18:33 AM Pacific Standard Time
From:     braden@sf-lawyer.com
To:       twmeg@aol.com

I am working on it.

I will have further drafts to you by Sunday evening, and possibly by today.

The goal will be to serve them on Monday, March 6.

Discovery Cut-Off is not until April 28.   That is well over 30 days.   I certainly will not grant them any extensions of time, given how near the Cut-Off is.

If they resist Discovery and we have to take that to Judge Orrick, that will of course justify an extension of the Discovery Cut-Off date, which Judge Orrick will grant.

Jim Braden
Office: 415-398-6865
Mobile: 415-595-4385

**From:** ELLEN Elsay
**Sent:** Thursday, March 2, 2023 8:11 PM
**To:** James Braden
**Subject:** discovery

How is the police case discovery coming? Isn't discovery cut off soon? Don't they need 30 days to respond?

Subject: **Re: Police and Stanford Defendants Discovery**
Date:    3/7/2023 5:52:37 PM Pacific Standard Time
From:    twmeg@aol.com
To:      braden@sf-lawyer.com

In order to depose timely, you need to send out and get response first.

In a message dated 3/7/2023 5:43:14 PM Pacific Standard Time, braden@sf-lawyer.com writes:

> I will be sending our written discovery out this week.
>
> I would rather ask any "follow-up" questions in depositions.    We should review and discuss who we want to depose.
>
>
>
>
> Jim Braden
> Office: 415-398-6865
> Mobile: 415-595-4385
>
>
>
> **From:** Ellen Elsay
> **Sent:** Tuesday, March 7, 2023 5:35 PM
> **To:** James Braden
> **Subject:** Police and Stanford Defendants Discovery
>
>
> When do you plan to send them? Don't you need to send follow up questions? There is no time before the end of April deadline.

Subject: **Demand re DISCOVERY HOSPITAL CASE AND POLICE CASE**

Date:      3/9/2023 4:16:05 PM Pacific Standard Time

From:     twmeg@aol.com

To:        braden@sf-lawyer.com

Cc:        docmikewilliams@aol.com

For the 100th time, I am demanding that you send the discovery on the police case. Discovery cut of is end of April 2023. This has to go out this week although you have been promising to do this for over a year.

I am demanding that you send to Stoddard the discovery response we did this week. It DOES NOT matter he filed a motion as a result of your failure to provide the answer, as I told you before, it makes us look good in front of the judge. Send the response this week.