# ZENERE COWDEN & STODDARD APC

| | |
|---|---|
| 2005 De La Cruz, Suite 240 | ADAM M. STODDARD |
| Santa Clara, CA 95050 | astoddard@zcslawfirm.com |
| Telephone: (408) 430-3551 | Direct: (408) 475-5575 |

May 3, 2023

VIA E-File

The Honorable William H. Orrick
United States District Court
Northern District of California
450 Golden Gate Avenue,
San Francisco, CA 94102

      Re: Williams, Ellen v. City of Pleasanton
      Case No.: 3:20-CV-08720-WHO

To the Honorable William H. Orrick:

      The Hospital Defendants and Plaintiff submits this discovery statement pursuant to your Honor's Standing Order for Civil Cases, 4, Discovery Disputes. The Hospital Defendants certify that they have complied with the Court's meet and confer requirement and conducted a videoconference call to discuss the dispute on April 12, 2023.

## DEFENDANTS' STATEMENT

      Plaintiff's second session of her deposition took place on 3/20/23. Plaintiff refused to answer a number of questions. Defendants request that the Plaintiff be ordered to appear for a third session of her deposition and answer these questions, and any reasonable follow-up. A copy of the deposition transcript can be made available upon request.

    1. Plaintiff was asked whether she was claiming income loss in this case and she refused to provide a straightforward response. When asked if she was claiming any income loss from the date of the incident (11/14/19) until the date of her deposition (3/20/23), she said, "I am not going to answer that, because the issue has not been decided." (335:23-336:3) When pressed further, she responded, "I again am going to answer that the question as to the incident loss as a result of the incident that happened, there was no income loss, but as to the actual incident, there are issues, so I need to speak with my attorney. We are in the process of deciding that. So there are issues that we - - my attorney and I need to discuss as to whether it is considered income or not, so I, as of right now, my answer is still the same." (336:10-18) Defendants are entitled to know what damages Plaintiff will be claiming at trial. Defendants are entitled to investigate those damages to determine

<div style="border:1px solid black; display:inline-block; padding:4px;">
**ZENERE COWDEN & STODDARD APC**
2005 De La Cruz Blvd., Suite 240, Santa Clara, CA 95050
</div>

*Re: Williams, Ellen v. City of Pleasanton*
May 3, 2023
P a g e  **2**

whether there is any merit to them. The time to provide those responses should be during Plaintiff's deposition and before fact discovery closes. Defendants have no idea what damages exactly Plaintiff will be seeking at trial, especially since she has already confirmed she suffered no personal injuries as a result of the alleged battery claim against Nurse Frangieh.

1. Plaintiff has identified Dr. Roland, Dr. Williams, and Ms. Kiep as witnesses on Plaintiff's Rule 26 Initial Disclosure. They are expected to testify regarding the allegations in Plaintiff's Complaint, the circumstances surrounding the 11/14/19 incident, the events which took place thereafter, and the injuries and damages Plaintiff alleges. Plaintiff also identified Dr. Roland, Dr. Williams, and Ms. Kiep as witnesses in her written discovery responses. Plaintiff also testified during her first session that Dr. Roland recommended that she have surgery as a result of the 11/14/19 incident. There are also numerous text messages between Plaintiff and Dr. Roland, well before the Complaint was ever filed. The same is true for Dr. Williams. During Plaintiff's second session, she refused to answer questions related to Dr. Roland, Dr. Williams and Ms. Kiep, because she is now claiming that they are "experts". This is improper, and Plaintiff should be compelled to answer questions about these fact witnesses. If Plaintiff wants to now claim they are her retained experts, then she should be compelled to identify when they were each retained and the scope of their retention, and she should be ordered to answer questions that pre-date that retention and regarding the areas of inquiry she has identified in her initial disclosure and discovery responses.

