UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELLEN WILLIAMS,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY OF PLEASANTON, et al.,<br><br>    Defendants. | Case No. 20-cv-08720-WHO<br><br>**ORDER DENYING MOTIONS FOR SANCTIONS AND RESOLVING DISCOVERY DISPUTE**<br><br>Re: Dkt. Nos. 146, 151, 152, 156 |

## I. MOTIONS FOR SANCTIONS

On August 25, 2022, I ordered as follows:

> Plaintiff Williams SHALL NOT communicate with defense counsel or any defendant to this case (or employees of defendants to this case). Any such future communications will subject Williams to personal monetary or case sanctions by the Court.

August 2022 Order at Dkt. No. 114. The Order was issued in response to defense counsels' complaints that plaintiff Ellen Williams had repeatedly and improperly communicated directly with defendants and defense counsel. *See e.g.*, Dkt. No. 111-1 at 2.

On March 29, 2023, in apparent response to an email regarding defense counsel's scheduling of a deposition of a third-party witness that Williams was not included on, plaintiff "took it upon herself to email all defense counsel making false claims and hurling insults." Motion for Sanctions, Dkt. No. 146-1 at 5. Plaintiff's email was directed to the third-party witness and cc'd to all counsel (plaintiff's counsel and defense counsel). Declaration of Adam Stoddard, Ex. B (Dkt. No. 146-2). In her email, Williams explains that the deposition subpoena is for the federal case (and not pending state proceedings), describes her view of some of the past proceedings in state court, contends that defense counsel are "fishing for dirt," and describes her view that some of the documents sought in the deposition subpoena as well as some of the topics

1  identified are privileged. *Id*.

2  Two days later, and without any apparent attempt to meet and confer with plaintiff's
3  counsel about Williams' conduct, defense counsel filed a motion for sanctions under Federal Rule
4  of Civil Procedure 37(b) based on my August 2022 Order. *Id*., Dkt. No. 146. Both sets of
5  defendants join that motion. Dkt. No. 151.

6  In their motion, defendants ask me to impose: (1) terminating sanctions, *i.e.,* terminating
7  this case based on Williams violating my Order; (2) or imposing issue or evidentiary, *i.e,*,
8  imposing legal or factual findings in defendants' favor (but not identifying any particular findings
9  to be imposed); or (3) or financial sanctions against Williams, *i.e.,* making Williams pay defense
10 counsel for the costs of bringing this motion.[1]

11 Plaintiff's counsel opposes, arguing that Rule 37 does not allow the sanctions defendants
12 seek and contending that defendants violated my orders by failing to meet and confer before filing
13 this motion concerning conduct in discovery. Dkt. No. 152. Plaintiff also argues that because
14 Williams' email was sent to the third-party, and not directed to counsel (although counsel were
15 cc'd), her conduct was not clearly in violation of the letter or spirit of my August 2022 Order. *Id*.
16 Finally, Williams asks me to make defendants pay her counsel's fees incurred in responding to
17 this Motion. *Id*. at 8.

---

[1] The particular sanctions defendants seek are:
  i. Directing that designated facts be taken as established for purposes of the action, as the Defendants claim (namely Plaintiff has no evidence that any of the Defendants committed a battery against her and Plaintiff has no evidence to support her malicious prosecution claim);
  ii. Prohibiting Plaintiff from supporting the claims of battery and malicious prosecution, or from introducing evidence in support thereof;
  iii. Striking the operative Complaint with prejudice against these moving Defendants;
  iv. Dismissing the action with prejudice in whole against these moving Defendants; and
  v. Treating as contempt of court the failure to obey this Court's Order (Dkt. 114).

Mot. at 11. They further request: "that Plaintiff and her attorney, pay additional monetary sanctions [covering the cost of the Motion] for their disobedience and failure to comply with Orders of this Court which has necessitated the filing of another motion. If the Court is not inclined to dismiss this case in its entirety, for what it's worth, Defendants request a second order from this Court precluding Plaintiff, Ellen Williams, from any further direct communication with any of the defense attorneys in this case and if she again violates this order, that the case be summarily dismissed. Her actions, and the actions of her attorney, are unprofessional, insulting, rude, and should not be tolerated." *Id*. at 12.

Both sides' requests for sanctions are **DENIED**. I agree with defendants that by cc'ing counsel on the email to the third-party, Williams arguably violated the spirit if not the letter of my August 2022 Order. But the underlying communication itself is not egregious and contains the kind of information (that the plaintiff is contacting a witness) that counsel would appreciate knowing (although not directly from a party who has been specifically ordered not to contact him). After receiving that communication, reasonable counsel should have then communicated with each other. For example, defense counsel should have conferred with Williams' counsel, asking them to remind Williams of the Court's August 2022 Order and their belief that cc'ing counsel on emails violated that Order. If counsel needed clarification on the scope of my August 2022 Order, they could have submitted a request for clarification through a joint letter brief or through a joint administrative motion for clarification.