2. Plaintiff alleges that her malicious prosecution cause of action stems from a phone call she placed to the District Attorney's ("DA") office after she was arrested. She alleges that she was told by an unknown individual that the Hospital Defendants were making calls and/or sending messages to the DA urging and encouraging that charges be pursued against her. Defendants have taken the deposition of both DA's that were involved in handling the criminal charges against Plaintiff, and they have testified that this never happened. The only lingering issue is whether Plaintiff ever made a call to the DA's office, and who she may have spoken to who could possibly corroborate this allegation. In order to investigate this, Plaintiff was asked at deposition which phones she may have used to place this call (cell phone, landline, work number, etc.). Plaintiff refused to identify the different options of phones she had available to her to place this alleged call and she refused to provide the landline number, her cell phone number and the number at her work. If Plaintiff is going to testify at trial that she placed a call to the DA's office, and some unknown representative told her that the Hospital Defendants were contacting the DA's office urging and encouraging that criminal charges be pursued, then Defendants should be entitled to subpoena the phone records to determine whether in fact any such call was ever placed. If a call was placed, then Defendants would have the number that was called, and could then use that information to determine who the potential people on the other end were from the DA's office and interview them or subpoena them for trial testimony. Plaintiff should be compelled to provide the information requested so that subpoenas can be issued.

3. When Plaintiff was asked what information was said during this phone call about each of the individually named Defendants, Plaintiff refused to answer the questions, instead improperly referring back to the deposition testimony of the two DA's. That is entirely inappropriate.

> **ZENERE COWDEN & STODDARD APC**
> 2005 De La Cruz Blvd., Suite 240, Santa Clara, CA 95050

*Re: Williams, Ellen v. City of Pleasanton*
May 3, 2023
P a g e **3**

Defendants are entitled to know what Plaintiff recalls about this alleged conversation with the unknown representative and specifically what was said or mentioned about each of the Defendants.

    4. Mr. Jonathan Rui produced text messages from Plaintiff wherein she states that her husband, Dr. Williams, was accused of groping a female patient and they then paid a young female employee $100,000 to lie to the police on behalf of Dr. Williams. The police investigated the incident and Defendants subpoenaed those records from the police department. The body cam footage from the incident shows Dr. Williams stating that he was in the room alone with the patient; however, when the young female employee (Yesenia Pena) was interviewed, she said she was in the room with Dr. Williams and he never groped the patient. Later, Dr. Williams told the officer that he was mistaken and Ms. Pena was in the room. Ms. Pena was deposed in this case and confirmed that she was in fact paid $100,000 by Dr. Williams' business, and then 3 days later her employment was terminated. Ms. Pena testified that Plaintiff told her, "Can't have you here anymore, and it's best if we let you go." Ms. Pena testified she was never told why she was terminated. Plaintiff was asked at deposition why Ms. Pena was fired 3 days after receiving $100,000, and she refused to answer the question.

    During the meet and confer efforts, Plaintiff's counsel indicated that Plaintiff's refusal to answer this question was justified because to answer would violate Ms. Pena's right to privacy. Defendants did some research following the call and confirmed that there is no Federal or California law prohibiting an employer from providing truthful information about the reason why a former employee was terminated. In fact, this information is often shared with prospective new employers calling for a reference. As such, there would be no reasonable expectation of privacy in this information. The right of privacy protects the individual's *reasonable* expectation of privacy against a *serious* invasion. *Pioneer Electronics (USA), Inc. v. Superior Court* (2007) 40 Cal.4th 360, 370-371. If the former employee has no *reasonable* expectation of privacy in the information, disclosing the information cannot violate a right of privacy. Plaintiff should be compelled to answer questions about why Ms. Pena was terminated.

                                                          Respectfully Submitted,

                                                           Adam M. Stoddard
                                                           Attorney for the Hospital Defendants

> ZENERE COWDEN & STODDARD APC
> 2005 De La Cruz Blvd., Suite 240, Santa Clara, CA 95050

*Re: Williams, Ellen v. City of Pleasanton*
May 3, 2023
P a g e **4**

## PLAINTIFF'S STATEMENT

1. Defendants have no idea what damages exactly Plaintiff will be seeking at trial, especially since she has already confirmed she suffered no personal injuries as a result of the alleged battery claim against Nurse Frangieh.