I understand that litigation between these parties (pending in both federal and state court) is unusually contentious. There are strong feelings on both sides. But seeking sanctions for this one occurrence – even considering Williams' past conduct identified by defendants, *e.g.*, failing to provide timely and complete discovery and deposition responses, necessitating defendants' motions to compel, and the prior improper contacts with counsel – lacks merit and does not rise to the level of justifying terminating, issue, or monetary sanctions.[2]

**To be clear**, plaintiff should not communicate or direct communications **in any manner** with defendants or defense counsel. That **includes** cc'ing defendants or defense counsel on emails or other correspondence directed to others. If plaintiff directly or indirectly communicates with defendants or defense counsel in the future, I will consider that conduct to be **willful and in bad faith**. That conduct will lead to Orders to Show Cause and potential imposition of financial sanctions to be paid **personally** by plaintiff and possible issue or terminating sanctions.

## II.   DISCOVERY DISPUTE

On May 3, 2023, the Hospital Defendants and plaintiff submitted a further discovery

---

[2] I *am* concerned by the implication that through her email to the third-party, Williams could be seen as attempting to interfere with that third-party's testimony. *See* Stoddard Decl., Ex. B. However, that is not the focus of defendants' Motion and not part of the relief they seek.

3

dispute regarding plaintiff Williams' refusal to answer specific questions during her second deposition. Dkt. No. 156. Having reviewed both sides' arguments, I rule as follows:

Dispute #1.1 – Plaintiff's response is unclear. Within five days, plaintiff shall submit a written response under penalty of perjury disclosing whether she is claiming any "income loss," including the value of her services from a lessened work schedule, due to the 11/14/19 incident as a result of or related to the Hospital Defendants' actions. At this juncture, plaintiff cannot reserve her rights to disclose in the future possible damages related to the Hospital Defendants' conduct. Failure to disclose the categories of damages (and facts related to those damages) plaintiff will seek from the Hospital Defendants (or damages that will be sought as a result of the Hospital Defendants' conduct), will preclude plaintiff from seeking those damages at trial.

If plaintiff maintains her right to seek "income loss," including damages from a reduced work schedule, as a result of or related to the Hospital Defendants' actions, then defendants may depose Williams for a further 30 minutes on that topic.

Dispute #1.2 – Plaintiff cannot refuse to answer questions on the grounds that Dr. Roland, Dr. Williams, or Ms. Kiep are experts, where the questions concern their percipient knowledge of events and communications that took place on or around 11/14/19 and plaintiff's resulting injuries or damages from those events.[3] If plaintiff contends that she retained any of these witnesses as a consulting or testifying expert related to this litigation, within five days plaintiff must state in writing under penalty of perjury the date she retained that witness as an expert (as a consultant or testifying expert) and within five days thereafter must disclose any documents regarding that retention.

Within fourteen days of the date of this Order, the parties shall meet and confer regarding a further deposition of plaintiff, that may not exceed an hour on this subject matter of these

---

[3] The Court is aware, from ruling on prior disputes, that plaintiff and Dr. Roland were in frequent communication prior to, during, and following the 11/14/19 incidents. *See* Dkt. No. 113. Even if plaintiff contends that Dr. Roland or one of the other witnesses were eventually retained as experts, only communications between plaintiff's attorney and the expert or communications between plaintiff and any non-testifying experts made in connection with the attorney's role and guidance could conceivably be protected from disclosure by the attorney work product doctrine. *See generally* Federal Rule of Evidence 26(b)(4).

4

witnesses' percipient knowledge of communications or events around 11/14/19.

#2 - Defendants question whether a phone call by Williams to the DA's office occurred. Therefore, there are grounds for defendants to subpoena plaintiff's phone records (the subsequent use of which would be governed by the protective order in this case, confidential information that can only be used in these proceedings). Within five days, plaintiff shall provide a written response, made under penalty of perjury, identifying the cell phone, landline, and work numbers she used during the relevant timeframe, as well as the providers of those services. Defendants may then subpoena the providers for records of calls from those numbers, limited to the timeframe wherein plaintiff alleges she made the phone call to the DA's office.

#3 – As to the content of Williams' phone call made to the D.A.'s office, defendants are entitled to ask plaintiff questions about that call – which is central to plaintiff's malicious prosecution claim – about the time, date, and contents of that call. After receiving the phone records addressed above, defendants may take a further 30-minute deposition of plaintiff on the topic of the phone call to the D.A.'s office.

#4 – There is a right to privacy protecting against "mischief" in the use of confidential information regarding why an employee was terminated. *See Payton v City of Santa Clara*, 132 Cal App 3d 152, 155 (1982). That concern does not apply here. Disclosing the justifications for employee terminations in legal proceedings is a common occurrence in litigation (*e.g.*, in employment discrimination cases regarding different treatment of different employees). Disclosing the information at issue here (presumably relevant discovery going to plaintiff's credibility) is justified. *See, e.g., Collier v. Windsor Fire Prot. Dist. Bd. of Directors*, No. C 08-2582 VRW, 2009 WL 10736652, at *5 (N.D. Cal. Sept. 30, 2009 (noting that "incursion[s] into individual privacy" can be justified by a compelling interest); *see also Silberg v. Anderson*, 50 Cal. 3d 205, 212 (1990), as modified (Mar. 12, 1990) (California litigation privilege, Cal. Civ. Code § 47, applies to "any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action."). California Code of Civil Procedure section 1985.6 governing subpoenas for "employment records" does not apply to or

preclude the testimony of plaintiff Williams in this matter regarding payments made to or the termination of the employee in question.

Defendants are allowed an additional 30 minutes to depose Ms. Williams on this topic.

**IT IS SO ORDERED.**

Dated: May 4, 2023



William H. Orrick
United States District Judge