    RESPONSE:  The answer regarding the battery by Nurse Frangieh stands, Mrs. Williams does not claim that Nurse Frangieh's battery caused here to lose income.  We reserve the right to have an expert witness opine on the reasonable value of her services as she had to lessen her work schedule.

2. The defense is asking Mrs. Williams to answer questions about Dr. Roland.
   Dr. Roland never examined her as she testified already.  He read the MRI report and told her that she needed surgery.  He is not a percipient witness nor a treating physician,.
   There is no basis to ask Mrs. Williams further questions about this.

3. The defense demands all of Plaintiff's phone numbers, because they think that will reveal the name of the D.A.'s office employee to whom she spoke. The defense is aware that the name of that person is "Jessica" and according to D.D.A. Santos, that her last name is likely Juarez. Phone numbers will not reveal anything about the conversations and it is an invasion of privacy to see who else she all speaks  to.  The request for phone records is very tenuous from the information / purpose sought.  It does not justify another deposition session of Mrs. Williams.

4. The defense has requested that Mrs. Williams answer further questions on the reason for the termination of Ysenia Pena was terminated.   Employees have a right of privacy:

    In *Payton v. City of Santa Clara* (1982) 132 Cal.App.3d 152, the Court of Appeal reversed a judgment of dismissal that was entered following the granting of a summary judgment motion in an action for violation of privacy rights under California Constitution, article I, section 1. The claimed violation arose from an employer's act of posting a notice of the plaintiff's termination and the reasons therefor in a public workroom. (*Id*. at 153-154.) The court held that the complaint stated a *prima facie* violation of the right of privacy. (*Id*. at 154; see also Cal. Prac. Guide Employment Litigation Ch. 5(I)-L, ¶ 5:995 (The Rutter Group, March 2023 Update)(citing *Payton*; employer disclosing reason for terminating employee violates state constitutional right of privacy and may also give rise to defamation action).)  While later cases have distinguished *Payton* as not addressing whether the California constitutional right of privacy authorizes an award against public entities of money damages as opposed to injunctive relief (e.g., *Katzberg v. Regents of University of California* (2002) 29 Cal.4th 300, ft. 13), they have not overturned the *Payton* Court's central holding that an employee has a right of privacy in confidential reasons for his termination. (See *id*. (distinguishing *Payton* while also describing, without criticism, its holding that plaintiff's allegations that his employer disclosed the reasons for his termination stated a *prima facie* case).)

ZENERE COWDEN & STODDARD APC
2005 De La Cruz Blvd., Suite 240, Santa Clara, CA 95050

Re: *Williams, Ellen v. City of Pleasanton*
May 3, 2023
P a g e **5**

Hence, under *Payton*, an employer's disclosure at deposition of reasons for an employee's termination would violate the employee's right of privacy subjecting the employer to potential legal and/or equitable liability.

The *Payton* rule is not altered simply because the reason for an employee's termination "is often shared with prospective new employers calling for a reference," as opposing counsel states. The discussion of termination reasons between past and prospective employers is a special case with no bearing on whether an employee has a privacy right to prevent the disclosure of such information at other times (including his ex-employer's deposition).

Thus, truthful communications between past and prospective employers are "common interest" communications protected under Civil Code section 47(c) (*see O'Shea v. General Telephone Co*. (1987) 193 Cal.App.3d 1040, 1047; see also CACI 2711 (citing *O'Shea*)), and under the Labor Code's chapter on "Reemployment Privileges" (Labor Code sections 1050-1057). Labor Code section 1050 criminalizes the making of false representations about a former employee to a prospective employer to prevent the prospective employer from hiring the employee. (Lab. Code § 1050.) Labor Code section 1053 clarifies that a former employer who makes "truthful statement concerning the reason for the discharge of an employee" is not liable under the Reemployment Privileges chapter, i.e., not liable under Section 1050. (*Id*. § 1053.) In context, Sections 1050-1057 are reasonably limited to apply only to communications by a former employer with a potential employer. (*See Kelly v. General Telephone Co*. (1982) 136 Cal.App.3d 278, 288–289 ("…the Legislature intended that Labor Code section 1050 would apply only to misstatements to other potential employers…").) Neither Labor Code sections 1050-1057 nor Civil Code section 47(c) diminish the reasonable expectation of privacy recognized in *Payton*, except for the specific context of a former employer making truthful statements to a potential employer.

You cite *Pioneer Electronics (USA), Inc. v. Superior Court* (2007) 40 Cal.4th 360, 370-371 (*Pioneer*) for the proposition that the right of privacy in general protects against an invasion of an individual's reasonable expectation of privacy. True enough. However, *Pioneer* is not an employment case, but rather addressed the question of whether to use an opt-out or opt-in notice for precertification discovery of the contact information for potential class members in a putative class action suit against Pioneer Electronics for selling defective DVD players. (*Pioneer* at 366.) *Pioneer* does not stand for the proposition that termination reasons are not protected by a reasonable expectation of privacy, nor does it discuss, much less diminish, the holding in *Payton* that termination reasons ***are*** protected by a right of privacy.

Notably, *Pioneer* held that the privacy rights in contact information was adequately met by the trial court's order imposing written notice requirements that gave the subjects of the disclosures the chance to object to and opt out of the release of their own personal identifying information. (*Pioneer* at 373.) Accordingly, to the extent *Pioneer* is relevant at all, it suggests California law does not allow disclosing the reasons for an employee's termination unless the

**ZENERE COWDEN & STODDARD APC**
2005 De La Cruz Blvd., Suite 240, Santa Clara, CA 95050

*Re: Williams, Ellen v. City of Pleasanton*
May 3, 2023
P a g e **6**

former employee is first notified and given an opportunity to object.  Such notice to the employee is impracticable, if not impossible, when answering a deposition question.

In this regard, it bears noting that CCP §1985.6 requires a notice to consumer in connection with subpoenaing employment records, broadly defined as any records "pertaining to the employment." (CCP § 1986.5(a)(3) (defining "Employment records" as writings "pertaining to the employment of any employee maintained by the current or former employer of the employee") & (e)(employee whose records are sought must be served with written notice prior to subpoena return date notifying employee of right to object).) Information regarding the reasons for an employee's termination "pertain[s] to the [employee's] employment" and so is just the kind of the Legislature sought to protect from subpoena without prior notice and a chance to object. Although subpoenaing written records procedurally differs from asking deposition questions, in enacting Section 1986.5, the Legislature strongly signaled its intent to broadly protect all employment information from unauthorized disclosure to third parties until the employee – at a minimum – has prior written notice and an opportunity to object to the disclosure.

The enactment of the California Consumer Privacy Act of 2018 bolsters the Legislative intent to broadly protect employment-related information from disclosure. The Act defines "Professional or employment-related information" as "Personal information" about a "consumer" (i.e., a California resident) the disclosure of which the Act protects against in various ways, including by empowering a consumer to opt out of the sharing his personal information with third parties. (See Civ. Code §§ 1798.120(a) (consumer has right to opt out of sharing his personal information), 1798.140(i) ("consumer" means California resident) & (v)(1)(I) (personal information includes employment information).) The statutory right to opt out would be rendered a nullity if an employer could simply share the past employee's employment information at a deposition; it is more logical to conclude that such a disclosure requires, at a minimum, giving the former employee notice that a third party has asked for such information, and the opportunity to object and opt out of sharing it with the third party.

Thus, there is no justification for asking Mrs. Williams further questions on this topic